**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR., on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, | No. 09 Civ. 1934<br><br>Hon. William J. Hibbler,<br>*Judge Presiding* |
| Plaintiffs, | |
| v. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |

**PLAINTIFFS' MOTION AND INCORPORATED
MEMORANDUM FOR APPOINTMENT OF INTERIM
<u>CO-LEAD PLAINTIFFS AND CLASS COUNSEL</u>**

Plaintiffs Joseph L. Diebold, Jr. and Paul J. Hundt ("Plaintiffs"), through undersigned counsel, respectfully move, pursuant to Federal Rule of Civil Procedure 23(g)(3), for an order appointing:

(1) Plaintiffs Joseph L. Diebold, Jr. and Paul J. Hundt as Interim Co-Lead Plaintiffs for the proposed Class;

(2) the law firms of Bailey & Glasser, LLP ("Bailey"), Berger & Montague, P.C. ("Berger") and Fishman Haygood Phelps Walmsley Willis & Swanson, LLP ("Fishman") as Interim Co-Lead Class Counsel for the proposed Class.

This action concerns losses incurred in the securities lending program managed by Defendants Northern Trust Investment, N.A. and The Northern Trust Company (collectively, "Defendants") by a proposed Class of pension and 401(k) plans governed by the Employee

Retirement Securities Act of 1974 ("ERISA"). The interests of the members of the proposed Class would best be served by the organizational structure proposed in this motion.

Attorneys at the three proposed Interim Class Counsel law firms have extensive experience in successfully litigating class action cases under ERISA as well as other complex and class action matters. All of these firms have already undertaken a lengthy, careful (and ongoing) investigation of the facts surrounding Defendants' misconduct and have already dedicated substantial time and resources to advancing this action. Proposed Interim Class Counsel have successfully pursued numerous ERISA class actions of similar scope and complexity from start to finish and have, collectively, collected hundreds of millions of dollars on behalf of ERISA plan participants — in addition to bringing about material structural improvements in employee benefit plans.

Accordingly, Plaintiffs respectfully submit that it would be in the best interests of the proposed class to appoint Plaintiffs Diebold and Hundt as Interim Co-Lead Plaintiffs and the Bailey, Berger and Fishman firms as Interim Co-Lead Counsel.

## BACKGROUND

On March 3, 2009, Plaintiff Joseph L. Diebold, Jr. filed a class action complaint in this Court on behalf of the participants, beneficiaries, and named fiduciaries of all 401(k) and pension plans governed by ERISA that invested or maintained investments in any collective trusts managed or operated by the Defendants that engaged in the practice known as "securities lending" from 2007 to the present. On December 3, 2009, Plaintiffs filed an amended complaint (the "Complaint"), which included additional factual allegations and added Paul J. Hundt as an additional Plaintiff.

Plaintiffs allege that Defendants breached their fiduciary duties established by ERISA when they recklessly engaged in securities lending for their own benefit and in an imprudent manner, subjecting Plaintiffs and the Class of similarly-situated ERISA plans to unreasonable risk of loss. The Complaint further alleges that the fees and other compensation Defendants collected in connection with their securities lending activities violated ERISA's prohibited transaction rules.

Defendants' securities lending program is currently the subject of three actions, in addition to the instant *Diebold* case, pending in this District:

1. *BP Corporation North America, Inc. Savings Plan Investment Oversight Committee v. Northern Trust Investment Oversight Committee v. Northern Trust Investments, N.A.,* No. 08-cv-6029 ("*BP*"), an individual action brought by a single corporate plan alleging violations of ERISA. *Diebold* has been reassigned as a case related to *BP*.

2. *Firefighters' Retirement System v. Northern Trust Investments, N.A.*, No. 09-cv-7203-WTH ("*Firefighters*"), a class action brought on behalf of non-ERISA plans that participated in Defendants' securities lending program; plaintiff in *Firefighters' Retirement* is seeking reassignment to this Court as a case related to the instant *Diebold* case and *BP;*

3. *Public School Teachers' Pension & Retirement Fund of Chicago, et al. v. Northern Trust Investments, N.A., et al.,* No. 10-cv-619-RRP ("*Chicago Teachers*"), a class action brought on behalf of non-ERISA plans that participated in Defendants' securities lending program; plaintiff in *Public School Teachers'* is seeking reassignment to this Court as a case related to the instant *Diebold* case and *BP*.

Unlike the *Firefighters' Retirement* and *Public School Teachers'* actions, the instant *Diebold* case involves losses sustained by pension and 401(k) plans governed by ERISA. Unlike the *BP* case, this action seeks to protect the interests of all ERISA plans injured by Defendants' breaches under ERISA.

The Bailey, Berger and Fishman firms are all accomplished, nationally-recognized firms with extensive ERISA, class action and complex litigation experience. As a team, they possess

3

the resources, experience and expertise that is necessary to litigate this matter forcefully, effectively and efficiently.

## DISCUSSION

### A. The Named Plaintiffs Should Serve As Lead Plaintiffs.

Proposed Lead Plaintiff Joseph Diebold is a participant in the Exxonmobil Savings Plan. Complaint ¶ 13. Through his plan, Plaintiff Diebold invested in an S&P 500 Fund that suffered losses as a result of Defendants' breaches of their fiduciary duties and violations of ERISA's prohibited transaction rules. *Id.* Proposed Lead Plaintiff Paul J. Hundt is a participant in the Texas Instruments 401(k) Savings Plan. *Id.* ¶ 14. Through his plan, Plaintiff Hundt invested in the Aggregate Bond Index Fund, the Daily Russell 2000 Index Fund and the Daily Russell 1000 Growth Equity Index Fund that suffered losses as a result of Defendants' breaches of their fiduciary duties and violations of ERISA's prohibited transaction rules. *Id.*

The retirement plans in which Plaintiffs Diebold and Hundt participated are both governed by ERISA. Both plans invested significant portions of their assets in collective trusts offered or managed by Defendants and both suffered losses as a result of Defendants' imprudence. *See* Complaint at ¶ 1. There are several hundred other ERISA plans that participated in Defendants' defective securities lending program. Each of those plans was injured in precisely the same way as the named Plaintiffs' plans were injured. Plaintiffs, the two individuals who have come forward to challenge Defendants' misconduct, seek to be appointed as Interim Co-Lead Plaintiffs in order to represent the interests of all of the ERISA plans that suffered similar losses. As both named Plaintiffs have demonstrated their willing to confront the challenges of litigation on behalf of a Class of participants, they should be appointed as Interim Co-Lead Plaintiffs in order to advance this litigation.

**B.     Appointment of Interim Co-Lead Counsel Under Rule 23(g) Is Needed To Protect The Interests of the Class.**

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action" so that there is a leadership structure in place to "coordinate prosecution of the litigation." *See In re Bank of Am. Corp. Sec., Deriv., and ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009). Although the rule does not provide a standard for determining when interim counsel should be appointed, courts have relied on the Advisory Committee Notes to the 2003 Amendments to the Federal Rules to determine when interim counsel is needed to protect the interests of a putative class. *See Donaldson v. Pharmacia Pension Plan,* 2006 WL 1308582 at *1 (S.D. Ill. May 10, 2006) ("The type of situation in which interim class counsel is appointed is one in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members"); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57-58 (E.D.N.Y. 2006).

Courts routinely appoint interim lead counsel even when there are not duplicative or competing class suits, but more than one firm named in the pleadings as representing the putative class. *See Southeast Mo. Hosp. v. C.R. Bard, Inc.*, No. 1:07cv0031-TCM, 2007 U.S. Dist. LEXIS 86392 (E.D. Mo. Nov. 21, 2007) (appointing interim lead counsel to clarify who bears responsibility for protecting the interests of the putative class); *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341-JSW, 2008 WL 4820752 (N.D. Cal. Nov. 3, 2008) (appointing three firms as co-lead interim counsel); *See In re AXA Wage & Hour Litig.*, No. C 06-04291-JSW, 2007 WL 4145116 (N.D. Cal. Nov. 19, 2007) (appointing two firms as interim co-lead counsel when there were no competing applicants).

Here, appointment of Interim Co-Lead Class Counsel is necessary to provide leadership to the Class so that, among other things, a unified, coherent response to Defendants' pending motion to dismiss can be presented to the Court. Courts within this Circuit recognize that "interim counsel may be necessary to 'make or respond to motions before certification.'" *Donaldson*, 2006 WL 1308582 at *1 (*citing* Fed. R. Civ. P. 23 Advisory Committee's Note); *see also Manual for Complex Litigation* (4th ed. 2009) (the "*Manual*") § 21.11 ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement"). After responding to those motions, Interim Co-Lead Counsel will be needed to coordinate discovery and conduct any settlement negotiations with Defendants.

C. **The Bailey, Berger and Fishman Firms Are Best Qualified Under The Relevant Standards And Should Be Appointed Interim Class Counsel.**

"Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel." *Hill v. The Tribune Co.,* 2005 WL 3299144 at *3 (N.D. Ill. Oct. 13, 2005). Those criteria are "the work counsel has done in identifying and investigating potential claims in the action, counsel's experience in handing class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class." *Id.* at *3-4 (*citing* Fed. R. Civ. P. 23(g)(1)(C)). As stated in the *Manual*, in determining lead counsel, a court should "conduct an independent review . . . to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* § 10.22.

Specifically, when appointing lead counsel, the court must consider the following four factors:

    (i)     the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

    (iii)   counsel's knowledge of the applicable law; and

    (iv)   the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Cognizant of these principles, Plaintiffs propose that the Bailey, Berger and Fishman firms serve as Interim Co-Lead Class Counsel on behalf of the proposed Class. Under this structure, Bailey, Berger and Fishman would be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation including:

> formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. . . . in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 10.221. The Bailey, Berger and Fishman firms would also be charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication.

### 1. The Law Firms Have Demonstrated their Commitment to Identifying and Investigating the Potential Claims at Issue.

The detailed Complaint filed by the Bailey, Berger and Fishman firms demonstrates that these firms have already undertaken a significant investigation into the Class members' claims in order to advance this litigation. These firms have already devoted significant time and resources to the case and interests of the proposed class. Thus, these firms easily satisfy the first Rule 23(g) factor. All have already undertaken substantial steps in investigating and prosecuting this action. This first factor therefore strongly militates in favor of appointing the Bailey, Berger and Fishman firms as Interim Co-Lead Class Counsel.

Prior to filing the initial and amended class action complaints in this matter, all of the law firms successfully coordinated their efforts and dedicated substantial resources toward investigating the misconduct at issue in this case, which involves complex and secretive financial transactions. Specifically, the three proposed Interim Class Counsel firms worked together to procure and review numerous publicly available documents relating to the relevant collateral funds, securities lending program and the ERISA plans in the proposed class. In their pre-Complaint investigation, counsel secured and reviewed numerous publicly-available relevant media reports and filings made to the United States Securities and Exchange Commission ("SEC") related to the allegations in this case, they interviewed plan participants, and they have retained the services of an expert in securities lending to assist their investigation of this matter.

As a result, the class action Complaint filed by Plaintiffs alleged, in as much detail as possible from the available materials, Defendants' breaches of their fiduciary duties and their other violations of ERISA. Since filing the Complaint, the Bailey, Berger and Fishman firms have been working together to oppose the pending motion to dismiss the Complaint. They are

also preparing relevant discovery and expert materials. Counsel's investigation of Defendants' wrongdoing continues.

Based on the firms' experience with their investigation and prosecution of this case thus far, these firms fully understand the substantial investment of time and resources necessary to pursue and lead ERISA class action litigation concerning Defendants' securities lending practices efficiently and effectively. The firms are fully committed to making the necessary financial commitments and time investment in this litigation to see it through to a successful conclusion.

### 2. The Bailey, Berger and Fishman Firms Are Veteran Class Action and Complex Litigation Practitioners With Substantial Experience in the Field, Well-Versed In the Applicable Law, and Duly Prepared to Pursue the ERISA Class Claims Asserted In This Case

The second Rule 23(g)(1)(c) factor — counsel's experience in handling class actions, other complex litigation, similar claims and knowledge of applicable law — also weighs heavily in favor of appointing the Bailey, Berger and Fishman firms as Interim Co-Lead Class Counsel. As fully detailed in the firms' respective firm resumes, attached as Exhibits A, B and C, respectively, to the Declaration of Gregory Y. Porter, all three firms have extensive experience in class actions and other complex litigation, and attorneys at all three firms have litigated ERISA breach of fiduciary duty claims like those asserted in this case and have comprehensive knowledge of the applicable law.

#### a. Bailey & Glasser, LLP

The Bailey firm brings a trial-focused litigation approach to its wide-ranging and successful ERISA and class action practices. Bailey attorneys have extensive ERISA experience, including trial experience, having served as lead or co-lead counsel for plaintiffs in *In re CMS ERISA Litig.*, 02-CV-72834 (E.D. Mich.) and *Sherrill v. Federal-Mogul Corp. Ret.*

*Programs Comm.*, 04-CV-72949-AC (E.D. Mich.). The Bailey firm currently represents plaintiffs in several putative ERISA class actions including *David v. Alphin*, 07-00011 (W.D.N.C.); *Leber v. CitiGroup,* 07-09329 (S.D.N.Y.); *Zang v. Paychex*, 08-04546 (D. Minn. ); *Harris v. Koenig*, 02-00618 (D.D.C.O; and *Gipson v. Wells Fargo*, 08-04546 (D. Minn.) and supports lead counsel in several other cases alleging imprudent investment in plan sponsor stock. Bailey brings a unique perspective to representing plaintiffs in ERISA class actions because its principal ERISA attorney represented defendants in several of the earliest cases involving imprudent investments in plan sponsor stock, including *Koch v. Dwyer*, No. 98-CV-5519 (S.D.N.Y.); *Tittle v. Enron*, No. 01-CV-3913 (S.D. Tex.); *Rankin v. Rots*, No. 02-CV-71045 (E.D. Mich.); and *Blyler v. Agee*, No. CV 97-332 (BLW) (D. Idaho). Bailey serves or has served as lead counsel in numerous class action cases including: *Cummins v. H & R Block*, C.A. No. 03-C-134 (Cir. Court Kanawha County, W. Va.) (multi-state settlement of $52.5 million); *State ex rel. Darrell McGraw v. Microsoft Corp.*, C.A. No. 01-C-197 (Circuit Court of Boone County W. Va.) (*parens patriae* antitrust and consumer protection action settled for $21 million value); *Brailsford v. Jackson Hewitt Inc.*, Case No. 06-00700 (N.D. Cal).

      **b.**     **Berger & Montague, P.C.**

Berger is one of the country's preeminent class action firms and has recovered billions of dollars on behalf of classes it has represented since the firm's inception. Berger has been engaged in the practice of complex and class action litigation from its Philadelphia-based office for more than 35 years. The firm has been recognized by numerous courts throughout the country for its ability and experience in handling major complex litigation particularly in the fields of securities, antitrust, ERISA, mass torts, civil and human rights and consumer litigation.

The Berger firm has taken a leading role in ERISA class action suits and has obtained substantial recoveries in the field. For example, the firm served as co-lead counsel in *In re Lucent Technologies, Inc. ERISA Litigation*, Civil Action No. 01-cv-3491 (D.N.J.) and recovered $69 million on behalf of participants in the Lucent 401(k) plan for breaches of fiduciary duty. Likewise, in *In re SPX Corporation ERISA Litigation,* No. 3:04-cv-192 (W.D.N.C.), the firm secured a recovery in the amount of approximately 90% of estimated losses after attorneys fees and expenses.

The firm also achieved settlements under ERISA for over $114.5 million for retirees whose health benefits were terminated in *In re Unisys Corp. Retiree Medical Benefits* (MDL No. 969; E.D. Pa. 1998), and represented a class of retired Campbell Soup employees in an a ERISA class action to preserve and restore retiree medical benefits and obtained a class settlement valued at $114.5 million. *Local 56 U.F.C.W. v. Campbell Soup Co.* (No. 93-MC-276 (SSB)(D.N.J. 1984)). Berger currently serves as co-lead counsel for ERISA class action cases in *In re Nortel Networks ERISA Litigation*, Civil Action No. 01-cv-1855 (M.D. Tenn.); *In re Wal-Mart Wage & Hour Employment Practices Litigation (King v. Wal-Mart),* Case 2:06-cv-00225-PMP-PAL MDL 1735 (D. Nev.); and *In re UBS ERISA Litigation*, Civil Action No. (S.D.N.Y.). Additionally, attorneys at the Berger firm have extensive and wide-ranging experience in dozens of precedent setting complex securities class action, antitrust, employment, insurance, human rights, environmental and consumer class action cases.

   c.   **Fishman Haygood Phelps Walmsley Willis & Swanson, LLP**

Since the firm was founded over 10 years ago, Fishman Haygood has had a nationwide complex litigation practice. Fishman attorneys have extensive experience representing both

plaintiffs and defendants in securities, ERISA and antitrust class actions. They also have represented hundreds of investors in mass actions involving fraud in their retirement accounts.

Fishman currently serves as lead counsel in two class actions arising out of faulty advice to retire in *Lawton v. Isabella*, Civil Action No. 08-CV-6197 (W.D. NY); and *Romano v. Kazacos*, Civil Action No. 08-CV-6196 (W.D.N.Y). It is on the steering committee in a nationwide antitrust action, *In re: Cox Enterprises, Inc., Set-Top Cable Television Box*, Civil Action No. 09-ML-02048 (W.D. Okla.). It also is currently defending a securities fraud case in *Romero v. US Unwired, Inc., et al*, Civil Action No. 2:04-CV-02312 (E.D. La.).

In the past, it has successfully defended several class actions including *Unger v. Amedisys, Inc.*, 401 F.3d 316 (5th Cir. 2005), *In Re: OCA, Inc. Securities and Derivative Litigation,* Civil Action No. 05-2165 (S.D.N.Y.); and *In Re: Kaiser Plant Explosion at Gramercy,* Civil Action No. 25,975 (23rd JDC, Parish of St. James, State of Louisiana). Additionally, Fishman served as counsel for a mass action involving retirement funds that resulted in one of the largest verdicts ever given in FINRA arbitration. *See Adams v. Securities America,* (FINRA Arbitration Case No. 03-05687).

### C. The Bailey, Berger and Fishman Firms Have the Resources Necessary to Represent the Proposed Class.

Rule 23(g)(1)(A)'s final factor concerns the resources counsel will commit to the case. Again, this factor strongly supports the appointment of the Bailey, Berger and Fisher firms as Interim Co-Lead Class Counsel. As demonstrated by the excellent results all three firms have achieved in prior cases, all three firms are committed to providing the resources that are required to prosecute this litigation through all phases, including rigorous motion practice, discovery, class certification, trial and appeal. All three are well-established and successful with the requisite level of resources and personnel sufficient to prosecute successfully a case of this

magnitude. All three have proven track records in successfully managing ERISA and other complex cases. All three have already devoted substantial and demonstrable time, energy and financial resources to the investigation and initial litigation of this case. Each firm can be relied upon to dedicate the resources necessary to represent zealously the interests of the Class of Plans at issue in this action.

## CONCLUSION

Every consideration set forth in Rule 23(g)(1)(c) weighs strongly in favor of appointing Bailey & Glasser, LLP, Berger & Montague, P.C. and Fishman Haygood Phelps Walmsley Willis & Swanson, LLP as Interim Co-Lead Class Counsel for the proposed Class of ERISA plans injured by the conduct at issue in the instant *Diebold* case, in addition to appointing named Plaintiffs as Interim Co-Lead Plaintiffs.

Dated: April 6, 2010                                            Respectfully submitted,

                                                                BAILEY & GLASSER LLP

                                                                By: /s/Elizabeth Hoskins Dow
                                                                Elizabeth Hoskins Dow
                                                                BAILEY & GLASSER LLP
                                                                1003 Western Avenue
                                                                Joliet, IL 60435
                                                                Tel: (815)740-4034
                                                                Email: ldow@baileyglasser.com

Todd S. Collins
Shanon J. Carson
Ellen T. Noteware
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3040
Fax: (215) 875-4604

Joseph C. Peiffer
FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170-4600
Tel: (504) 586-5259
Fax: (504)586-5250

Lynn L. Sarko
Derek W. Loeser
Laura R. Gerber
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Brian A. Glasser
Michael L. Murphy
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110

Gregory Y. Porter
BAILEY & GLASSER LLP
910 17th Street, N.W.
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103

Micah Dortch
COOPER & SCULLY, P.C.
900 Jackson St. #100
Dallas, TX 75202
Tel: (214) 712-9500
Fax: (214) 712-9540


Mr. Harry Susman
SUSMAN GODFREY
1000 Louisiana, Suite 5100
Houston, TX  77002-5096
Tel: (713) 653-7875
Fax: (713) 654-6686

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing **"Plaintiffs' Motion and Incorporated Memorandum for Appointment of Interim Co-Lead Plaintiffs and Class Counsel"** was served upon counsel of record as listed below via the Court's electronic filing system on this the 6th day of April, 2010:

    Caryn Jacobs, Esq.
    John J. Tharp, Esq.
    Mayer Brown LLP
    71 S. Wacker Drive
    Chicago, Illinois 60606-4637

    Todd M. Schneider
    SCHNEIDER WALLACE COTTRELL
     BRAYTON KONECKY LLP
    180 Montgomery Street, Suite 2000
    San Francisco, CA 94104
    Tel: (415) 421-7100
    Fax: (415) 421-7105

    Garrett W. Wotkyns
    SCHNEIDER WALLACE COTTRELL
     BRAYTON KONECKY LLP
    7702 E. Doubletree Ranch Road, Suite 300
    Scottsdale, AZ 85258
    Tel: (480) 607-4368
    Fax: (480) 348-3999

    Todd S. Collins
    Shanon J. Carson
    Ellen T. Noteware
    BERGER & MONTAGUE, P.C.
    1622 Locust Street
    Philadelphia, PA 19103
    Tel: (215) 875-3040
    Fax: (215) 875-4604

    Joseph Peiffer
    FISHMAN HAYGOOD PHELPS
     WALMSLEY WILLIS & SWANSON, L.L.P.
    201 St. Charles Avenue - Suite 4600
    New Orleans, LA 70170-4600
    Tel: (504) 586-5252
    Fax: (504) 586-5250

Lynn L. Sarko
Derek Loeser
Laura Gerber
KELLER ROHRBACK
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Micah Dortch
COOPER & SCULLY, P.C.
900 Jackson St. #100
Dallas, TX 75202
Telephone: (214) 712-9500
Fax: (214) 712-9540
Micah.Dortch@cooperscully.com

Mr. Harry Susman
SUSMAN GODFREY
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 653-7875
Fax: (713) 654-6686
HSUSMAN@susmangodfrey.com

/s/Elizabeth Hoskins Dow
Elizabeth Hoskins Dow, #6216262