UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, | ) ) ) ) ) ) | CIVIL ACTION NO. 09-CV-1934<br><br>Hon. Charles Norgle<br>Hon. Susan E. Cox |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

**JUDGMENT ON STIPULATION AND AGREEMENT
OF SETTLEMENT OF CLASS ACTION**

WHEREAS, (a) plaintiffs Joseph L. Diebold, Jr. ("Diebold"), on behalf of himself and the ExxonMobil Savings Plan, and Paul J. Hundt ("Hundt"), on behalf of himself and the Texas Instruments 401(k) Savings Plan (collectively, the "Settling Plaintiffs"), each of the foregoing on behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or "Defendants") have entered into a Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of all claims asserted in the above-referenced litigation (the "Action") against Defendants by Settling Plaintiffs and the other Settlement Class Members on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated March 17, 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily certified the Settlement Class for settlement purposes; (b) preliminarily approved the proposed Settlement of part of this Action; (c) provided, in compliance with the Illinois Banking Act, for certain notice of disclosure of certain financial information about Settlement Class Members to be provided to such Settlement Class Members pursuant to the Illinois Banking Act, and ordered disclosure of such information to the Settlement Administrator and, as appropriate, Settling Plaintiffs' Counsel, after such notice was given; (d) established a plan for notice of the Settlement and providing Settlement Class Members with an opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) appointed a Settlement Administrator;

WHEREAS, by Order dated March 18, 2015, this Court scheduled a hearing regarding final approval of the Settlement and Co-Lead Counsel's motion for fees and Litigation Expenses and Incentive Awards;

WHEREAS, due and adequate notice has been given to the Settlement Class as directed by the Preliminary Approval Order;

[WHEREAS, the Court has reviewed and considered all timely objections to the Settlement and other matters timely brought to the Court's attention by Settlement Class Members;]

WHEREAS, the Court conducted a hearing on August 5, 2015 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and should therefore be approved; and (ii) whether a judgment should be entered dismissing with prejudice, as described more fully herein, all claims asserted in the Action against Defendants by the Settling Plaintiffs and other Settlement Class Members; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement [including all objections thereto], the reports of the Independent Fiduciary, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 18, 2015 and attached hereto as Exhibit A; and (b) the Banking Notice, the Cover Letter, the Settlement Notice and the Summary Notice, each of which were filed with the Court on February 18, 2015.

3. **Class Certification for Settlement Purposes:** The Court hereby affirms and finalizes its determinations in the Preliminary Approval Order certifying, solely for purposes of the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure with respect to the Settlement Class consisting of all entities that are governed by ERISA and that participated in Indirect Lending during the Settlement Class Period (*i.e.*, the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been

damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in the Action and from fees charged to the Commingled Lending Funds at issue in this Action. Excluded from the Settlement Class are (i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund. [Also excluded from the Settlement Class are the entities listed on Exhibit B hereto that are excluded from the Settlement Class pursuant to request.]

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as class representatives for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class. Named Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:** The Court finds that the dissemination of the Banking Notice, Cover Letter and Settlement Notice, the publication of the Summary Notice, and the disclosure of information pursuant to the Banking Notice: (i) were implemented in accordance with the Preliminary Approval

Order (and, as to the Banking Notice, in accordance with the Illinois Banking Act); (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases provided for therein), of the proposed Plan of Allocation, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

6. *[In the event any objections are filed.]* [**Objections**: The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Settlement Class Released Claims as against the Defendants' Releasees and the Defendants' Released Claims as against the Settling Plaintiffs' Releasees; and the dismissal with prejudice of the claims asserted in

the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Settling Plaintiffs and the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. Subject to paragraph 17 herein, as of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), any and all of the claims asserted in the Action against Defendants by Settling Plaintiffs and Settlement Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect:** Subject to paragraph 17 herein, the terms of the Stipulation and of this Judgment (including the releases set forth in paragraph 10 herein) shall be forever binding on Defendants, Settling Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member seeks or obtains a distribution from the Net Settlement Fund, exercises its right to Challenges, or objects to disclosure of its Investment Data to the Settlement Administrator and Settlement Class Counsel), as well as their respective heirs, executors, administrators, predecessors, successors, assigns, and members of their Immediate Families.

10. **Releases:** The releases set forth in Paragraphs 4 and 5 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Settling Plaintiffs and the Settlement Class Members, on their own behalf; and on behalf of all persons or entities (including pension, retirement, savings, and 401(k) plans, systems, and funds) on whose behalf each of the foregoing has standing to assert, individually or collectively, in full or in part, any Settlement Class Released Claims; and on behalf of each of all of

the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries and members; and on behalf of each of all of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf any Settling Plaintiff or Settlement Class Member, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Settlement Class Released Claims as against each and all of the Defendants' Releasees; and (b) to be forever enjoined from asserting or prosecuting any Settlement Class Released Claims as against each and all of the Defendants' Releasees. This Release shall not apply to any Non-Settled Claim; and

   (b) Defendants, on their own behalf; and on behalf of all persons or entities on whose behalf any of the Defendants has standing to assert, individually or collectively, in full or in part, any Defendants' Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future fiduciaries, beneficiaries, members, participants, affiliates, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Defendants' Released Claim on behalf of any Defendant, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Defendants' Released Claims as against each and all of the Settling Plaintiffs and the Settling Plaintiffs' Releasees; and (b) to be forever

7

enjoined from asserting or prosecuting any Defendants' Released Claims as against each and all of the Settling Plaintiffs and the other Settling Plaintiffs' Releasees. This Release shall not apply to Defendants' Reserved Claims [or to any entities listed on Exhibit B hereto that are excluded from the Settlement Class pursuant to request].

11. No person or entity shall have any claim or cause of action, however denominated, whatsoever against the Defendants' Releasees, or their counsel, arising from or related to any distributions made, or not made, from the Settlement Fund, and any such claims or causes of action, however denominated, are fully and finally released and discharged.

12. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action.

13. **No Admissions:** Neither this Judgment; nor the Preliminary Approval Order; nor the Settlement; nor the Stipulation including the exhibits thereto and the Plan of Allocation appended to the Settlement Notice (or any other plan of allocation that may be approved by the Court); nor the Supplemental Agreement; nor the selection, actions, or findings of the Independent Fiduciary; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments); nor any negotiations, discussions, drafts, exchange of information or

documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, ERISA violation, breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, ERISA violation, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of

9

damages that would have been recoverable in this Action or any litigation; or in any way referred to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered by the Settlement Class after trial with respect to their claims;

provided, however, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses and/or for Incentive Awards to the Settling Plaintiffs by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Settlement Class Members for all matters relating to the Settlement, including resolution of Challenges; and (g) the Settlement for all other purposes.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

Expenses and for Incentive Awards to the Settling Plaintiffs. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of Settlement Agreement:** Without further approval from the Court, Settling Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Settling Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

18. **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

SO ORDERED this _____ day of _____, 2015.

_____
The Honorable Susan E. Cox
United States Magistrate Judge

**Exhibit A**

**[Stipulation]**

12

**Exhibit B**

**[List of Entities Excluded Pursuant to Request]**