UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 09-CV-1934<br><br>Hon. Charles Norgle |

**DECLARATION OF GREGORY Y. PORTER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR AN ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING A PLAN OF ALLOCATION OF THE SETTLEMENT PROCEEDS**

Gregory Y. Porter declares as follows:

1. I am a partner in the law firm of Bailey & Glasser, LLP. I submit this declaration in support of Plaintiffs' unopposed motion for an order granting final approval of class action settlement and approving a plan of allocation of the settlement proceeds (the "Motion").

2. My firm served as one of three Co-Lead Counsel in this lawsuit. I have been and continue to be involved in all aspects of this litigation, including settlement administration and notice.

3. Defendants' Counsel informed me that Defendants timely sent the Banking Notice to Identified Settlement Class Members, per paragraphs 8(a) and 9 of the Preliminary Approval

Order ("PAO").

4. Mailing of Class Notice was delayed by three days because of errors in the class member data supplied by Defendants. Specifically, several Class Members were wrongly classified as class members in the Firefighters Action, and one class member of the Firefighters Action was erroneously classified as an ERISA plan. Sincavage Dec. ¶6. These misclassifications required Plaintiffs to recalculate the settlement proceed percentages allocated to the various commingled Lending Funds under the Plan of Allocation as well as to revise the tables in the Class Notice accordingly. I and Todd Ehlman, representing Defendants, informed the Court via conference call that the data errors would cause a short delay in mailing notice. Plaintiffs have no reason to believe that any Class Members were prejudiced by the short delay in sending notice.

I declare, under penalty of perjury, that the foregoing facts are true and correct. Executed on June 19, 2015.

      /S/Gregory Y. Porter
Gregory Y. Porter
Bailey & Glasser LLP
910 17th Street, Suite 800
Washington, DC 20006
gporter@baileyglasser.com
202-285-5522