**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

JOSEPH L. DIEBOLD, on behalf of the EXXON MOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN and all others similarly situated,

Plaintiffs,

v.

NORTHERN TRUST INVESTMENT, N.A. and the NOTHERN TRUST COMPANY

Defendants.

CIVIL ACTION NO. 09-CV-1934

Hon. Charles Norgle
Hon. Susan E. Cox

**DECLARATION OF EDWARD J. SINCAVAGE**
**REGARDING DISSEMINATION OF SETTLEMENT NOTICE TO THE CLASS**

I, Edward J. Sincavage, declare under penalty of perjury that the following is true and correct.

**1.** I have personal knowledge of the matters set forth herein. If called upon as a witness, I could and would competently testify to these matters.

**2.** I am a Partner of Heffler Claims Group ("Heffler"), the main offices of which are at Suite 1700, 1515 Market Street, Philadelphia, Pennsylvania 19102.

**3.** Heffler performed the services listed herein under my supervision. Heffler's services were performed pursuant to the Order: (1) Preliminarily Certifying Settlement Class; (2) Preliminarily Approving Proposed Settlement Of Class Action; (3) Establishing A Plan For Notice Of The Settlement And Providing Class Members With An Opportunity To Exclude

Themselves From Or Object To The Settlement; (4) Appointing A Settlement Administrator; And (5) Providing For The Scheduling Of A Settlement Hearing And Hearing On Co-Lead Counsel's Motion For Fees And Litigation Expenses And Incentive Awards (the "Notice Order") Filed March 17, 2015 (Dkt. No. 260). Among other things, the Notice Order stated that Co-Lead Counsel for the Class was authorized to retain Heffler as Settlement Administrator to supervise and administer the Settlement. (Notice Order ¶ 7). Attached as Exhibits 2 and Exhibit 3 (Docket #260-1 and 260-3) to the Notice Order were copies of the proposed "Cover Letter" and "Notice of (1) Preliminary Certification of Settlement Class, and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Incentive Awards" (together the "Settlement Notice Packet").

**4.** Heffler performed the services listed in paragraphs 5 to 9 below in order to disseminate the Settlement Notice Packet to the Class under the direction Co- Lead Counsel for the Class. A copy of the printed Settlement Notice Packet mailed by Heffler and posted on its website (as described below) is attached hereto as Exhibit A.

**5.** On April 23, 2015, Heffler received via an email from Defendants' Counsel an Excel file containing a Mailing List tab comprised of a total of 1,413 lines of names and address and other informational data records of potential Diebold Class Members who participated in Indirect Lending during the Class Period, from January 7, 2007 through October 31, 2010, the Settlement Class Period. The Mailing List contained multiple duplicate names and address records (or contact persons) for the identified Class Members as each member could have invested in more than one Fund and each record line contained a different Fund Trust number invested in by the entity. Also in the Excel file was an Investment Data tab which contained the

investment data to be merged and pre-printed in the Cover Letter.

**6.** Subsequent to receiving the Mail List, Co-Lead Counsel for Diebold and working in conjunction with the Firefighters' Co-Lead Counsel determined that seven (7) records should be moved from Firefighters to the Diebold Class list and one (1) record should be moved from the Diebold to the Firefighters Class list. Heffler made these changes prior to the mailing of the Settlement Notice Package.

**7.** Heffler matched the investment data to the 1,413 Mail List Records and determined that there were 557 unique Class Members along with 6 records that had more than one contact name for the unique Class Member record. These additional 6 contacts were sent separate Settlement Notice Packets.

**8.** Thus, as indicated in paragraphs 5 through 7 above, on May 15, 2015, Heffler mailed or arranged to be mailed a total of 563 Settlement Notice Packets via first-class mail to Class Members and potential members of the Class.

**9.** Subsequent to the May 15, 2015, one Class Member contacted Heffler and asked that Settlement Notice Packets be re-mailed to three persons in her organization and to remove the contact person in our Mail List and replace the old contact name with the three names provided. Heffler re-mailed three copies of the Settlement Notice Packet on May 29, 2015 to the contact names provided.

**10.** Heffler received two (2) changes of address from Class Members subsequent to the May 15, 2015 mailing. These addresses were updated in our Master Mail List.

**11.** As of today's date, Heffler received a total of 28 Settlement Notice Packets returned as undeliverable. These 28 returned Settlement Notice Packets were recorded in our Master Mail List file. To date, Heffler was able to locate potential updated addresses for 25 of

the 28 Class Members whose Settlement Notice Packets were returned as undeliverable. Settlement Notice Packets were re-mailed to the 25 updated addresses. To date, the Settlement Notice Packets Mailings to the 25 updated addresses have not been returned a second time as undeliverable. Heffler will continue to search for updated addresses for any Settlement Notice Packets returned as undeliverable.

**12.** Pursuant to paragraph 8(e) of the Notice Order, Heffler Media LLC, an affiliate of Heffler, caused the Summary Notice to be published in the national edition of *The Wall Street Journal* and the *PR Newswire*, both on May 28, 2015. Attached hereto as Exhibit B is a copy of the Affidavit from the Advertising Clerk of the Publisher of *The Wall Street Journal,* confirming that the Summary Notice was published on May 28, 2015 along with a copy of the Summary Notice as it appeared in the printed national edition of *The Wall Street Journal.* Attached hereto as Exhibit C is a copy of the Press Release Clear Time Confirmation from *PR Newswire* confirming the public dissemination release of the Summary Notice along with a copy of the Release.

**13.** Heffler established and maintains a webpage on its case website, www.NorthernTrustERISAClassAction.com to provide additional information to potential Class Members and others about this litigation. The webpage contains for viewing, printing and/or downloading the following documents: (i) the Stipulation and Agreement of Settlement of Class Action, (ii) the Second Amended Complaint, (iii) the Preliminary Approval Order, (iv) the Settlement Notice, and (v) the Cover Letter Accompanying Settlement Notice. Class members and others also have the ability to contact Heffler with questions through the website's "Contact Us" link. To date, Heffler has had 136 visits to the website.

**14.** Pursuant to the Notice Order and the Settlement Notice Packet:

a) Class Members could submit an Investment Challenge by June 15, 2015. To date, Heffler has received one Investment Challenge. This Investment Challenge has been submitted to Co-Lead Counsel. In addition, a copy of the Investment Challenge was sent to Defendants' Counsel with a request to confirm the Investment Data for 2007 and to provide any additional information relevant to the Challenger's investments. Upon receipt and review of the requested data, Heffler will notify the challenger of the Challenge decision.

b) Class Members could file an objection by July 15, 2015. Any objection is to be filed with the Clerk's Office, a Representative of Co-Lead Counsel and Defendants' Counsel. To date, Heffler has not received any written objections.

c) Class Members could request exclusion from (*i.e.,* opt-out of) the Class by sending to Heffler a request for exclusion letter by July 15, 2015. As of today's date, Heffler has not received any requests for exclusion from Class Members.

d) Potential Class Members could file a Status Challenge by July 15, 2015 if the entity believes it may have been omitted or classified as a Settlement Class member in this Action as opposed to a settlement class member in the related Firefighters Action. To date, Heffler has not received any Status Challenges.

Dated: June 18, 2015

Edward J. Sincavage

Edward J. Sincavage

EXHIBIT A

*Diebold, et al. v. Northern Trust Investments, N.A., et al.*
Civil Action No. 09-1934
c/o Heffler Claims Group
P.O. Box 58100
Philadelphia, PA 19102-8100
(844) 271-4781

**PLEASE READ THIS LETTER AND THE ACCOMPANYING COURT-AUTHORIZED SETTLEMENT NOTICE CAREFULLY. THIS IS NOT A SOLICITATION**.

May 15, 2015

**ID Number: ___________**

Re: *Proposed Settlement of Above-Noted Class Action*

Dear «contactname»:

You are receiving this letter and the enclosed Settlement Notice because, as Northern Trust previously advised you, Northern Trust has, based on its records, identified «entityname» as a member of the Settlement Class preliminarily certified in the above-noted class action lawsuit (the "Action"). This means that «entityname» may be entitled to a share of the net proceeds of the proposed Settlement of certain claims in the Action for $36 million in cash, if the Settlement is approved by the Court. PLEASE READ THE ENTIRE ENCLOSED SETTLEMENT NOTICE PROMPTLY AND CAREFULLY, AS IT AFFECTS «ENTITYNAME»'s RIGHTS, CONTAINS IMPORTANT DEADLINES WITH RESPECT TO THE PROPOSED SETTLEMENT, AND DEFINES CERTAIN CAPITALIZED TERMS CONTAINED HEREIN.

As an Identified Settlement Class Member, «entityname» does not need to file a claim form or take any other action in order to be eligible to receive a distribution from the Settlement proceeds. Pursuant to procedures approved by the Court in this case, and as you were previously advised by Northern Trust would be done, Northern Trust has provided us with certain limited information concerning «entityname»'s investments that will be the basis upon which the Settlement Administrator will calculate its *pro rata* share of the Settlement proceeds. This information will be used only in connection with this Settlement.

The investment information provided to us is set forth in the following table:

| Commingled Lending Fund(s) in which «entityname» was invested on the Relevant Dates | | Relevant Dates | No. of Units Held |
|---|---|---|---|
| Fund Acct. No. | Fund Name | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

If you believe that any of the information in the table above is incorrect or that the information is incomplete, you have the right to challenge the information by making an "Investment Challenge." The instructions and the deadline for making such a challenge are set forth in paragraph 29 of the enclosed Settlement Notice. All challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

If, after reviewing this letter and the Settlement Notice, you have any questions regarding the proposed Settlement, please contact Settling Plaintiffs' Counsel at the addresses set forth in paragraph 48 of the Settlement Notice. Do not contact Northern Trust or the Court.

**Please Note**: All communications from you must always contain the "ID Number" assigned to «entityname» that appears at the top of this letter.

Very truly yours,

Heffler Claims Group

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

JOSEPH L. DIEBOLD, JR., on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated,

Plaintiffs,

v.

NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,

Defendants.

CIVIL ACTION NO. 09-Civ-1934

Hon. Charles Norgle
Hon. Susan E. Cox

**NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PRELIMINARY CERTIFICATION OF A SETTLEMENT CLASS AND OF SETTLEMENT OF CLASS ACTION:** This notice is to inform you that the parties to the above-captioned Class Action ("the Action") have reached a settlement of the Action, which provides for the payment by Defendants of a total of $36,000,000. This Settlement Notice is being sent to you because you have been identified by defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc.) and The Northern Trust Company ("NTC") (collectively to be referred to as "Northern Trust" or "Defendants") as a member of the Settlement Class (as defined in ¶ 11 below) that has been preliminarily certified by the Court. As such, your rights will be affected by the proposed settlement of the Action.[1]

The plaintiffs in the Action, who achieved the proposed Settlement on behalf of themselves, their respective plans, and the Settlement Class, are Joseph L. Diebold, Jr. ("Diebold") and Paul J. Hundt ("Hundt") (collectively, with their respective plans, the "Settling Plaintiffs"). In the Action, plaintiffs alleged, among other things, that Northern Trust violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") in connection with its securities lending program in which members of the Settlement Class participated indirectly by purchasing and/or holding units or interests in Northern Trust's Commingled Lending Funds (the universe of which is listed on Appendix 1 to this notice). If the Settlement becomes effective,[2] it will resolve all claims asserted on behalf of the Settlement Class in the Action in connection with Northern Trust's securities lending program.

---

[1] Any capitalized terms used in this notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation"), which is the controlling document with respect to the terms of the Settlement and is available at www.NorthernTrustERISAClassAction.com The Stipulation provides the controlling terms of the Settlement.

[2] Among others, one condition of the Settlement's becoming effective is that the proposed settlement of a related action must also be approved and that approval becomes Final. That related action is styled *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N.A.*, et al., Civil Action No. 09-7203, pending in the Court (the "Firefighters Action"), which asserts claims based on many of the same facts and circumstances underlying the claims in this Action, but on behalf of entities that are not subject to ERISA.

The Court has preliminarily approved the Settlement and has scheduled a hearing (the "Settlement Hearing") to be held on August 5, 2015 at 10:30 a.m before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1025, Chicago, IL, 60604. The purpose of the Settlement Hearing is to determine: (a) whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court; (b) whether the Action should be dismissed with prejudice and the Settlement Class Released Claims against Defendants and the other Defendants' Releasees should be settled and released as set forth in the Stipulation; (c) whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; (d) whether Co-Lead Counsel's motion on behalf of all Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards should be approved by the Court; and (e) any other relief the Court deems necessary to effectuate the terms of the Settlement. The Settlement and Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and Incentive Awards are discussed below at ¶¶ 13-23 and 31, respectively.[3] The proposed Plan of Allocation is set forth in Appendix 2 to this notice.

**The following table provides a brief summary of the rights you have as a Settlement Class Member and the relevant deadlines, which are described in more detail later in this notice. This notice also explains how you will be affected by the Settlement, whether or not you act. PLEASE READ THE NOTICE CAREFULLY AND IN ITS ENTIRETY.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SINCE YOU HAVE RECEIVED THIS NOTICE BY DIRECT MAIL, NO ACTION IS NECESSARY IN ORDER FOR YOU TO BE ELIGIBLE TO RECEIVE A PAYMENT.** | Since you have been identified as a member of the Settlement Class, under the terms of the proposed Settlement, you do not need to submit a claim form or take any other action in order to be eligible to receive a payment from the proceeds of the Settlement, if it is approved by the Court. As set forth in ¶¶ 27-30 below, Defendants have provided the Settlement Administrator with the investment information that is needed to calculate your *pro rata* share of the Net Settlement Fund. |
| **YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 15, 2015.** | You have the right to exclude yourself from the Settlement Class. If you do so, you will not be eligible to receive any payment from the Settlement Fund and you will not be bound by the terms of the Settlement. This is the only option that allows you to file or participate in any other lawsuit against Defendants or the other Defendants' Releasees (defined in note 7 below) concerning the Settlement Class Released Claims (defined in note 6 below). |

[3] Co-Lead Counsel, who have also been appointed by the Court to represent the Settlement Class, are: Bailey & Glasser LLP, c/o Gregory Y. Porter, 910 17th Street, NW, Suite 800, Washington, DC 20016, (202) 463-2101, gporter@baileyglasser.com; Berger & Montague, P.C., c/o Todd S. Collins, Ellen Noteware, 1622 Locust Street, Philadelphia, PA 19103, (215) 875-3000, tcollins@bm.net, enoteware@bm.net; and Peiffer Rosca Wolf Abdullah Carr & Kane, LLC, c/o Joseph C. Peiffer, 201 St. Charles Ave., Suite 4610, New Orleans, LA 70170, (504) 586-5270, jpeiffer@prwlegal.com.

| | |
|---|---|
| **YOU MAY OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JULY 15, 2015.** | You have the right, if you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, to write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense and Incentive Award request if you exclude yourself from the Settlement Class. |
| **YOU MAY GO TO A HEARING ON AUGUST 5, 2015 AT 10:30 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JULY 15, 2015.** | Filing a written objection and notice of intention to appear that is received by July 15, 2015 allows you to speak in Court, at the discretion of the Court, about your objection. You may, but you do not have to, attend the hearing. The Court will consider the objection whether or not you attend. |

**QUESTIONS ANSWERED BY THIS NOTICE**

Why Did I Get This Notice? Page 4

What Is This Case About? Page 4

Who Is Included In The Settlement Class? Page 5

What Are Settling Plaintiffs' Reasons For The Settlement? Page 6

How Are Settlement Class Members Affected By The Action And The Settlement? Page 6

How Much Will My Payment Be? Page 9

How Will I Receive Payment from the Settlement? Page 9

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? Page 10

What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? Page 10

When And Where Will the Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? Page 11

Can I See The Court File? Whom Should I Contact If I Have Questions? Page 13

## WHY DID I GET THIS NOTICE?

1. The Court has directed that this notice be mailed to you because Defendants have, based on their records, identified you as a member of the Settlement Class. As a member of the Settlement Class, you have a right to know how the proposed Settlement will affect your legal rights and what your options are before the Court rules on it. If the Court approves the Settlement, as well as the settlement in the Firefighters Action (see footnote 2 above), and any objections and appeals are favorably resolved, the Net Settlement Fund will be allocated among Settlement Class Members according to the Court-approved plan of allocation and the Settlement Class Members will release the Settlement Class Released Claims (defined in note 6 below) as against the Defendants' Releasees (defined in note 7 below).

2. A class action is a type of lawsuit in which the claims of many individuals or entities are resolved together, thereby allowing for the consistent resolution of the claims of all similarly situated persons and entities, *i.e.*, the "class" or "class members," in a single proceeding. In a class action, one or more persons or entities, called "named" and/or "lead" plaintiffs, sue on behalf of the class. Once the class is certified by the court as appropriate for class treatment, the court must resolve all issues covered by the certification on behalf of the class members, except for any persons or entities who choose to exclude themselves from the class. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page 10 below.)

3. In this Action, Diebold and Hundt are the named Plaintiffs who, on behalf of themselves and the ExxonMobil Savings Plan and the Texas Instruments 401(k) Savings Plan, respectively, have sued on behalf of the Settlement Class, and they are represented in the Action by Settling Plaintiffs' Counsel which include Co-Lead Counsel. Co-Lead Counsel have been appointed Class Counsel to represent the Settlement Class.

4. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available to you, and how you may get them. The purpose of this notice is to inform you of the fact that the Court has, for purposes of the Settlement only, preliminarily certified the Settlement Class with respect to claims against Defendants by Settlement Class Members.

5. The purpose of this notice is also to inform you of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards.

6. The issuance of this notice is not an expression of any opinion by the Court concerning the merits of the claims asserted in the Action, and the Court still has to decide whether to grant final approval of the Settlement. If the Court approves the Settlement and a plan of allocation, as well as the settlement in the related Firefighters Action (described in footnote 2 above), and any appeals that may be taken are resolved upholding approval of the settlements, then payments to Authorized Payees will be made. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

7. In this Action, Plaintiffs allege, among other things, that Defendants improperly invested collateral received to secure the loan of securities from the Commingled Lending Funds, and that Defendants had charged and collected impermissibly high securities lending fees from the Commingled Lending Funds. Plaintiffs allege that Defendants' alleged conduct gave rise to claims for breaches of fiduciary duty, and violations of ERISA's prohibited transaction rules. Defendants deny any wrongdoing; assert that at all times, they acted reasonably and prudently and in good faith and in

accordance with applicable law; have asserted numerous defenses and affirmative defenses to the claims; and state that they are entering into this Settlement to avoid the cost, disruption, and uncertainty of continued litigation.

8. The initial complaint was filed on March 30, 2009 by plaintiff Diebold. On December 3, 2009, plaintiffs Diebold and Hundt (jointly, "Plaintiffs") filed an Amended Class Action Complaint ("Amended Complaint"). Plaintiffs filed a Second Amended Class Action Complaint on October 1, 2012.

9. The parties have been litigating these claims for five years, during which time Plaintiffs have received extensive documentation regarding the asserted claims from Defendants. Further details explaining the history of the litigation and reasons for agreeing to the proposed Settlement will be set forth in the papers that Settling Plaintiffs will file with the Court on June 19, 2015, in support of their motion for final approval of the Settlement. Those papers will be posted on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com.

10. On March 17, 2015, the Court preliminarily certified the Settlement Class, preliminarily approved the Settlement, authorized this notice to be mailed to the Settlement Class Members as identified by Defendants. The Court has also scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

11. The Settlement Class preliminarily certified by the Court consists of:

> all entities that are governed by ERISA and that participated in Indirect Lending[4] during the Settlement Class Period (*i.e.*, the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in this Action and from fees charged to the Commingled Lending Funds at issue in this Action.

Excluded from the Settlement Class are: (i) persons or entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) above shall not receive any individual distributions from the Net Settlement Fund. Also excluded from the Settlement Class are any entities that exclude themselves by submitting a Request for Exclusion in accordance with the requirements set forth in this notice. *See* "What if I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page 10 below.

12. As noted above, this notice has been mailed to you because Defendants have identified you as a Settlement Class Member, which means that, if the Settlement is approved and becomes effective, you will be eligible to receive a portion of the Settlement proceeds without any further action on your part.

---

[4] "Indirect Lending" means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds," which engaged in securities lending. The universe of Commingled Lending Funds is listed on Appendix 1 to this notice.

## WHAT ARE SETTLING PLAINTIFFS' REASONS FOR THE SETTLEMENT?

13.     Settling Plaintiffs agreed to the Settlement mainly because it provides an immediate and substantial recovery for the benefit of the Settlement Class – $36 million in cash – paid into a Settlement Fund. If the Settlement is approved, the Settlement Fund, less certain costs, fees, expenses, and awards as set forth in ¶ 31 below, will be allocated among Settlement Class Members in accordance with the Plan of Allocation set forth in Appendix 2 to this Notice or such other plan of allocation as may be approved by the Court. As with any litigation, absent settlement, Settling Plaintiffs would face an uncertain outcome if the claims proceeded to a litigated resolution, including the risk of not prevailing at trial or on appeal. On the one hand, pursuing these claims could result in a verdict that would provide a greater recovery than the Settlement. On the other hand, continuing to prosecute these claims against Defendants could result in a verdict for less money than Settling Plaintiffs have obtained in the Settlement – or no recovery at all. The benefit of the Settlement must be compared to the risk that no recovery or a lesser recovery might be achieved with respect to the asserted claims after dispositive motions, a contested trial and likely appeals, possibly years into the future.

14.     Settling Plaintiffs and Settling Plaintiffs' Counsel believe that the claims asserted against Defendants in the Action have merit. They also recognize, however, that such claims and the numerous defenses Defendants have asserted in response to such claims involve complex legal and factual issues that may be difficult to prove at trial. Furthermore, even if liability is established, the parties disagree about the calculation of the damages resulting from Defendants' alleged misconduct; indeed, they disagree as to whether there were any damages at all resulting from Defendants' alleged misconduct. The parties also disagree as to whether the claims of the Settlement Class are appropriate for class certification. If the Settling Plaintiffs were unable to win their motion to certify the class for litigation, members of the Settlement Class other than the Settling Plaintiffs would be unable to benefit from any recovery achieved by Settling Plaintiffs. Each of these issues would have been vigorously disputed in pre-trial motions, at any trial, and through any likely post-verdict appeal. The Settlement enables the Settlement Class to recover on the claims asserted in the Action without any additional risk or costs.

15.     In light of the risks associated with a trial of the claims, the monetary amount of the Settlement, and the immediacy of this recovery to the Settlement Class, Settling Plaintiffs and Settling Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

16.     Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit. Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden and expense of protracted litigation of the claims asserted on behalf of the Settlement Class.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

17.     As a Settlement Class Member, you are represented by Settling Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys

listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

18. If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

19. If you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

20. If you remain in the Settlement Class, you will be bound by any orders issued by the Court concerning the Settlement. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will provide that, upon the Effective Date of the Settlement, Settling Plaintiffs and the Settlement Class Members, on their own behalf and on behalf of various others[5], shall have fully, finally and forever settled, released, and dismissed with prejudice any and all Settlement Class Released Claims[6] as against the Defendants and the other Defendants' Releasees[7] and

[5] Specifically, on behalf of all persons or entities on whose behalf each of the Settling Plaintiffs and each of the other members of the Settlement Class has standing to assert, individually and collectively, in full or in part, any Settlement Class Released Claims (as defined in footnote 6 below); and on behalf of each of the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries, and members; and on behalf of each of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf of any Settling Plaintiff or Settlement Class Member, in their capacities as such.

[6] "Settlement Class Released Claims" means, to the fullest extent allowed by law, any and all claims, damages, losses, suits, proceedings, debts, demands, duties, liabilities, rights, remedies, or causes of action of every nature and description whatsoever, whether known claims or Unknown Claims; whether based on federal, state, local, or foreign law; whether based on statutory law, common law, administrative law, rule, regulation, or other source of law; whether fixed or contingent; whether foreseen or unforeseen; whether matured or unmatured; whether accrued or unaccrued; whether liquidated or unliquidated; whether at law or in equity; whether class or individual in nature; and whether direct, indirect, or derivative in nature, against each and every Defendants' Releasee, (i) that relates to the approval by the Independent Fiduciary of the Settlement as set forth in the Stipulation; or (ii) that arise out of or are based upon Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014 that (a) have been asserted in the Action or the Initial Complaints; or (b) that could have been asserted in any forum that arise out of, relate to, or are based upon the claims and allegations in the Action from the beginning of the Settlement Class Period through and including January 13, 2014, including but not limited to the acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences alleged that relate to Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014, through Northern Trust's securities lending program, including the investment of securities lending collateral; the holding of such investments; principal, interest, income, and revenue losses from Indirect Lending; fees, costs, and other charges associated with Indirect Lending; any and all declarations of trust or trust instruments concerning or governing the Commingled Lending Funds; any and all agreements governing Settlement Class Members' Indirect Lending, including collective fund custody agreements, direction letters, and investment management agreements; and any and all unlawful or improper conduct of the Commingled Lending Funds' participation in the securities lending program.

[7] "Defendants' Releasees" means (i) Northern Trust Corporation, NTI, and NTC, and each of their respective present, former, and future affiliates, subsidiaries, and parents; (ii) for each of the foregoing entities, any entities in which each or they have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries, and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i) and (ii), their respective predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, family members, agents, representatives, and assigns, in their capacities as such.

shall forever be enjoined from asserting or prosecuting any Settlement Class Released Claims as against each and all of the Defendants' Releasees. The Settlement provides for the release by an entity or the entity's fiduciary of a legal or equitable claim against a party in interest in exchange for consideration given by, or on behalf of, a party in interest to the entity in complete settlement of the entity's or the fiduciary's claim and may give rise to a prohibited transaction unless the requirements of PTE 2003-39 are satisfied. Defendants are parties in interest to the entities that comprise the Class. Settlement Class Members that participate in the Settlement are required to meet the conditions set forth in PTE 2003-39, including the condition that the authorizing fiduciary find that the settlement be reasonable in light of the entity's likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone. *See* Dept. of Labor, Prohibited Transaction Exemption No. 2003-39, 68 Fed. Reg. 75,632-75,640 (Dec. 31. 2003). In addition, an Independent Fiduciary, who is a fiduciary with respect to the Settlement on behalf of the Settlement Class Members and has no relationship to or interest in any of the Settling Parties that might affect the exercise of its best judgment as a fiduciary to the Settlement Class Members, has been retained to provide a written opinion with respect to Settlement Class Members as to the extent to which the Settlement complies with the requirements of ERISA Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632,640 (Dec. 31, 2003). A copy of the Independent Fiduciary's report will be available or on or before June 30, 2015 at: www.NorthernTrustERISAClassAction.com. The authorizing fiduciary for each plan may utilize the report in determining whether to accept the Settlement as written, opt out of the Settlement or file an objection. The Independent Fiduciary shall also serve as the authorizing fiduciary on behalf of the Exxon Plan and the TI Plan.

21. Settlement Class Released Claims do not release or otherwise impact claims relating to the enforcement of the Settlement, any Non-Settled Claim, or any claims against Defendants' Releasees that do not fall within the definition of Settlement Class Released Claims. The Release also does not impact the right (if any) of any Settlement Class Members and all other persons and entities that are releasing the Settlement Class Released Claims to participate in the distribution of any funds recovered from any Defendant or any other Defendants' Releasee by any federal governmental or federal regulatory agency.

22. If you engaged in securities lending directly with Northern Trust, pursuant to which Northern Trust acted as your securities lending agent to lend your securities, any claims arising from such "direct" securities lending are not released by this Settlement.[8]  No claims arising from Direct Lending were or have been asserted in the Action.

23. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf themselves and certain others, will release, among other things, all claims against each of the Settling Plaintiffs, the other members of the Settlement Class, and the other Settling Plaintiffs' Releasees,[9] arising out of the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.

---

[8]  "Direct Lending" means any investor's participation in Northern Trust's securities lending program pursuant to an agreement to lend that investor's own securities, under which that investor's collateral from securities lending was invested in any Northern Trust collective collateral reinvestment vehicle. Investment in a Commingled Lending Fund is not and does not constitute "Direct Lending."

[9]  "Settling Plaintiffs' Releasees" means (i) the Settling Plaintiffs  and any and all other members of the Settlement Class, and each of their respective present, former, and future affiliates, subsidiaries, and parents, (ii) for each of the foregoing persons and entities, any entities in which each or they have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i) and (ii), their respective predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, family members, agents, representatives and assigns, in their capacities as such.

## HOW MUCH WILL MY PAYMENT BE?

24. As of the date of this notice, it is not possible to determine how much money any individual Settlement Class Member might receive from the Settlement if approved. Payments to Settlement Class Members will be based on a plan of allocation approved by the Court. Settling Plaintiffs have proposed a plan of allocation, which is set forth in Appendix 2 to this Notice.

25. Pursuant to the Settlement, Defendants have agreed to pay thirty-six million dollars ($36,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (the Settlement Fund less (a) applicable taxes and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) attorneys' fees and Litigation Expenses awarded by the Court to Settling Plaintiffs' Counsel; and (d) Incentive Awards (not to exceed $15,000 per Settling Plaintiff) awarded by the Court to each of Joseph L. Diebold, Jr. and Paul J. Hundt for their service)), will be distributed to Settlement Class Members, in accordance with the Plan of Allocation or such other plan of allocation as may be approved by the Court.

26. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the Effective Date has occurred. Settlement Class Members are not required to submit a claim form in order to receive a distribution from the Net Settlement Fund.

## HOW WILL I RECEIVE PAYMENT FROM THE SETTLEMENT?

27. As previously noted, as a recipient of this notice by direct mail, you have been identified as a Settlement Class Member that might receive a payment from the Settlement proceeds. To be eligible for a payment from the proceeds of the Settlement, you need do nothing more. Your "Investment Amount" (the amount invested in a given Commingled Lending Fund on each of the Relevant Dates[10]) has been determined by Defendants based on their records, as set forth in the chart included in the Cover Letter accompanying this notice.

28. If the Settlement is approved and the Effective Date occurs, *pro rata* distributions of the Net Settlement Fund will be mailed to all eligible Settlement Class Members. If your address or the contact person noted on the Cover Letter changes, please be sure to send the new information in writing to the Settlement Administrator at the address noted in ¶ 32 below.

29. As set forth in the Cover Letter, if you believe that any of the investment information set forth in the Cover Letter is incorrect or incomplete, you have the right to challenge the information. In order for your challenge to be valid, you must notify the Settlement Administrator in writing at the address set forth in ¶ 32 below, postmarked no later than June 15, 2015, that you challenge the investment information in the Cover Letter that you received. Your notification must set forth the specific items that you are challenging and must include a detailed statement of the basis for the challenge as well as documentation in support of your challenge. Your challenge will be reviewed by Co-Lead Counsel and you will be notified by the Settlement Administrator of their determination. If an Investment Challenge results in a change to any of the investment information provided for you, your Distribution Amount (as defined in the Plan of Allocation) will be calculated based on the revised information. If you disagree with the determination made with respect to your challenge, you have the

[10] The Commingled Lending Funds had exposure to investments in two investment portfolios referred to as CORE USA and STEP. The Relevant Dates are, as to CORE USA, September 19, 2008 and April 19, 2010; and, as to STEP, January 5, 2007, September 19, 2008 and August 31, 2010.

right to request a Court review. The specifics as to how such a request for Court review must be made will be set forth in the notification from the Settlement Administrator that contains the determination made with respect to the challenge.

30. Although Defendants have provided records representing what they believe to be the universe of Settlement Class Members, the Settling Parties recognize some entity may have been omitted or classified as a Settlement Class Member in this Action as opposed to a settlement class member in the related Firefighters Action. To address these possibilities, the Settlement provides for a Status Challenge. The requirements for making such a challenge are set forth in the Summary Notice, which is being published and which will also be posted on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com. Because you received this notice by direct mail addressed to you, you do not need to take steps to ensure you are included in the Settlement Class; you have been identified by Defendants as a Settlement Class Member. However, if you believe that you were classified as a member of the wrong class, you may make a Status Challenge. To the extent that an entity that did not receive this notice by direct mail can establish that it is a Settlement Class Member, such entity shall be eligible to receive a proportionate share of the Settlement proceeds, and such entity shall be subject to the terms of the Settlement, including the releases provided for, as set forth in ¶ 20 above. Should an entity establish that it should have been classified as a member of the Settlement Class in the Firefighters Action, such entity will receive information as to its rights from the settlement administrator in that action.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

31. Settling Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Settling Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply on behalf of all Settling Plaintiffs' Counsel to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33.3% of the Settlement Fund. At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses paid or incurred in connection with the Action in an amount not to exceed $475,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the Settling Plaintiffs directly related to their representation of the Settlement Class. Settling Plaintiffs' Counsel further intend to apply for Incentive Awards of up to $15,000 apiece for each of the two Settling Plaintiffs, Joseph L. Diebold, Jr. and Paul J. Hundt. Co-Lead Counsel will file their application on June 19, 2015 and the papers will be posted on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com. The Court will decide the amount of any award of attorneys' fees or reimbursement of Litigation Expenses or Incentive Awards. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

32. Each Settlement Class Member will be bound by the provisions of the Settlement and by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Diebold, et al. v. Northern Trust Investments, N.A. et al.,* c/o Heffler Claims Group, P.O. Box 58100, Philadelphia, PA 19102-8100. Please note "EXCLUSIONS" near the address. The Request for Exclusion must be ***received*** no later than **July 15, 2015**. A Settlement Class Member will not be able to exclude itself from the Settlement Class after that date. Each Request for Exclusion from a Settlement Class

Member that received this notice by direct mail addressed to it must (a) state the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) state that such entity "requests exclusion from the Settlement Class in *Diebold, et al. v. Northern Trust Investments, N.A. et al.*, Civil Action No. 09-cv-1934"; and (c) be signed by an authorized representative of the entity. If an entity that previously directed Defendants not to provide the Settlement Administrator identifying and investment information as it relates to it, wants to request exclusion from the Settlement Class, the Request for Exclusion must, in addition to complying with the provisions of the preceding sentence, state that the previous direction is rescinded, in which event Defendants, pursuant to Court Order, will promptly provide the information to the Settlement Administrator and Co-Lead Counsel. PLEASE NOTE: It is possible that a Settlement Class Member with multiple Northern Trust accounts may receive more than one copy of this notice. However, regardless of how many copies of the notice a Settlement Class Member receives, it should only submit one Request for Exclusion. Each legal entity that falls within the definition of the Settlement Class is a Settlement Class Member and a Request for Exclusion applies to the legal entity making the request. If a Settlement Class Member has investments in Commingled Lending Funds through multiple Northern Trust accounts its Request for Exclusion will apply to all of that Settlement Class Member's Northern Trust accounts.

33. Should any entity that did not receive this notice by direct mail or did not receive a Banking Notice, believe that it is a Settlement Class Member and wish to exclude itself from the class, such entity, in addition to (a) stating the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) stating that such entity "requests exclusion from the Settlement Class in *Diebold, et al., v. Northern Trust Investments, N.A. . et al*, Civil Action No. 09-cv-1934"; and (c) having the request signed by an authorized representative of the entity, must also include with its request information and documents sufficient to prove that it is a Settlement Class Member. Such request must be submitted to the Settlement Administrator so that it is ***received*** no later than July 15, 2015.

34. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in ¶¶ 32 or 33 as applicable and is received within the time stated above, or is otherwise accepted by the Court.

35. Any entity that does not want to be part of the Settlement Class must follow these instructions for exclusion even if it has pending, or later files, another lawsuit, arbitration, or other proceeding relating to any Settlement Class Released Claim against any of the Defendants' Releasees.

36. Any Settlement Class Member that is excluded from the Settlement Class will not be eligible to receive any payment out of the Net Settlement Fund.

37. Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received in an amount that exceeds the amount agreed to by Settling Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

38. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. Settlement Class Members can participate in the Settlement without attending the Settlement Hearing**.

39. The Settlement Hearing will be held on August 5, 2015 at 10:30 a.m. before the Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street,

Courtroom 1025, Chicago, IL 60604. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

40. Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before July 15, 2015. You must also serve the papers on representative Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received*** on or before July 15, 2015.

| **Clerk's Office** | **Representative Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Northern District of Illinois<br>Clerk of the Court<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | Berger & Montague, P.C.<br>Todd S. Collins<br>Ellen T. Noteware<br>1622 Locust Street<br>Philadelphia, PA 19103 | Winston & Strawn LLP<br>Caryn L. Jacobs<br>35 W. Wacker Drive<br>Chicago, Illinois 60601 |

41. Any objection (a) must state the name, address and telephone number of the entity objecting and must be signed by an authorized representative of the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) if that entity did not receive the Settlement Notice by direct mail, the objection must include documents sufficient to prove the entity's membership in the Settlement Class. You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards if you exclude yourself from the Settlement Class.

42. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

43. If you wish to be heard orally at the hearing and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on representative Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 40 above so that it is ***received*** on or before July 15, 2015. Any member of the Settlement Class that intends to object and desires to present evidence at the Settlement Hearing must include in its written objection or notice of appearance the identity of any witnesses it may call to testify and exhibits it intends to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

44. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on representative Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 40 above so that the notice is ***received*** on or before July 15, 2015.

45. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel or by visiting the website maintained by the Settlement Administrator at www.NorthernTrustERISAClassAction.com.

46. **Unless the Court orders otherwise, any Settlement Class Member that does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

47. This notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of the operative complaint in the Action, the Stipulation, Settling Plaintiffs' papers in support of final approval of the Settlement, Settling Plaintiffs' Counsel's papers in support of their application for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, and any related orders entered by the Court will be posted on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com.

48. All inquiries concerning this notice should be directed to the Settlement Administrator at the address noted in ¶ 32 above, or to the following Co-Lead Counsel:

Todd Collins
Ellen Noteware
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3040
tcollins@bm.net
enoteware@bm.net

Gregory Porter
Bailey & Glasser, LLP
910 17th Street, NW
Suite 800
Washington, DC 20016
(202) 463-2101
gporter@baileyglasser.com

Joseph C. Peiffer
Daniel Carr
Peiffer Rosca Wolf Abdullah Carr & Kane
201 St. Charles Ave., Suite 4610
New Orleans, LA 70170
Tel: (504) 586-5270
jpeiffer@prwlegal.com
dcarr@prwlegal.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: May 15, 2015

By Order of the Court
United States District Court
Northern District of Illinois

**Appendix 1**

**Commingled Lending Funds**

| Fund Acct No. | Commingled Lending Fund Name |
|---|---|
| 17-13070 | NTGI-QM Collective Weekly Quant Enhanced EAFE Fund |
| 17-13071 | NTGI-QM Collective Weekly Quant Enhanced EASEA Fund (a/k/a NTGI-QM Collective Weekly Enhanced EAFE ex-Japan Fund) |
| 17-13073 | NTGI-QM Collective Daily EAFE Index Fund |
| 17-13074 | NTGI-QM Collective Daily United Kingdom Index Fund |
| 17-13075 | NTGI-QM Collective Daily Continental Europe Index Fund |
| 17-13076 | NTGI-QM Collective Daily Japan Index Fund |
| 17-13077 | NTGI-QM Collective Daily Southwest Pacific Index Fund |
| 17-22519 | NTGI-QM Collective Daily World Government Bond Index Fund (a/k/a NTGI-QM Collective World Government Bond Index ("WGBI") Fund) |
| 17-23220 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund |
| 17-23221 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund |
| 17-39168 | NTGI-QM Collective Daily Developed International Small Cap (DISC) Equity Index Fund |
| 17-61364 | NTGI-QM Collective Daily Global Real Estate Index Fund |
| 17-83694 | NTGI-QM Collective Daily EAFE Index Fund – TD |
| 17-83720 | NTGI-QM Collective Daily Global Real Estate Index Fund – TD |
| 17-95334 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund - Lending - DC - Tier J |
| 17-95336 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund - Lending - DC - Tier J |
| 20-00000 | NTGI Collective Weekly SmallCap Growth Equity Fund |
| 20-00564 | NTGI-QM Collective Daily S&P 500 Equity Index Fund |
| 20-00568 | NTGI-QM Collective Daily Russell 3000 Equity Index Fund |
| 20-00569 | NTGI-QM Collective Daily Russell 1000 Equity Index Fund |

20-00570    NTGI-QM Collective Daily Russell 1000 Growth Equity Index Fund

20-00571    NTGI-QM Collective Daily Russell 1000 Value Equity Index Fund

20-00572    NTGI-QM Collective Daily Russell 2000 Equity Index Fund (including NTGI-QM Collective Daily Russell 2000 Equity Index Fund - Class C Lending)

20-00573    NTGI-QM Collective Daily Russell 2000 Growth Equity Index Fund

20-00574    NTGI-QM Collective Daily Russell 2000 Value Equity Index Fund

20-00575    NTGI-QM Collective Daily Russell SmallCap Completeness Fund

20-00576    NTGI-QM Collective Daily Quant Index Plus S&P 500 Equity Fund

20-00591    NTGI-QM Collective Daily Aggregate Bond Index Fund (including NTGI-QM Collective Daily Aggregate Bond Index Fund - Lending - DC - Tiers K, M, N, Q)

20-00593    NTGI-QM Collective Daily Government / Credit Bond Index Fund

20-00595    NTGI-QM Collective Daily Treasury Inflation-Protected Securities ("TIPS") Fund

20-00596    NTGI-QM Collective Daily Short Term Government Index Fund

20-01003    NTGI-QM Collective Daily Russell 2000 Index Fund - Lending - DC - Tier J

20-01012    NTGI-QM Collective Daily Aggregate Bond Special Purpose Index Fund

20-01013    NTGI-QM Collective Daily S&P 500 Special Purpose Equity Index Fund

20-01014    NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Special Purpose Index Fund (a/k/a NTGI- QM Collective Daily S&P 500 BARRA Growth Special Purpose)

20-01016    NTGI-QM Collective Daily S&P MidCap 400 Equity Special Purpose Index Fund

20-01027    NTGI-QM Collective Daily Quant Enhanced Russell 1000 Fund

20-01036    NTGI-QM Collective Daily TIPS Fund – TD

20-01037    NTGI-QM Collective Daily Short Term Government Fund – TD

20-01038    NTGI-QM Collective Daily S&P500 Equity Index Fund – TD

20-01040    NTGI-QM Collective Daily Russell SmallCap Completeness Fund – TD

20-01041    NTGI-QM Collective Daily Aggregate Bond Index Fund – TD

20-01062    NTGI-QM Collective Daily S&P500 Equity Index Fund - Lending - DC -Tier K

20-04635    NTGI Collective Stable Asset Fund

20-42580 NTGI-QM Collective Daily Quant Active SmallCap Value Equity Fund (a/k/a NTGI Collective Weekly Quant Active SmallCap Value Equity Fund)

20-42582 NTGI Collective Weekly MidCap Growth Equity Fund

20-42631 NT Collective S&P 500 Growth Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Index Fund)

20-45176 NT Collective S&P 400 Index Fund (a/k/a NTGI-QM Collective Daily S&P MidCap 400 Equity Index Fund)

20-73536 NT Collective S&P 500 Value Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Value Equity Index Fund)

26-10823 NTGI-QM Labor Select Collective Daily Russell 3000 Equity Index Fund

26-18663 NTGI-QM Collective Daily U.S. MarketCap Equity Special Purpose Index Fund

26-46508 NTGI-QM Collective Daily Structured SmallCap Equity Fund

26-46509 NTGI-QM Collective Daily Extended Equity Market Index Fund (a/k/a NTGI-QM Collective Daily SmallCap Equity Index Fund)

26-46516 NTGI-QM Collective Daily Enhanced Fixed Income Fund

26-46519 NTGI-QM Collective Daily Mortgage Backed Securities Index Fund (a/k/a NTGI-QM Collective Mortgage-Backed Securities Fund)

26-46529 NTGI Collective Monthly LargeCap Growth Equity Fund (a/k/a NTGI-QM Collective Monthly Large Cap Growth Equity Fund)

26-46533 NTGI-QM Collective Daily 1-10 Year Intermediate Credit Bond Index Fund

26-46535 NTGI-QM Collective Daily Long Term Credit Bond Index Fund (a/k/a NTGI-QM Collective Daily Long-Term Credit Bond Index Fund)

26-46540 NTGI-QM Collective Daily 1-10 Year Intermediate Government Bond Index Fund

26-46541 NTGI-QM Collective Daily Long-Term Government Bond Index Fund

26-46543 NTGI-QM Collective Daily Intermediate Government / Credit Bond Index Fund

26-46549 NTGI-QM Collective Daily U.S. MarketCap Equity Index Fund

26-69573 NTGI-QM Collective Daily Long Term Government / Credit Bond Index Fund

26-70251 NTGI-QM Collective Daily Quant Enhanced S&P 400 Equity Fund

26-80724 NTGI-QM Collective Weekly Quant Index Plus Russell 1000 Labor Select Fund

**Appendix 2**

**PLAN OF ALLOCATION**

1. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to Settlement Class Members in proportion to relative losses. The Plan of Allocation is not intended to provide estimates of, nor be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.

2. The Plan of Allocation is based on certain estimated losses experienced by Settlement Class Members due to their investments on certain "Relevant Date(s)" in the Commingled Lending Funds that had exposure to investments in one of two investment portfolios, referred to as CORE USA and STEP. The Net Settlement Fund will be allocated based on relative estimated losses realized by CORE USA and STEP, the relative losses of the Commingled Lending Funds due to their estimated exposure to CORE USA and/or STEP on Relevant Dates, and the relative investment of each Settlement Class Member in each of the Commingled Lending Funds on the Relevant Dates as compared to the aggregate interest of all Settlement Class Members in the respective Commingled Lending Funds on the Relevant Dates.

3. Co-Lead Counsel working with Settling Plaintiffs' damages expert developed the Plan of Allocation in consideration of, among other things, the losses incurred in CORE USA and STEP, the relative risks associated with establishing damages for Commingled Lending Funds exposed to CORE USA and STEP, as well as the proportion of the Settlement Class Members invested in Commingled Lending Funds exposed to CORE USA and STEP, respectively. Based on that assessment it was determined that the Net Settlement Fund should be allocated 9% to the Commingled Lending Funds exposed to CORE USA (the "CORE USA Loss Percentage") and 91% to the Commingled Lending Funds exposed to STEP (the "STEP Loss Percentage").

4. For purposes of distributing the portion of the Settlement Fund allocated to CORE USA among the Settlement Class Members with exposure to CORE USA, two Relevant Dates around which significant losses were incurred in CORE USA are used in the Plan of Allocation to determine relative Commingled Lending Fund losses: September 19, 2008 and April 19, 2010. Each Commingled Lending Fund's *pro rata* interest in CORE USA on those two Relevant Dates is used to determine each Commingled Lending Fund's *pro rata* share of the CORE USA Loss Percentage on each Relevant Date. Each Settlement Class Member's *pro rata* interest in each Commingled Lending Fund with an interest in CORE USA on each of those two Relevant Dates reflects that Settlement Class Member's share of the CORE USA Loss Percentage allocated to that Commingled Lending Fund for each Relevant Date.

5. For purposes of distributing the portion of the Settlement Fund allocated to STEP among the Settlement Class Members with exposure to STEP, three Relevant Dates are used in the Plan of Allocation to determine relative Commingled Lending Fund losses: January 5, 2007; September 19, 2008; and August 31, 2010.[11] Each Commingled Lending Fund's *pro rata* interest in STEP on those three Relevant Dates, is used to determine each Commingled Lending Fund's *pro rata* share of the STEP Loss Percentage on each Relevant Date. Each Settlement Class Member's *pro rata* interest in each Commingled Lending Fund with an interest in STEP on each of those three Relevant Dates reflects that Settlement Class Member's share of the STEP Loss Percentage allocated to that Commingled Lending Fund for each Relevant Date.

[11] Because STEP was a variable Net Asset Value ("NAV") fund, in which realized and unrealized losses were incorporated in STEP's NAV on a daily basis, these three dates are used to reflect the losses incurred during three periods during the Class Period: January 1, 2007 - August 31, 2008; September 1, 2008 – December 31, 2008; and January 1, 2009 - October 31, 2010.

6. The *pro rata* interest of a Settlement Class Member in a Commingled Lending Fund will be based on the number of units of the applicable Commingled Lending Fund held by the Settlement Class Member on the Relevant Date as set forth in the Investment Data provided to the Settlement Administrator by Defendants in comparison to the total number of Settlement Class Member units in the fund on that Relevant Date as set forth in Tables A and B that appear at the end of this Notice.

7. **CORE USA** -- Each Settlement Class Member's relative allocated share of the losses incurred in CORE USA will be determined based on the following:

        (a)    The CORE USA Loss Percentage will be divided between two Relevant Dates based on the relative amounts of estimated realized losses incurred in CORE USA on those two dates:

        (i)    September 19, 2008: 51.4% of the CORE USA Loss Percentage.

        (ii)    April 19, 2010: 48.6% of the CORE USA Loss Percentage.

        (b)    The CORE USA Loss Percentage allocated for each of the two Relevant Dates will then be divided among the Commingled Lending Funds in proportion to each Commingled Lending Fund's relative investment in CORE USA on those Relevant Dates and the Settlement Class's investment in each Commingled Lending Fund on those Relevant Dates.

        (c)    The CORE USA Loss Percentage allocated to each Commingled Lending Fund on each Relevant Date will then be allocated among the Settlement Class Members based upon each Settlement Class Member's relative holdings in the Commingled Lending Fund on each Relevant Date. A Settlement Class Member's relative holdings in a Commingled Lending Fund shall be determined by dividing the number of units held by the Settlement Class Member in the fund on each Relevant Date (as set forth in the Investment Data provided by Defendants) by the total number of units in the fund held by Settlement Class Members on each Relevant Date as set forth in Table A. This will be the Settlement Class Member's "Percentage Share" of the CORE USA Loss Percentage allocated to each Commingled Lending Fund for each Relevant Date.

8. **STEP** -- Each Settlement Class Member's relative allocated share of the losses incurred in STEP will be determined based on the following:

        (a)    The STEP Loss Percentage will be allocated among three Relevant Dates based on the relative amounts of estimated realized losses incurred in STEP in the corresponding loss period:

        (i)    January 5, 2007 (for losses incurred between January 1, 2007 and August 31, 2008): 33% of the STEP Loss Percentage.

        (ii)    September 19, 2008 (for losses incurred between September 1, 2008 and December 31, 2008): 43% of the STEP Loss Percentage.

        (iii)    August 31, 2010 (for losses incurred between January 1, 2009 and October 31, 2010): 24% of the STEP Loss Percentage.

        (b)    The STEP Loss Percentage allocated to each of the three Relevant Dates will then be divided among the Commingled Lending Funds in proportion to each Commingled Lending Fund's relative investment in STEP on those Relevant Dates and the Settlement Class's investment in each Commingled Lending Fund on those Relevant Dates.

(c) The STEP Loss Percentage allocated to each Commingled Lending Fund on each Relevant Date will then be allocated among the Settlement Class Members based upon each Settlement Class Member's relative holdings in the Commingled Lending Fund on each Relevant Date. A Settlement Class Member's relative holdings in a Commingled Lending Fund shall be determined by dividing the number of units held by the Settlement Class Member in the fund on each Relevant Date (as set forth in the Investment Data provided by Defendants) by the total number of units in the fund held by Settlement Class Members on each Relevant Date as set forth in Table B. This will be the Settlement Class Member's "Percentage Share" of the STEP Loss Percentage allocated to each Commingled Lending Fund for each Relevant Date.

## CALCULATION OF DISTRIBUTIONS FROM THE NET SETTLEMENT FUND

9. The Settlement Administrator will calculate each Settlement Class Member's distribution from the Net Settlement Fund based on the calculations set forth in paragraphs 1 - 8 above.

10. Tables A and B, attached at the end of this Notice set forth (i) the CORE USA and STEP Loss Percentages, (ii) the percentage of the CORE USA Loss Percentage allocated to each of the Relevant Dates for CORE USA and the percentage of the STEP Loss Percentage allocated to each of the Relevant Dates for STEP; (iii) the percentage of the amounts referred to in (ii) allocated to each Commingled Lending Fund on each Relevant Date; and (iv) the total number of Settlement Class Member held units in each fund on each Relevant Date.

11. Based on the allocations of the CORE USA Loss Percentage and the STEP Loss Percentage set forth in paragraphs 7 and 8 above, respectively (which are also set forth in Tables A and B), each Settlement Class Member's proportionate share of Net Settlement Fund will be calculated as follows:

(a) For each Commingled Lending Fund on each Relevant Date, the Settlement Administrator will multiply the percentage allocated to the Commingled Lending Fund by the amount in the Net Settlement Fund to determine the portion of the Net Settlement Fund available for distribution to Settlement Class Members who held units in each Commingled Lending Fund on each Relevant Date.

(b) With respect to each Commingled Lending Fund on each Relevant Date, the Settlement Administrator will multiply the amount determined pursuant to subparagraph 11(a) by the Settlement Class Member's Percentage Share (calculated as described in paragraphs 7(c) and 8(c) above) to determine the amount allocable to the Settlement Class Member ("Fund Distribution Amount").

(c) The total of a Settlement Class Member's Fund Distribution Amounts shall be the Settlement Class Member's "Distribution Amount".

12. In the event that any Settlement Class Members do not participate in the Settlement, the funds that would otherwise be allocated to such non-participating Settlement Class Members will be re-allocated among the participating Settlement Class Members by applying each of the levels of allocation discussed in paragraphs 3, 7 and 8 above to such funds.

## ADDITIONAL PROVISIONS

13. After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Settlement Class Members cash their distribution checks. If six (6) months after the initial distribution, the amount remaining in the Net Settlement Fund after paying any unpaid fees and expenses incurred in administering the Settlement, including the costs associated with a re-distribution, equals or exceed $25,000, the Settlement Administrator shall conduct a re-distribution of the funds remaining to Settlement Class Members who have cashed their initial distributions and who would receive at least $20 in such re-distribution. Additional re-distributions to Settlement Class Members who have cashed their prior checks and who would receive at least $20 in such re-distribution may occur thereafter until the balance remaining in the Net Settlement Fund is under $25,000. At such time as the amount remaining in the Net Settlement Funds is under $25,000, after paying any unpaid fees and expenses incurred in administering the Settlement (including the costs of re-distributions), the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

14. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members. No person or entity shall have any claim against Settling Plaintiffs, Settling Plaintiffs' Counsel, Settling Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Settlement Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Settling Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation or such other plan of allocation as may be approved by the Court; the determination, administration, calculation, or payment of any distributions from the Settlement Fund or the Net Settlement Fund; the performance or nonperformance of the Settlement Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection with any of the foregoing.

15. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Settling Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding the Plan of Allocation, including any order that modifies the Plan of Allocation should the Court enter such an order, will be posted on the Settlement website, www.NorthernTrustERISAClassAction.com.

**TABLE A**

**CORE USA**

| **Commingled Lending Fund Account No.** | **CORE USA LOSS PERCENTAGE – 9 %** | | | |
|---|---|---|---|---|
| | 9-19-08<br>51.4% of CORE USA<br>Loss Percentage | | 4-19-10<br>48.6% of CORE USA<br>Loss Percentage | |
| | % of 9/19/08 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9/19/08 | % of 4-19-10 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 4/19/10 |
| 17-13070 | 0.57384% | 1,235,365.08 | 0.46729% | 1,570,138.20 |
| 17-13071 | 0.00889% | 20,489.80 | 0.00958% | 22,328.32 |
| 17-13073 | 3.29977% | 9,103,890.72 | 4.34189% | 7,245,310.00 |
| 17-13074 | 0.00335% | 78,318.85 | N/A | N/A |
| 17-13075 | 0.12315% | 126,204.45 | N/A | N/A |
| 17-13076 | 0.19654% | 1,670,746.27 | N/A | N/A |
| 17-13077 | 0.11780% | 107,078.82 | N/A | N/A |
| 17-22519 | 0.00002% | 148,041.18 | N/A | N/A |
| 17-23220 | 1.75285% | 111,531,777.10 | 2.15874% | 108,914,517.75 |
| 17-23221 | 0.04447% | 4,178,599.23 | 0.19521% | 6,113,701.42 |
| 17-39168 | 0.04368% | 2,283,320.24 | 0.09736% | 3,344,362.05 |
| 17-61364 | 0.34496% | 13,451,740.25 | 0.38129% | 19,826,618.14 |
| 17-83694 | 0.00526% | 14,718.22 | N/A | N/A |
| 17-83720 | 0.00633% | 246,907.66 | 0.11150% | 5,776,860.59 |
| 17-95334 | 0.00598% | 471,295.68 | 0.01112% | 696,087.30 |
| 17-95336 | 0.00035% | 47,220.10 | N/A | N/A |
| 20-00000 | 0.11209% | 1,060,301.62 | N/A | N/A |
| 20-00568 | 3.10236% | 2,117,700.44 | 2.03368% | 1,717,929.07 |
| 20-00569 | 3.78286% | 12,537,215.91 | 1.06302% | 4,999,715.94 |
| 20-00570 | 3.26649% | 6,997,902.88 | 1.18849% | 3,694,785.30 |
| 20-00571 | 2.48950% | 2,031,804.40 | 1.52631% | 1,630,138.78 |
| 20-00572 | 9.64769% | 2,217,250.79 | 10.76155% | 2,012,216.08 |
| 20-00573 | 2.95750% | 3,072,653.35 | 3.12193% | 2,351,426.39 |
| 20-00574 | 1.44956% | 656,531.85 | 2.16004% | 858,773.68 |
| 20-00575 | 0.16507% | 65,896.55 | 0.28298% | 65,106.79 |
| 20-00576 | 0.02142% | 1,273,882.62 | 0.01074% | 849,485.33 |
| 20-00591 | 22.79857% | 19,781,968.44 | 23.25783% | 12,567,759.42 |
| 20-00593 | 2.49138% | 1,119,087.08 | 0.75100% | 202,571.60 |
| 20-00595 | 5.41754% | 3,570,304.20 | 0.84446% | 313,068.72 |

| **Commingled Lending Fund Account No.** | **CORE USA LOSS PERCENTAGE – 9 %** | | | |
|---|---|---|---|---|
| | 9-19-08<br>51.4% of CORE USA<br>Loss Percentage | | 4-19-10<br>48.6% of CORE USA<br>Loss Percentage | |
| | % of 9/19/08 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9/19/08 | % of 4-19-10 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 4/19/10 |
| 20-00596 | 0.66219% | 371,117.92 | 1.53159% | 560,912.54 |
| 20-01003 | 5.38352% | 1,266,206.99 | 7.37749% | 1,440,279.21 |
| 20-01027 | 0.03368% | 2,554,844.52 | 0.05331% | 2,524,616.59 |
| 20-01036 | 0.01456% | 9,433.88 | 0.98471% | 365,070.96 |
| 20-01037 | 0.00045% | 254.92 | 0.06528% | 23,905.14 |
| 20-01040 | 0.02457% | 9,809.18 | N/A | N/A |
| 20-01041 | 0.01948% | 16,590.78 | N/A | N/A |
| 20-04635 | 1.69155% | 16,925,934.66 | 0.65504% | 16,565,134.70 |
| 20-42580 | 0.11634% | 671,450.86 | 0.17441% | 710,844.71 |
| 20-42582 | 0.00327% | 14,540.00 | N/A | N/A |
| 20-42631 | 0.23842% | 46,095,437.90 | 0.37160% | 40,766,325.15 |
| 20-45176 | 2.86742% | 64,267,046.35 | 4.73734% | 44,570,948.18 |
| 20-73536 | 0.40840% | 16,835,608.09 | 0.36520% | 11,882,326.31 |
| 26-10823 | 0.88164% | 26,705,346.43 | 0.75899% | 26,309,539.07 |
| 26-46508 | 2.69627% | 4,629,628.95 | 0.62064% | 1,579,489.12 |
| 26-46509 | 10.79373% | 7,857,707.53 | 9.93139% | 7,923,756.27 |
| 26-46519 | 0.16503% | 3,582,533.40 | N/A | N/A |
| 26-46529 | 0.05975% | 2,038,235.00 | 0.08670% | 2,370,744.15 |
| 26-46533 | 0.26624% | 8,392,046.11 | 0.18218% | 3,596,951.56 |
| 26-46535 | 0.46179% | 18,121,260.16 | 0.97944% | 19,239,356.96 |
| 26-46540 | 0.35193% | 1,911,090.61 | N/A | N/A |
| 26-46541 | 1.19173% | 5,104,553.43 | 2.07375% | 5,115,243.40 |
| 26-46543 | 3.29901% | 27,978,442.42 | 8.49002% | 43,914,594.34 |
| 26-69573 | 3.90562% | 85,219,137.41 | 5.61061% | 70,632,435.19 |
| 26-70251 | 0.00139% | 41,215.10 | N/A | N/A |
| 26-80724 | 0.23293% | 22,189,838.77 | 0.432 | 20,587,803.29 |

**TABLE B**

**STEP**

| **Commingled Lending Fund Account No.** | **STEP LOSS PERCENTAGE 91%** | | | | | |
|---|---|---|---|---|---|---|
| | 1-5-07<br>33% of STEP<br>Loss Percentage | | 9-19-08<br>43% of STEP<br>Loss Percentage | | 8-31-10<br>24% of STEP<br>Loss Percentage | |
| | % of 1-5-07 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 1-5-07 | % of 9-19-08 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9-19-08 | % of 8-31-10 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 8-31-10 |
| 20-00564 | 71.97723% | 6,654360.3 | 52.02931% | 5,705,695.4 | 53.44721% | 3,709,708.9 |
| 20-00576 | 0.33208% | 1,470,265.8 | 1.27829% | 1,273,882.6 | 0.53329% | 574,378.1 |
| 20-00591 | 21.11753% | 18,849,328.3 | 32.52465% | 19,781,968.4 | 33.03378% | 11,735,697.9 |
| 20-01038 | N/A | N/A | 0.05212% | 5,716.3 | 0.87681% | 61,192.6 |
| 20-01041 | N/A | N/A | 0.02776% | 16,590.8 | 0.35452% | 125,807.7 |
| 20-01062 | N/A | N/A | 0.03206% | 1,353,884.7 | 0.05471% | 1,478,735.1 |
| 20-04635 | N/A | N/A | 0.95569% | 16,925,934.7 | 0.36538% | 16,680,618.1 |
| 26-46519 | 1.79234% | 4,545,228.2 | 1.86559% | 3,582,533.4 | 1.25297% | 1,216,197.9 |
| 26-46549 | 4.73259% | 43,497,736.4 | 11.23486% | 95,085,691.6 | 10.08132% | 89,647,412.3 |

EXHIBIT B

# AFFIDAVIT

**STATE OF TEXAS )**
**) ss:**
**CITY AND COUNTY OF DALLAS)**

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for National distribution for

1 insertion(s) on the following date(s):

MAY-28-2015;

ADVERTISER: Diebold;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
28 day of May 2015

Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

ADVERTISEMENT

# Legal Notices

To advertise: 800-366-3975 or WSJ.com/classifieds

## BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | : Chapter 11 |
| RADIOSHACK CORPORATION, *et al.*,[1] | : Case No. 15-10197 (BLS) |
| Debtors. | : (Jointly Administered) |

**NOTICE OF BAR DATES FOR FILING CLAIMS**

**TO ANY CREDITORS OF THE ABOVE-CAPTIONED ENTITIES (COLLECTIVELY, THE "DEBTORS"):**

On May 21, 2015, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order (the "Bar Date Order") in the above-captioned chapter 11 cases establishing certain claims bar dates.

**THE BAR DATES.** The Bar Date Order establishes the following bar dates for filing proofs of claim in these cases (collectively, the "Bar Dates"):

The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, or unsecured nonpriority), except for claims related to prepetition gift cards ("Gift Card Claims") and claims under section 507 of the Bankruptcy Code, against the Debtors that arose before February 5, 2015 (the "Petition Date") must file proofs of claim by July 10, 2015 at 5:00 p.m. Eastern Time (the "General Bar Date"). The claims subject to the General Bar Date are referred to herein as "General Claims."

The Governmental Bar Date. Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured, unsecured, priority or unsecured nonpriority, including section 502(b)(9) claims) against the Debtors that arose before the Petition Date must file proofs of claim by August 4, 2015 at 5:00 p.m. Eastern Time (the "Governmental Bar Date").

The Rejection Bar Date. Any entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in the applicable Debtor's chapter 11 case, must file a proof of claim on or before the later of (i) the General Bar Date and (ii) 30 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "Rejection Bar Date."

The Amended Schedules Bar Date. If, subsequent to the publication date of this notice, a Debtor amends or supplements its Schedules of Assets and Liabilities (the "Schedules") to reduce the undisputed, noncontingent and liquidated amount or to change the nature or classification of a claim against a Debtor reflected therein, any affected entities that dispute such changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

The Administrative Expense Claim Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding administrative expense claims that arose (or, only in the case of unexpired leases of real and personal property, accrued) on or before May 31, 2015, including claims under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (9) of the Bankruptcy Code, must file such claims by June 22, 2015 at 5:00 p.m. Eastern Time (the "Administrative Expense Claim Bar Date"). The claims subject to the Administrative Expense Claim Bar Date are referred to herein as "Administrative Expense Claims."

The Priority Claim Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims entitled to priority in payment under section 507(a) of the Bankruptcy Code that are not Administrative Expense Claims ("Priority Claims") must file such claims by June 22, 2015 at 5:00 p.m. Eastern Time (the "Priority Claim Bar Date").

**FILING CLAIMS**

**1. WHO MUST FILE**. Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file proofs of claim, or requests for payment of Administrative Expense Claims, as applicable, on or before the General Bar Date, the Administrative Expense Claim Bar Date, or the Priority Claim Bar Date, as applicable:

(a) any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated and (ii) that desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

(b) any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount or against an incorrect Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules; and

(c) any entity that asserts an Administrative Expense Claim.

**2. WHAT TO FILE**

**General Claims**. Parties asserting claims against the Debtors that arose before the Petition Date, excluding section 503(b)(9) claims and Gift Card Claims, must use the copy of the proof of claim form (the "Proof of Claim Form") available on https://cases.primeclerk.com/radioShack/EPOC-Index (the "Claim Agent Website").

**Priority Claims**. Parties asserting Priority Claims must use the Proof of Claim Form available on the Claim Agent Website.

**Administrative Expense Claims**. Parties asserting Administrative Expense Claims, including section 503(b)(9) claims, must use the administrative expense claim form (the "Administrative Expense Claim Form") available on the Claim Agent Website.

**3. WHEN AND WHERE TO FILE**. Entities must file each Proof of Claim Form and/or Administrative Expense Claim Form so it is received on or before the applicable Bar Dates at the following address: RadioShack Corporation Claims Processing Center, c/o Prime Clerk LLC, 830 3rd Avenue, 9th Floor, New York, New York 10022.

Additionally, entities submitting a Proof of Claim Form may file it electronically using the interface available on Prime Clerk's website at https://cases.primeclerk.com/radioShack/EPOC-Index. Administrative Expense Claim Forms may not be filed electronically.

Forms will be deemed filed when **actually received** by the Debtors' claims agent, Prime Clerk LLC ("Prime Clerk"). **Forms may not be delivered via facsimile or e-mail.** Any facsimile or e-mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above.

Forms will be collected, docketed and maintained by Prime Clerk. If you want to receive acknowledgement of Prime Clerk's receipt of a form, you must submit by the applicable Bar Dates and concurrently with submitting your original form (i) a copy of the original form and (ii) a self-addressed, postage prepaid return envelope. Additionally, if you submit a Proof of Claim Form through Prime Clerk's website interface, you will receive an e-mail confirmation of your submission.

All forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be denominated in United States currency. You should attach to your completed form any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any entity asserting claims against multiple Debtors must file a separate form with respect to each Debtor. In addition, any entity filing a claim must identify on its form the particular Debtor against which the entity asserts its claim. Any claim filed under the joint administration case number, RadioShack Corporation, Case No. 15-10197 (BLS), or that otherwise fails to identify a Debtor shall be deemed as filed only against Debtor RadioShack Corporation. If an entity lists more than one Debtor on any one form, the relevant claims will be treated as filed only against the first listed Debtor.

**4. ENTITIES NOT REQUIRED TO FILE A CLAIM**. The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date, the Governmental Bar Date, or the Priority Claim Bar Date, need not file claims in these cases:

(a) any entity that already has filed a signed proof of claim against the applicable Debtor(s) in a form substantially similar to Official Bankruptcy Form No. 10 with: (i) the Clerk of the Court; or (ii) the Debtors' claims and noticing agent, Prime Clerk;

(b) any entity (i) whose claim against a Debtor is not listed as "disputed", "contingent", or "unliquidated" in the Schedules and (ii) agrees with the nature, classification and amount of its claim as identified in the Schedules;

(c) any entity whose claim against a Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

(d) any Debtor or any of their non-debtor affiliates (as such term is defined in section 101(2) of the Bankruptcy Code);

(e) any entity whose claim is limited exclusively to a claim for the repayment of principal, interest, and other applicable fees and charges (a "Debt Claim") on or under the Debtors' 6.75% senior unsecured notes due May 15, 2019 (the "2019 Notes"), provided, however, that any holder of a Debt Claim that wishes to assert a claim arising out of or relating to the 2019 Notes, other than a Debt Claim, will be required to file a proof of claim by the General Bar Date, unless another exception identified herein applies;

(f) the Pre-Petition ABL Secured Parties and the SCP Secured Parties (each as defined in the Final Order (I) Authorizing the Debtors to (A) Obtain Financing and (B) Utilize Cash Collateral of Pre-Petition Secured Parties, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief, Pursuant to 11 U.S.C. Sections 105, 361, 362, 363(C), (D) & (E), 364(C), (D) & (E) and 507(B) [D.I. 947] (the "DIP Order")), solely with respect to any of the Pre-Petition ABL Obligations or the SCP Obligations (each as defined in the DIP Order) or any other claims or liens granted in the DIP Order or created thereby; provided, however, that, in accordance with the DIP Order, the Pre-Petition ABL Agent, for the benefit of the Pre-Petition ABL Secured Parties, and the SCP Agent, for the benefit of the SCP Secured Parties, are hereby authorized and entitled, in their sole and absolute discretion, but in no event are required, to file (and amend and/or supplement, as they sees fit) aggregate proofs of claim in each of the cases on behalf of all of the Pre-Petition ABL Secured Parties in respect of the Pre-Petition ABL Obligations or any other claims or liens granted in the DIP Order or created thereby, and on behalf of all of the SCP Secured Parties in respect of the SCP Obligations or any other claims or liens granted in the DIP Order or created thereby, as applicable, by the applicable Bar Dates; provided, further, that any proof of claim so filed shall be deemed to be in addition and not in lieu of any other proof of claim that may be filed by any of the Pre-Petition ABL Secured Parties or the SCP Secured Parties, as applicable; and

(g) any entity holding a Gift Card Claim.

In addition, the Bar Date Order provides that the following holders not be required to file an administrative expense claim by the Administrative Expense Claim Bar Date:

(a) any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

(b) any party whose administrative expense claim has been allowed by a prior order of the Court;

(c) any Debtor or any of their non-debtor affiliates (as such term is defined in section 101(2) of the Bankruptcy Code); and

(d) any professional advisor (i.e., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331 or 503 of the Bankruptcy Code.

**NO REQUIREMENT FOR STOCKHOLDERS TO FILE PROOFS OF INTEREST.** Any entity holding an interest in the Debtors (an "Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this motion applies.

**CONSEQUENCES OF FAILURE TO FILE A CLAIM.** Entities that fail to properly file a Proof of Claim Form by the applicable Bar Date shall be forever barred, estopped and enjoined from: (a) asserting any prepetition claim, except for claims under section 503(b)(9) of the Bankruptcy Code and Gift Card Claims, against the Debtors that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature, classification or priority than any claim identified in the Schedules on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in these cases in respect of an Unscheduled Claim.

Further, entities that fail to properly file an Administrative Expense Claim Form by the Administrative Expense Claim Bar Date for Administrative Expense Claims shall: (a) be forever barred, estopped and enjoined from asserting their Administrative Expense Claims against the Debtors; and (b) be prohibited from receiving payment from the Debtors' estates or participating in any distribution under any plan in the Debtors' chapter 11 cases on account of such Administrative Expense Claims.

**ADDITIONAL INFORMATION.** If you require additional information regarding the filing of a claim, you may contact Prime Clerk at (844) 794-3477 or by submitting an inquiry at https://cases.primeclerk.com/radioShack/Home-SubmitInquiry. Copies of the Bar Date Order and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on Prime Clerk's website at: https://cases.primeclerk.com/radioShack/.

Prime Clerk cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, INCLUDING WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR AN ADMINISTRATIVE EXPENSE CLAIM FORM**

[1] The Debtors are the following eighteen entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): RadioShack Corporation (7710); Atlantic Retail Ventures, Inc. (6816); Ignition L.P. (3231); ITC Services, Inc. (1930); Merchandising Support Services, Inc. (4887); RadioShack Customer Service LLC (8866); RadioShack Global Sourcing Corporation (0233); RadioShack Global Sourcing Limited Partnership (8723); RadioShack Global Sourcing, Inc. (3960); RS Ig Holdings Incorporated (8924); RSIgnite, LLC (0543); SCK, Inc. (9220); Tandy Finance Corporation (5470); Tandy Holdings, Inc. (1789); Tandy International Corporation (9940); TE Electronics LP (9965); Trade and Save LLC (3850); and TRS Quality, Inc. (5417). The address of each of the Debtors is 300 RadioShack Circle, Fort Worth, Texas 76102.

## CLASS ACTIONS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, Plaintiffs, v. NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, Defendants. | Civil Action No. 09-7203<br>ECF Case<br>Hon. Jorge L. Alonso<br>Hon. Susan E. Cox |

**SUMMARY NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, (II) SETTLEMENT HEARING, AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All entities that are not governed by ERISA and that participated in Northern Trust's securities lending program through Indirect Lending (as defined below) during the period beginning January 1, 2007 through and including October 31, 2010 (the "Settlement Class Period") and who were alleged to have been damaged thereby.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This is to notify you that the above-captioned class action lawsuit (the "Action") is pending in the United States District Court for the Northern District of Illinois (the "Court"). The Court has preliminarily approved a partial settlement of the Action and has preliminarily certified a Settlement Class with respect to the claims against the Defendants relating to Indirect Lending ("Indirect Lending Claims") (as defined below). The proposed settlement of the Indirect Lending Claims is for $24 million in cash, plus interest thereon, which, after payment of administrative fees, costs and attorneys' fees approved by the Court, will be distributed to Settlement Class Members according to a Plan of Allocation proposed by Co-Lead Counsel or such other plan of allocation as may be approved by the Court. The Action will continue against the Defendants with respect to claims alleged that are not covered by the proposed Settlement.

"Indirect Lending" as used herein and for purposes of the proposed Settlement means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds". The universe of Commingled Lending Funds is listed on Appendix 1 to the full printed Settlement Notice described below and on the Appendix to the Stipulation and Agreement of Partial Settlement of Class Action dated February 17, 2015 (the "Stipulation").[1]

A hearing will be held on August 5, 2015 at 10:30 a.m. before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, Courtroom 1025, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Indirect Lending claims should be dismissed with prejudice; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, which will be filed with the Court on or before July 1, 2015 and available for review by Settlement Class Members, should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the certification of the Settlement Class and the proposed Settlement.** Defendants have identified from their records the entities they believe to be members of the Settlement Class and a more detailed notice of the pendency of the class action and proposed settlement (the "Settlement Notice") was mailed directly to each such entity on May 15, 2015. The Settlement Notice sets forth the rights of Settlement Class Members and important deadlines and is available on the website maintained by the Settlement Administrator, www.NorthernTrustClassAction.com, and on the websites of plaintiffs' counsel, www.blbglaw.com, www.kellerrohrback.com, and www.schneiderwallace.com. PLEASE READ IT CAREFULLY AND IN ITS ENTIRETY.

Entities which received the Settlement Notice by direct mail do not need to do anything to be eligible to receive a distribution from the Settlement proceeds if the Settlement is approved by the Court. Defendants have provided the Settlement Administrator with each Identified Settlement Class Member's relevant investment information for the purpose of calculating their *pro rata* share of the Net Settlement Fund under the plan of allocation that is approved by the Court. If an Identified Settlement Class Member directed Defendants not to provide this information to the Settlement Administrator and Settling Plaintiffs' Counsel, such entity has forfeited all right to any distribution from the Settlement proceeds.

***If you did not receive a copy of the Settlement Notice by direct mail and you believe that you are a member of the Settlement Class***, you have the right to challenge your omission from the class ("Status Challenge"). You are referred to the list of Commingled Lending Funds that appears on Appendix 1 to the Settlement Notice. To be a Settlement Class Member, you must have held units or interests in one or more of those funds during the Settlement Class Period. In order to be eligible to establish your status as a Settlement Class Member, you must submit your challenge to the Settlement Administrator in writing postmarked no later than June 29, 2015 at the following address: *Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al.*, c/o GCG, P.O. Box 9349, Dublin, Ohio 43017-4249. The challenge must set forth a detailed statement of the basis for your belief that you are a Settlement Class Member and must include documentation in support of your position. Status Challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

As described more fully in the Settlement Notice, Settlement Class Members have the right to request exclusion from the class, but any such request must comply with the instructions set forth in the Settlement Notice and must be *received* no later than July 15, 2015. Any Settlement Class Member properly requesting to be excluded from the class will not be bound by any judgment or orders entered by the Court with respect to the Indirect Lending claims and will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than July 15, 2015, in accordance with the instructions set forth in the Settlement Notice which has been posted on the websites noted above.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries may be made to Co-Lead Counsel:

Derek W. Loeser
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
(800) 314-0805
NorthernTrustSettlement@kellerrohrback.com

Avi Josefson
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496
blbg@blbglaw.com

By Order of the Court

[1] This notice is only a summary; the Stipulation controls the terms of the Settlement.

## CLASS ACTIONS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, Plaintiffs, v. NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, Defendants. | CIVIL ACTION NO. 09-CV-1934<br>Hon. Charles Norgle<br>Hon. Susan E. Cox |

**SUMMARY NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION, (II) SETTLEMENT HEARING, AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO SETTLING PLAINTIFFS**

**TO: All entities that are governed by ERISA and that participated in Northern Trust's securities lending program through Indirect Lending (as defined below) during the period beginning January 1, 2007 through and including October 31, 2010 (the "Settlement Class Period") and who were alleged to have been damaged thereby.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This is to notify you that the above-captioned class action lawsuit (the "Action") is pending in the United States District Court for the Northern District of Illinois (the "Court"). The Court has preliminarily approved a settlement of the Action and has preliminarily certified a Settlement Class with respect to the claims against the Defendants. The proposed settlement is for $36 million in cash, plus interest thereon, which, after payment of administrative fees, costs, attorneys' fees, and Incentive Awards to Settling Plaintiffs, as approved by the Court, will be distributed to Settlement Class Members according to a Plan of Allocation proposed by Co-Lead Counsel or such other plan of allocation as may be approved by the Court.

"Indirect Lending" as used herein and for purposes of the proposed Settlement means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds". The universe of Commingled Lending Funds is listed on Appendix 1 to the full printed Settlement Notice described below and on the Appendix to the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation").[1]

A hearing will be held on August 5, 2015 at 10:30 a.m. before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, Courtroom 1025, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and Incentive Awards, which will be filed with the Court on or before June 21, 2015 and available for review by Settlement Class Members, should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the certification of the Settlement Class and the proposed Settlement.** Defendants have identified from their records the entities they believe to be members of the Settlement Class and a more detailed notice of the pendency of the class action and proposed settlement (the "Settlement Notice") was mailed directly to each such entity on May 15, 2015. The Settlement Notice sets forth the rights of Settlement Class Members and important deadlines and is available on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com, and on the websites of plaintiffs' counsel, www.bergermontague.com, www.baileyglasser.com, www.prwlegal.com. PLEASE READ IT CAREFULLY AND IN ITS ENTIRETY.

Entities which received the Settlement Notice by direct mail do not need to do anything to be eligible to receive a distribution from the Settlement proceeds if the Settlement is approved by the Court. Defendants have provided the Settlement Administrator with each Identified Settlement Class Member's relevant investment information for the purpose of calculating their *pro rata* share of the Net Settlement Fund under the plan of allocation that is approved by the Court. If an Identified Settlement Class Member directed Defendants not to provide this information to the Settlement Administrator and Settling Plaintiffs' Counsel, such entity has forfeited all right to any distribution from the Settlement proceeds.

***If you did not receive a copy of the Settlement Notice by direct mail and you believe that you are a member of the Settlement Class***, you have the right to challenge your omission from the class ("Status Challenge"). You are referred to the list of Commingled Lending Funds that appears on Appendix 1 to the Settlement Notice. To be a Settlement Class Member, you must have held units or interests in one or more of those funds during the Settlement Class Period. In order to be eligible to establish your status as a Settlement Class Member, you must submit your challenge to the Settlement Administrator in writing postmarked no later than July 15, 2015 at the following address: *Diebold, et al. v. Northern Trust Investments, N.A. et al.*, c/o Heffler Claims Group, P.O. Box 58100, Philadelphia, PA 19102-8100. The challenge must set forth a detailed statement of the basis for your belief that you are a Settlement Class Member and must include documentation in support of your position. Status Challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

As described more fully in the Settlement Notice, Settlement Class Members have the right to request exclusion from the class, but any such request must comply with the instructions set forth in the Settlement Notice and must be *received* no later than July 15, 2015. Any Settlement Class Member properly requesting to be excluded from the class will not be bound by any judgment or orders entered by the Court and will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and Incentive Awards, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than July 15, 2015, in accordance with the instructions set forth in the Settlement Notice which has been posted on the website noted above.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries may be made to Co-Lead Counsel:

Todd S. Collins
Ellen T. Noteware
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
tcollins@bm.net
enoteware@bm.net

| | |
|---|---|
| Gregory Porter<br>Bailey & Glasser, LLP<br>910 17th Street, NW<br>Suite 800<br>Washington, DC 20006<br>Tel: (202) 463-2101<br>gporter@baileyglasser.com | Joesph C. Peiffer<br>Daniel Carr<br>Peiffer Rosca Wolf Abdullah Carr & Kane<br>201 St. Charles Ave., Suite 4610<br>New Orleans, LA 70170<br>Tel: (504) 586-5270<br>jpeiffer@prwlegal.com<br>dcarr@prwlegal.com |

By Order of the Court

[1] This notice is only a summary; the Stipulation controls the terms of the Settlement.

THE WALL STREET JOURNAL.
LEGAL NOTICES
ADVERTISE TODAY
(800) 366-3975
sales.legalnotices@wsj.com
Place an ad at: wsj.com/classifieds
© 2015 Dow Jones & Company, Inc. All Rights Reserved.
DOW JONES

EXHIBIT C

**Subject:** PR Newswire: Press Release Clear Time Confirmation

**Date:** Thursday, May 28, 2015 at 6:17:07 AM Pacific Daylight Time

## PR NEWSWIRE EDITORIAL

Hello

Here's the clear time* confirmation for your news release:

Release headline: The Law Firms of Berger & Montague, P.C., Bailey & Glasser, LLP, and Peiffer Rosca Wolf Abdullah Carr & Kane announce proposed settlement of Diebold, et al. v. Northern Trust Investments, N.A., et al.
Word Count: 1244
Product Summary:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire's Editorial Order Number: 1333019-1-1

Release clear time: 28-May-2015 09:17:00 AM ET

View your release: http://www.prnewswire.com/news-releases/the-law-firms-of-berger--montague-pc--bailey--glasser-llp-and-peiffer-rosca-wolf-abdullah-carr--kane-announce-proposed-settlement-of-diebold-et-al-v-northern-trust-investments-na-et-al-300089540.html?tc=eml_cleartime

* Clear time represents the time your news release was distributed to the newswire distribution you selected.

Thank you for choosing PR Newswire!
******************************************************************
COMPLIMENTARY SERVICES FOR MEMBERS

Get the most out of your PR Newswire membership! In addition to distributing your news through the industry's largest network, as a PR Newswire member you get Visibility Reports detailing release performance, and complimentary educational and training resources. Visit the Online Member Center to learn more.

For more information, please contact our Information Desk at 888-776-0942, or email PRNCS@prnewswire.com

For a list of worldwide offices, please visit http://prnewswire.mediaroom.com/index.php?s=29545

# The Law Firms of Berger & Montague, P.C., Bailey & Glasser, LLP, and Peiffer Rosca Wolf Abdullah Carr & Kane announce proposed settlement of Diebold, et al. v. Northern Trust Investments, N.A., et al.

 ()   

PHILADELPHIA, May 28, 2015 /PR Newswire/ -- The following statement is being issued by Berger & Montague, P.C.,  Bailey & Glasser, LLP, and Peiffer Rosca Wolf Abdullah Carr & Kane regarding the Northern Trust Securities Litigation.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated,
Plaintiffs, v. NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, Defendants.  CIVIL ACTION NO. 09-CV-1934.  Hon. Charles Norgle.  Hon. Susan E. Cox

**SUMMARY NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION, (II) SETTLEMENT HEARING, AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO SETTLING PLAINTIFFS**

**TO:  All entities that are governed by ERISA and that participated in Northern Trust's securities lending program through Indirect Lending (as defined below) during the period beginning January 1, 2007 through and including October 31, 2010 (the "Settlement Class Period") and who were alleged to have been damaged thereby.**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This is to notify you that the above-captioned class action lawsuit (the "Action") is pending in the United States District Court for the Northern District of Illinois (the "Court"). The Court has preliminarily approved a settlement of the Action and has preliminarily certified a Settlement Class with respect to the claims against the Defendants.  The proposed settlement is for $36 million in cash, plus interest thereon, which, after payment of

administrative fees, costs, attorneys' fees, and Incentive Awards to Settling Plaintiffs, as approved by the Court, will be distributed to Settlement Class Members according to a Plan of Allocation proposed by Co-Lead Counsel or such other plan of allocation as may be approved by the Court.

"Indirect Lending" as used herein and for purposes of the proposed Settlement means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds". The universe of Commingled Lending Funds is listed on Appendix 1 to the full printed Settlement Notice described below and on the Appendix to the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation").[fn-1]

A hearing will be held on August 5, 2015 at 10:30 a.m. before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, Courtroom 1025, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and Incentive Awards, which will be filed with the Court on or before June 21, 2015 and available for review by Settlement Class Members, should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the certification of the Settlement Class and the proposed Settlement.** Defendants have identified from their records the entities they believe to be members of the Settlement Class and a more detailed notice of the pendency of the class action and proposed settlement (the "Settlement Notice") was mailed directly to each such entity on May 15, 2015. The Settlement Notice sets forth the rights of Settlement Class Members and important deadlines and is available on the website maintained by the Settlement Administrator, www.NorthernTrustERISAClassAction.com (http://www.northerntrusterisaclassaction.com/), and on the websites of plaintiffs' counsel, www.bergermontague.com (http://www.bergermontague.com/), www.baileyglasser.com (http://www.baileyglasser.com/), www.prwlegal.com (http://www.prwlegal.com/). PLEASE READ IT CAREFULLY AND IN ITS ENTIRETY.

Entities which received the Settlement Notice by direct mail do not need to do anything to be eligible to receive a distribution from the Settlement proceeds if the Settlement is approved by the Court. Defendants have provided the Settlement Administrator with each Identified Settlement Class Member's relevant investment information for the purpose of calculating their *pro rata* share of the Net Settlement Fund under the plan of allocation that is approved by the Court. If an Identified Settlement Class Member directed Defendants not to provide this information to the Settlement Administrator and Settling Plaintiffs' Counsel, such entity has forfeited all right to any distribution from the Settlement proceeds.

***If you did not receive a copy of the Settlement Notice by direct mail and you believe that you are a member of the Settlement Class,*** you have the right to challenge your omission from the class ("Status Challenge"). You are referred to the list of Commingled Lending Funds that appears on Appendix 1 to the Settlement Notice. To be a Settlement Class Member, you must have held units or interests in one or more of those funds during the Settlement Class Period. In order to be eligible to establish your status as a Settlement Class Member, you must submit your challenge to the Settlement Administrator in writing postmarked no later than July 15, 2015 at the following address: *Diebold, et al. v. Northern Trust Investments, N.A. et al*., c/o Heffler Claims Group, P.O. Box 58100, Philadelphia, PA 19102-8100. The challenge must set forth a detailed statement of the basis for your belief that you are a Settlement Class Member and must include documentation in support of your position. Status Challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

As described more fully in the Settlement Notice, Settlement Class Members have the right to request exclusion from the class, but any such request must comply with the instructions set forth in the Settlement Notice and must be *received* no later than July 15, 2015.  Any Settlement Class Member properly requesting to be excluded from the class will not be bound by any judgment or orders entered by the Court and will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and Incentive Awards, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than July 15, 2015, in accordance with the instructions set forth in the Settlement Notice which has been posted on the website noted above.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries may be made to Co-Lead Counsel:

Todd S. Collins
Ellen T. Noteware
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
tcollins@bm.net (mailto:tcollins@bm.net)
enoteware@bm.net (mailto:enoteware@bm.net)

Gregory Porter
Bailey & Glasser, LLP
910 17th Street, NW
Suite 800
Washington, DC 20006
Tel: (202) 463-2101
gporter@baileyglasser.com (mailto:gporter@baileyglasser.com)

Joesph C. Peiffer
Daniel Carr
Peiffer Rosca Wolf Abdullah
Carr & Kane
201 St. Charles Ave., Suite 4610
New Orleans, LA 70170
Tel: (504) 586-5270
jpeiffer@prwlegal.com (mailto:jpeiffer@prwlegal.com)
dcarr@prwlegal.com (mailto:dcarr@prwlegal.com)
By Order of the Court

[fn-1] This notice is only a summary; the Stipulation controls the terms of the Settlement.


SOURCE Berger & Montague, P.C.; Bailey & Glasser, LLP; Peiffer Rosca Wolf Abdullah Carr & Kane


RELATED LINKS
http://www.bergermontague.com/ (http://www.bergermontague.com/)

http://www.baileyglasser.com (http://www.baileyglasser.com)
http://www.prwlegal.com (http://www.prwlegal.com)