# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION NO. 09-CV-1934<br><br>Hon. Charles Norgle |

## ORDER APPROVING ATTORNEY'S FEES, EXPENSES AND INCENTIVE AWARDS

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to the Identified Settlement Class Members, and that a summary notice of the hearing substantially in the form approved by the Court was published in The Wall Street Journal and was transmitted over the PR Newswire pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorney's fees, incentive awards, and litigation expenses requested,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement of Class Action, dated February 17, 2015 (the "Stipulation"), and unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

3. Notice of Co-Lead Counsel's motion for an award of attorney's fees and reimbursement of Litigation Expenses was provided to the Settlement Class. The form and method of notifying the Settlement Class of the motion for attorney's fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to all entities entitled thereto.

4. Plaintiffs' motion for attorney's fees and expenses and for awards to Plaintiffs, Joseph Diebold and Paul J. Hundt is GRANTED.

5. Class Counsel are awarded attorney's fees in the total amount of $12,000,000.

6. Class Counsel are awarded reimbursement of litigation expenses in the amount of $260,644.65.

7. Named Plaintiffs Joseph Diebold and Paul J. Hundt are awarded $10,000 each for their contributions to this case on behalf of the Class.

8. In making this award of attorney's fees and reimbursement of expenses to be paid from the Settlement Fund, and the awards to the Named Plaintiffs, the Court has considered and found that:

    A. The Settlement has created a fund of $36,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that the Settlement Class

Members will benefit from the Settlement that occurred because of the efforts of Settling Plaintiffs' Counsel and the Named Plaintiffs;

  B. The fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by Settling Plaintiffs, who oversaw the prosecution and resolution of the Indirect Lending claims asserted in the Action;

  C. Copies of the Settlement Notice were mailed to the Identified Settlement Class Members stating that Co-Lead Counsel would apply for attorney's fees in an amount not to exceed one third of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $475,000, and there were no objections to the requested attorney's fees and expenses;

  D. Settling Plaintiffs' Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance and diligent advocacy;

  E. The claims asserted in the Action raised a number of complex issues;

  F. Had Settling Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Settling Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants in the Action;

  G. The hourly rates on which Settling Plaintiffs' Counsel's lodestar are based are reasonable; and

  H. The amounts of attorney's fees awarded and expenses to be reimbursed from the Settlement Fund, and the amount of the awards to the Named Plaintiffs, are fair and reasonable and consistent with awards in similar cases.

9. Any appeal or any challenge affecting this Court's approval regarding any attorney's fees and expense application or awards to the Named Plaintiffs shall in no way disturb or affect the finality of the Judgment.

10. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Order shall be vacated and rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: 8/10/2015  _____