## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, | ) ) ) ) ) | CIVIL ACTION NO. 09-CV-1934<br><br>Hon. Charles Norgle<br>Hon. Susan E. Cox |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN TRUST INVESTMENTS, N.A. and THE NORTHERN TRUST COMPANY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>JUDGMENT ON STIPULATION AND AGREEMENT OF SETTLEMENT OF CLASS ACTION</u>

WHEREAS, (a) plaintiffs Joseph L. Diebold, Jr. ("Diebold"), on behalf of himself and the ExxonMobil Savings Plan, and Paul J. Hundt ("Hundt"), on behalf of himself and the Texas Instruments 401(k) Savings Plan (collectively, the "Settling Plaintiffs"), each of the foregoing on behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or "Defendants") have entered into a Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of all claims asserted in the above-referenced litigation (the "Action") against Defendants by Settling Plaintiffs and the other Settlement Class Members on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated March 17, 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily certified the Settlement Class for settlement purposes; (b) preliminarily approved the proposed Settlement of part of this Action; (c) provided, in compliance with the Illinois Banking Act, for certain notice of disclosure of certain financial information about Settlement Class Members to be provided to such Settlement Class Members pursuant to the Illinois Banking Act, and ordered disclosure of such information to the Settlement Administrator and, as appropriate, Settling Plaintiffs' Counsel, after such notice was given; (d) established a plan for notice of the Settlement and providing Settlement Class Members with an opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) appointed a Settlement Administrator;

WHEREAS, by Order dated March 18, 2015, this Court scheduled a hearing regarding final approval of the Settlement and Co-Lead Counsel's motion for fees and Litigation Expenses and Incentive Awards;

WHEREAS, due and adequate notice has been given to the Settlement Class as directed by the Preliminary Approval Order;

WHEREAS, no objections to the Settlement were served by Settlement Class Members;

WHEREAS, the Court conducted a hearing on August 5, 2015 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing with prejudice, as described more fully herein, all claims asserted in the Action against Defendants by the Settling Plaintiffs and other Settlement Class Members; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, the reports of the Independent Fiduciary, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action,  and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 18, 2015 and attached hereto as Exhibit A; (b) the Banking Notice filed with the Court on February 18, 2015; (c) the Cover Letter, Settlement Notice (including the Plan of Allocation with Appendices and Tables), and Summary Notice filed with the Court on June 19, 2015; and (d) the modified version of Table A to the Plan of Allocation attached to the Settlement Notice, which was submitted to the Court on August 6, 2015.

3.     **Class Certification for Settlement Purposes:**     The Court hereby affirms and finalizes its determinations in the Preliminary Approval Order certifying, solely for purposes of the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure with respect to the Settlement Class consisting of all entities that are governed by ERISA and that participated in Indirect Lending during the Settlement Class Period (*i.e.*, the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in the Action and from fees charged to the Commingled Lending Funds at issue in this Action.  Excluded from the Settlement Class are

(i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund.

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as class representatives for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class. Named Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:** The Court finds that the dissemination of the Banking Notice, Cover Letter and Settlement Notice, the publication of the Summary Notice, and the disclosure of information pursuant to the Banking Notice: (i) were implemented in accordance with the Preliminary Approval Order (and, as to the Banking Notice, in accordance with the Illinois Banking Act); (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases provided for therein), of the proposed

4

Plan of Allocation, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

6. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Settlement Class Released Claims as against the Defendants' Releasees and the Defendants' Released Claims as against the Settling Plaintiffs' Releasees; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Settling Plaintiffs and the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. Subject to paragraph 16 herein, as of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), any and all of the claims asserted in the Action against Defendants by Settling Plaintiffs and Settlement Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect:** Subject to paragraph 16 herein, the terms of the Stipulation and of this Judgment (including the releases set forth in paragraph 9 herein) shall be forever binding on Defendants, Settling Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member seeks or obtains a distribution from the Net Settlement Fund, exercises its right to Challenges, or objects to disclosure of its Investment Data to the Settlement Administrator and Settlement Class Counsel), as well as their respective heirs, executors, administrators, predecessors, successors, assigns, and members of their Immediate Families.

9. **Releases:** The releases set forth in Paragraphs 4 and 5 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a) Settling Plaintiffs and the Settlement Class Members, on their own behalf; and on behalf of all persons or entities (including pension, retirement, savings, and 401(k) plans, systems, and funds) on whose behalf each of the foregoing has standing to assert, individually or collectively, in full or in part, any Settlement Class Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries and members; and on behalf of each of all of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf any Settling Plaintiff or Settlement Class Member, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised,

settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Settlement Class Released Claims as against each and all of the Defendants' Releasees; and (b) to be forever enjoined from asserting or prosecuting any Settlement Class Released Claims as against each and all of the Defendants' Releasees.  This Release shall not apply to any Non-Settled Claim; and

(b)    Defendants, on their own behalf;  and on behalf of all persons or entities on whose behalf any of the Defendants has standing to assert, individually or collectively, in full or in part, any Defendants' Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future fiduciaries, beneficiaries, members, participants, affiliates, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Defendants' Released Claim on behalf of any Defendant, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Defendants' Released Claims as against each and all of the Settling Plaintiffs and the Settling Plaintiffs' Releasees; and (b) to be forever enjoined from asserting or prosecuting any Defendants' Released Claims as against each and all of the Settling Plaintiffs and the other Settling Plaintiffs' Releasees. This Release shall not apply to Defendants' Reserved Claims.

10.    No person or entity shall have any claim or cause of action, however denominated, whatsoever against the Defendants' Releasees, or their counsel, arising from or related to any distributions made, or not made, from the Settlement Fund, and any such claims or causes of action, however denominated, are fully and finally released and discharged.

11.     **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action.

12.     **No Admissions:** Neither this Judgment; nor the Preliminary Approval Order; nor the Settlement; nor the Stipulation including the exhibits thereto and the Plan of Allocation appended to the Settlement Notice (or any other plan of allocation that may be approved by the Court); nor the Supplemental Agreement; nor the selection, actions, or findings of the Independent Fiduciary; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments); nor any negotiations, discussions, drafts, exchange of information or documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, ERISA violation,

breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, ERISA violation, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation; or in any way referred to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered by the Settlement Class after trial with respect to their claims;

provided, however, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction:**  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses and/or for Incentive Awards to the Settling Plaintiffs by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Settlement Class Members for all matters relating to the Settlement, including resolution of Challenges; and (g) the Settlement for all other purposes.

14.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and for Incentive Awards to the Settling Plaintiffs.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of Settlement Agreement:**  Without further approval from the Court, Settling Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Settling Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

17.     **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

SO ORDERED this 10 day of, August 2015.

_____
The Honorable Susan E. Cox
United States Magistrate Judge

11

**Exhibit A**

**[Stipulation]**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR., on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 09-Civ-1934<br><br>Hon. Charles Norgle<br><br>Hon. Susan E. Cox |

STIPULATION AND AGREEMENT OF
SETTLEMENT OF CLASS ACTION

     Subject to approval of the Court, this Stipulation and Agreement of Settlement of Class Action (the "Stipulation") dated as of February 17, 2015, is entered into between (a) plaintiffs Joseph L. Diebold, Jr. ("Diebold"), on behalf of the ExxonMobil Savings Plan, and Paul J. Hundt ("Hundt"), on behalf of the Texas Instruments 401(k) Savings Plan (collectively, the "Settling Plaintiffs"), each of the foregoing on behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or "Defendants"), by and through their respective undersigned signatories, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to approval of the Court and the terms and conditions expressly provided for herein, this Settlement is intended to fully, finally, and

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 of this Stipulation.

forever settle and release (a) all Settlement Class Released Claims by the Settling Plaintiffs and the Settlement Class, as against all Defendants' Releasees and (b) all Defendants' Released , Claims by the Defendants as against all Settling Plaintiffs' Releasees.

WHEREAS:

A.      On March 30, 2009, plaintiff Diebold filed a putative class action complaint in this Court alleging that Defendants, among other things, imprudently invested collateral received to secure the loan of securities from the Commingled Lending Funds in connection with Northern Trust's securities lending program. That complaint asserted claims against Defendants for breach of fiduciary duty, failure to prudently and loyally manage plan assets, and violations of "prohibited transaction" rules under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

B.      On April 1, 2009, plaintiff Diebold filed a corrected complaint to fix an error in the caption of the original complaint.

C.      On December 3, 2009, plaintiff Diebold filed an Amended Class Action Complaint ("Amended Complaint") that added Paul J. Hundt as an additional plaintiff and asserted claims against Defendants for breach of fiduciary duty, failure to prudently and loyally manage plan assets, and violations of "prohibited transaction" rules under ERISA.

D.      On February 16, 2010, Defendants moved to dismiss the Amended Complaint. On September 7, 2010, the Court issued a Memorandum Opinion and Order that granted in part and denied in part Defendants' motion to dismiss.

E.      On November 29, 2010, Defendants filed an answer to the Amended Complaint. Defendants denied the claims asserted in the Amended Complaint and asserted multiple affirmative defenses.

F.      On December 23, 2010, Plaintiffs filed Answers to Defendants' Affirmative Defenses. Collectively, all of the complaints referenced in paragraphs A through E herein shall be referred to as the "Initial Complaints."

G.      On February 15, 2012, Plaintiffs sought leave to file a Second Amended Class Action Complaint in order to add claims that Defendants breached their fiduciary duties by charging and collecting unreasonable fee compensation for the securities lending services provided to the Commingled Lending Funds and to assert a revised prohibited transaction claim.

H.      On September 10, 2012, the Court permitted Plaintiffs to file their Second Amended Complaint to assert their excessive fee claim, but not their revised prohibited transaction claim. Plaintiffs filed a revised Second Amended Complaint (the "Second Amended Complaint") on October 1, 2012, alleging that Defendants; among other things, breached their fiduciary duties under ERISA § 404(a), by investing plan assets recklessly and imprudently, by acting disloyally, and by causing losses to the plans, and that Defendants breached fiduciary duties and engaged in prohibited transactions by collecting unreasonable fees and othel,' compensation in connection with the securities lending program they set up and administered.

I. On October 31, 2012, Defendants answered the Second Amended Complaint, denying the material allegations therein and denying any liability or wrongdoing. Defendants asserted multiple affirmative defenses, including, but not limited to, that the Defendants acted reasonably and in good faith at all times and in accordance and consistent with ERISA and the terms of plan documents; Defendants made all appropriate disclosures to investors; and

Plaintiffs did not rely on Defendants in making investments decisions or taking any actions referenced in the Second Amended Complaint.

   J.   On February 27, 2012, Plaintiffs filed a Motion for Class Certification. On May 16, 2012, Defendants filed their response. Plaintiffs filed their reply on September 26, 2012, and Defendants filed a sur-reply brief on December 17, 2012.

   K. Discovery in the Action commenced in 2010 with the required Rule 26 discovery conference. Beginning in 2010, the parties served voluminous document production requests on each other. Discovery has been extensive. Over the course of many months, the parties engaged in numerous discovery conferences and hearings. In response to discovery requests, Defendants have produced, and Plaintiffs have reviewed, hundreds of thousands of pages of documents, which include documents and written discovery responses produced in response to discovery promulgated in this Action as well as documents and written discovery responses re-produced in this Action from *BP Corp. North America Inc. Savings Plan Inv. Oversight Comm. v. Northern Trust Invs.,* 08-cv-06029 (N.D. Ill.), and *FedEx Corp. v. The Northern Trust Co.,* 08-cv-02827 (W.D. Tenn.). This discovery also included depositions of a range of witnesses, including both plaintiff Diebold and plaintiff Hundt.

   L.   The parties first began discussing a potential resolution of this Action in late 2012. On May 9, 2013, a private mediation was conducted by Judge Morton Denlow (Ret.), a retired United States Magistrate Judge for the United States District Court, Northern District of Illinois. At the mediation, the parties made presentations to each other and to Judge Denlow regarding the strengths and weaknesses of their respective positions. While the parties were unable to reach a resolution at the mediation, they continued to discuss resolving the Action during informal communications thereafter. In early January 2014, the parties agreed in

principle to resolve the Action, contingent on certain terms and conditions, which are set forth herein.

M.     This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned attorney signatories on behalf of their respective clients, and by the undersigned Northern Trust personnel on behalf of their respective firms, and reflects the final and binding agreement between the Settling Parties.

N.     Based upon their investigation, prosecution, and mediation of the Action, the Settling Plaintiffs and Settling Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to the Settling Plaintiffs and the other members of the Settlement Class, and in their best interests. Based upon the Settling Plaintiffs' direct oversight of the prosecution of this matter along with the input of Settling Plaintiffs' Counsel, each of the Settling Plaintiffs has agreed to settle and release the Settlement Class Released Claims on the terms and conditions of this Stipulation, after considering (a) the substantial benefits that the Settling Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement, (b) the attendant risks of continued litigation of the claims and allegations asserted on behalf of the Settlement Class in this Action, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

0.  This Stipulation constitutes a compromise of  all claims that are in dispute between the Settling Parties. However, each of the Defendants denies any wrongdoing, and this Stipulation is not, and shall in no event be construed or deemed to be, evidence, or an admission or concession on the part of any of the Defendants' Releasees, with respect to any claim or allegation of any fault, liability, wrongdoing, injury, loss, or damages whatsoever, or

with respect to any infirmity in the defenses that the Defendants have, or could have, asserted in the Action. Defendants expressly deny that Settling Plaintiffs have asserted any valid claims as to any of Defendants' Releasees, and expressly deny any and all allegations of fault, liability, wrongdoing, injury, loss, or damages whatsoever. Defendants are entering into this Stipulation solely to eliminate the burden, expense and distraction of further litigation in this Action. Similarly, this Stipulation is not, and shall in no event be construed or deemed to be evidence, or an admission or concession on the part of any Settling Plaintiffs' Releasees, of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' affirmative defenses to liability or counterclaims had any merit. Each of the Settling Parties recognizes and acknowledges that this settlement of the Action has been undertaken voluntarily and with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among the Settling Plaintiffs (individually and on behalf of the Settlement Class) and Defendants, by and through their respective undersigned signatories and subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties, the Settling Plaintiffs' Releasees, and the Defendants' Releasees from the Settlement, all Settlement Class Released Claims and all Defendants' Released Claims shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice in accordance with and subject to the terms and conditions set forth herein.

## DEFINITIONS

1.    As used in this Stipulation, and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" or "Diebold Action" means the action styled *Joseph L. Diebold, et al. v. Northern Trust Investments, N A., et al.,* Civil Action No. 09-1934, pending in the Court.

(b)    "Authorized Payee" means a Settlement Class Member which is approved by the Court pursuant to the Class Distribution Order or other order of the Court to receive a payment from the Net Settlement Fund.

(c)    "Banking Notice" means the notice to be sent to Identified Settlement Class Members, substantially in the form attached hereto as Exhibit 1 to Exhibit A, by mail or e-mail by Defendants no later than ten (10) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Firefighters Action, whichever is later. The date that such notice is sent shall be referred to as the "Banking Notice Date."

(d)    "Challenge" or "Challenges" means an Investment Challenge or a Status Challenge.

(e)    "Class Distribution Order" means an order entered by the   Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Payees.

(f)    "Co-Lead Counsel" means, by agreement of Settling Plaintiffs' Counsel, the law firms of Bailey & Glasser LLP, Berger & Montague, P.C., and Peiffer Rosca Wolf Abdullah Carr & Kane, APLC. Defendants shall have no liability associated with any disputes or issues whatsoever between and among Co-Lead Counsel and Settling Plaintiffs' Counsel,

including identification of and roles as Co-Lead Counsel or solely as Settling Plaintiffs' Counsel.

(g) "Commingled Lending Funds" means the collective funds for which NTI serves as trustee and (i) for which NTC ever served as securities lending agent, and that participated, on one or more of the Relevant Dates, in Northern Trust's securities lending program by lending out some portion of each of their investment portfolios, or (ii) which held units of the collective funds described in (i) above; including, without limitation, the NTGI, NTGI-QM, and NT funds. The universe of Commingled Lending Funds is listed in the Appendix to this Stipulation.

(h) "CORE USA" means the Core U.S.A. Collateral Section for the time period before and up until the close of the market on November 8, 2008. For the period subsequent to the close of the market on November 8, 2008, solely for purposes of this defined term, CORE USA means the NTCC and NTGI-QM Collateral Section, also referred to colloquially as the Funds Collateral Pool ("PCP"). For the sake of clarity, for the period subsequent to the close of the market on November 8, 2008, solely for the purposes of this defined term, the term "Core USA" shall *not* refer to the Core U.S.A. Collateral Section, in which section the Commingled Lending Funds had no interest after that date and time.

(i) "Court" means the United States District Court for the Northern District of Illinois.

G) "Cover Letter" means the letter accompanying the Settlement Notice to be mailed by the Settlement Administrator to each Identified Settlement Class Member setting forth such class member's Investment Data on the Relevant Dates, substantially in the form attached as Exhibit 2 to Exhibit A.

8

(k) "Defendants" or "Northern Trust" means Northern Trust Investments, N.A. (now known as and including Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC").

(l) "Defendants' Counsel" means the law firms of Winston & Strawn LLP and Mayer Brown LLP.

(m) "Defendants' Released Claims" means, to the fullest extent allowed by law, any and all claims, damages, losses, suits, proceedings, debts, demands, duties, liabilities, rights, remedies, or causes of action of every nature and description whatsoever, whether known claims or Unknown Claims; whether based on federal, state, local, or foreign law; whether based on statutory law, common law, administrative law, rule, regulation, or other source of law; whether fixed or contingent; whether foreseen or unforeseen; whether matured or unmatured; whether accrued or unaccrued; whether liquidated or unliquidated; whether at law or in equity; whether class or individual in nature; and whether direct, indirect, or derivative in nature, against each and every of the Settling Plaintiffs' Releasees that (i) relate to the approval by the Independent Fiduciary of the Settlement as set forth in ¶¶ 12-15 herein; or (ii) arise from the institution, prosecution and settlement of the claims asserted in this Action against Defendants by Settlement Class Members. Defendants' Released Claims do not include, release, bar, waive, impair, prejudice, enjoin, or otherwise impact: (i) claims relating to the enforcement of the Settlement; (ii) claims against any entity that submits a Request for Exclusion from the Settlement Class that is accepted by the Court; (iii) Direct Lending claims; (iv) claims against Settlement Class Members that do not fall within the definition of Defendants' Released Claims; and (v) Defendants' Reserved Claims.

(n)  "Defendants' Releasees" means (i) Northern Trust Corporation, NTI, and NTC, and each of their respective present, former, and future affiliates, subsidiaries,  and parents; (ii) for  each of the foregoing entities, any entities in which each or they .have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries, and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i) and (ii), their respective predecessors, successors, estates, heirs, executors,  trusts,  trustees, administrators, family members, agents, representatives, and assigns,  in their  capacities  as such.

(o)  "Direct Lending" means any investor's participation in Northern Trust's securities lending program pursuant to an agreement to lend that investor's own securities, under which that investor's collateral from securities lending was invested in any Northern Trust collateral reinvestment vehicle. Investment in a Commingled Lending Fund is not and does not constitute "Direct Lending."

(p)  "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in if 45 of this Stipulation have been met, have been waived, or have occurred, as set forth in that paragraph.

(q)  "ERISA" means the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.,* and regulations, rulings and other guidance issued thereunder, as they may be amended from time to time.

(r) "Escrow Account" means an account maintained by the Escrow Agent at Branch Banking and  Trust Company to hold the Settlement Fund, which account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the

Court until such time as the funds therein shall be distributed or returned pursuant to the terms of this Stipulation and/or order of Court, and in which the Settlement Amount shall be deposited and held in escrow in an interest-bearing account, to the extent possible, as further described in this Stipulation.

(s) "Escrow Agent" means Branch Banking and Trust Company that the Settling Plaintiffs, in the exercise of their reasonable judgment and diligence, selected.

(t) "Escrow Agreement" means the agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account, all in accordance with this Stipulation.

(u) "Final," with respect to the Judgment, or with respect to the judgment to be entered in the Firefighters Action (the "Firefighters Judgment"), means the later of the following circumstances: (i) if there is an appeal from the judgment, the later of the date of (a) final dismissal of such appeal or appellate challenge, or the final dismissal of any proceeding on certiorari or otherwise to review the judgment, or (b) the date on which the judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance of the judgment following review pursuant to that grant; or (ii) the expiration of the time for the filing or noticing of any appeal from or appellate challenge to the judgment. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of settlement proceeds (as submitted or subsequently modified), or (iii) the requested Incentive Awards in the Diebold

11

Action, shall not in any way delay or preclude the Judgment or the Firefighters Judgment, as applicable, from becoming Final.

(v) "Final Approval Hearing" or "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(w) "Firefighters Action" means the action styled *Louisiana Firefighters, et al. v. Northern Trust Investments, N A., et al.,* Civil Action No. 09-7203, pending in the Court.

(x) "Firefighters Settlement" means the proposed settlement of the Firefighters Action.

(y) "Fund Distribution Amount" means a Settlement Class Member's calculated distribution amount for each Commingled Lending Fund in which it was invested · under the terms of the Plan of Allocation or such other plan of allocation as may be approved by the Court.

(z) "Identified Settlement Class Members" means all entities identified by Defendants that (i) are governed by ERISA; (ii) participated in Indirect Lending during the Settlement Class Period; and (iii) are alleged to have been damaged as a result of the alleged ERISA violations in this Action. Excluded from the definition of Identified Settlement Class Members are: (i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged

12

in Indirect Lending is not excluded from the definition of Identified Settlement Class Member, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund.

(aa) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(bb) "Incentive Awards" means the incentive awards that Plaintiffs' Counsel may seek from the Court, to be paid out of the Settlement Fund, on behalf of Plaintiffs Diebold and Hundt, in recognition of their service on behalf of the Class, in an amount not to exceed $15,000 apiece.

(cc) "Independent Fiduciary" means an independent fiduciary selected by Co-Lead Counsel, subject to Defendants' Counsel's approval, for the purpose of reviewing and, if appropriate, approving the Settlement on behalf of Settlement Class Members, as provided in ¶¶ 12-13 below. "Independent Fiduciary" also means the fiduciary selected by Co-Lead Counsel, subject to Defendants' Counsel's approval, for the purpose of reviewing and, if appropriate, approving and authorizing the Settlement on behalf of the ExxonMobil Savings Plan ("Exxon Plan") and the Texas Instruments 401(k) Savings Plan ("TI Plan"), as described in ¶ 14 below. The same fiduciary may serve as the Independent Fiduciary with respect to both Settlement Class Members and the Exxon Plan and the TI Plan. In retaining the Independent Fiduciary, Co-Lead Counsel will determine that the Independent Fiduciary has no relationship to, or interest in, any of the Settling Parties that might affect the exercise of its best judgment as an independent fiduciary to the Settlement Class Members and the Exxon Plan and the TI

Plan; that the Independent Fiduciary will acknowledge in its written reports (see ¶¶ 12-15 herein) the foregoing independence and that it is a fiduciary with respect to the Settlement on behalf of the Settlement Class Members, and the releasing persons and entities under ¶ 4 herein, and Settling Plaintiffs' Releasees and the Exxon Plan and the TI Plan; and that the Independent Fiduciary will maintain or cause to be maintained for the period of six years the records described in PTE 2003-39.

(dd) "Indirect Lending" means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of "units" or interests in Commingled Lending Funds.

(ee) "Investment Amount(s)" means the amount(s) determined by Defendants from their client records (with no obligation to seek information additional to same) and provided to the Settlement Administrator, as set forth in ¶ 25 below, as to each Identified Settlement Class Member's investment(s) in Commingled Lending Funds on the Relevant Dates, as well as such amounts to be determined by Defendants and provided to the Settlement Administrator for any other entity which, pursuant to a Status Challenge, is determined to be a Settlement Class Member.

(ff) "Investment Challenge" means a Settlement Class Member's challenge to the accuracy of the Investment Amount(s) and/or the Commingled Lending Fund(s) in which it invested as set forth in the Cover Letter.

(gg) "Investment Data" means, for each Identified Settlement Class Member or entity which, pursuant to a Status Challenge, is determined to be a Settlement Class Member, the identity of the foregoing as a Northern Trust client that bought or held units in the Commingled Lending Funds and its contact information; the Investment Amount(s) as well as

14

the Commingled Lending Fund(s) in which each of the foregoing was invested on the Relevant Dates as determined by Defendants from their client records (with no obligation to seek information additional to same); and such additional information that may be relevant to resolving questions, if any, as to the proper monetary distribution to which each of the foregoing may be entitled pursuant to the Settlement.

(hh) "Judgment" means an order of judgment, substantially m the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(ii) "Litigation Expenses" means the reasonable costs and expenses incurred by Co-Lead Counsel in connection with commencing and prosecuting the Action, for which Co-Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(jj) "Net Settlement Fund" means the Settlement Fund less any: (i) Taxes; (ii) Notice and Administration Costs; (iii) Litigation Expenses awarded by the Court; (iv) attorneys' fees awarded by the Court; and (v) Incentive Awards approved by the Court.

(kk) "Non-Settled Claims" means (i) any claims for alleged injury, loss, or damages from investments with or through Northern Trust other than investments or interests in Commingled Lending Funds by Settlement Class Members; and (ii) any claims of any entity which submits a Request for Exclusion that is accepted by the Court. Accordingly, any claims (including, without limitation, counterclaims, third-party claims, and claims for contribution and indemnification), defenses, and affirmative defenses of Defendants' Releasees intended or directed to reducing, limiting, or eliminating their liability or an award of any kind (including damages) against, or recovering amounts from, them as to (i) and (ii) in the preceding sentence are not being released or settled under this Stipulation ("Defendants' Reserved Claims"). For clarity, (a) in the case of a Settlement Class Member that engaged in, and sustained injury, loss,

15

or damages from, both Direct Lending and Indirect Lending, such a Settlement Class Member would not be settling its Direct Lending claims, and thus those Direct Lending claims are Non-Settled Claims and Defendants' Reserved Claims as to that Settlement Class Member's non-settled Direct Lending claims are also not settled hereby; and (b) to the extent that Commingled Funds engaged in Direct Lending, such lending by the funds does not fall within and is not affected by the definition of Non-Settled Claims.

(ll) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Settlement Administrator in connection with (i) providing notices to the Settlement Class and (ii) administering the Settlement, as well as the costs, fees and expenses incurred in connection with the Escrow Account. Notice and Administration Costs do not include the costs of transmitting the Banking Notice to be sent to Identified Settlement Class Members by Defendants, nor any costs associated with collection of the data set forth in if 25, nor the fees and costs of the Independent Fiduciary for the work described in ii! 12-13 with respect to the Independent Fiduciary's report on behalf of all Settlement Class Members, which costs shall be borne by Defendants. For the sake of clarity, Defendants shall not bear any fees and costs with respect to the Independent Fiduciary's reports on behalf of the Exxon Plan and the TI Plan, as described in if 14.

(mm) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund appended to the Settlement Notice.

(nn) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that the Banking Notice and thereafter the Settlement Notice and Cover Letter be

provided to the Identified Settlement Class Members and that the Summary Notice be published.

(oo) "Releasee(s)" means each and every of the Defendants' Releasees and each and every of the Settling Plaintiffs' Releasees. For the sake of clarity, the Independent Fiduciary referred to in ¶¶ 12-14 is not a Releasee.

(pp) "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(qq) "Relevant Dates" means, as to CORE USA, the following two dates: September 19, 2008 and April 19, 2010; and, as to STEP, the following three dates: January 5, 2007, September 19, 2008 and August 31, 2010.

(rr) "Request for Exclusion" means any request for exclusion from the Settlement Class, as further described in the Settlement Notice, Summary Notice, and Preliminary Approval Order. A Request for Exclusion shall apply to the Settlement Class Member making the request. For the sake of clarity, should a Settlement Class Member have investments in Commingled Lending Funds through multiple Northern Trust accounts, a Request for Exclusion shall apply to all of those accounts. The Court shall make its final determinations as to the acceptance and rejection of Requests for Exclusion prior to entry of the Judgment.

(ss) "Second Amended Complaint" means the Second Amended Class Action Complaint filed by Plaintiffs in the Action on October 1, 2012.

(tt) "Settlement" means this Stipulation (and all attachments thereto) and the settlement contained herein.

(uu) "Settlement Administrator" means the firm retained by Co-Lead Counsel on behalf of the Settlement Class, subject to approval of the Court, to administer the Settlement.

(vv) "Settlement Amount" means the total amount of Thirty-Six Million Dollars ($_36,000,000) in cash.

(ww) "Settlement Class" means, solely for purposes of the Settlement, all entities that are governed by BRISA and that participated in Indirect Lending during the Settlement Class Period and are alleged to have been damaged as a result of the alleged BRISA violations in this Action, including the collateral investments from their participation in the Indirect Lending at issue in this Action and from fees charged to the Commingled Lending Funds at issue in this Action. Excluded from the Settlement Class are: (i) persons or entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person; and (iii) entities that exclude themselves by submitting a Request for Exclusion that is accepted by the Court. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund.

(xx) "Settlement Class Member" means each legal entity that is a member of the Settlement Class.

(yy) "Settlement Class Period" means the period beginning January 1, 2007 through and including October 31, 2010.

(zz) "Settlement Class Released Claims" means, to the fullest extent allowed by law, any and all claims, damages, losses, suits, proceedings, debts, demands, duties, liabilities, rights, remedies, or causes of action of every nature and description whatsoever, whether known claims or Unknown Claims; whether based on federal, state, local, or foreign law; whether based on statutory law, common law, administrative law, rule, regulation, or other source of law; whether fixed or contingent; whether foreseen or unforeseen; whether matured or unmatured; whether accrued or unaccrued; whether liquidated or unliquidated; whether at law or in equity; whether class or individual in nature; and whether direct, indirect, or derivative in nature, against each and every Defendants' Releasee, that (i) relate to the approval by the Independent Fiduciary of the Settlement as set forth in ifif 12-15 herein; or (ii) arise out of or are based upon Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014 that (a) have been asserted in the Action or the Initial Complaints; or (b) that could have been asserted in any forum that arise out of, relate to, or are based upon the claims and allegations in the Action from the beginning of the Settlement Class Period through and including January 13, 2014, including but not limited to the acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences alleged that relate to Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014, through Northern Trust's securities lending program, including the investment of securities lending collateral; the holding of such investments; principal, interest, income, and revenue losses from Indirect Lending; fees, costs, and other charges associated with Indirect Lending;

any and all declarations of trust or trust instruments concerning or governing the Commingled Lending Funds; any and all agreements governing Settlement Class Members' Indirect Lending, including collective fund custody agreements, direction letters, and investment management agreements; and any and all unlawful or improper conduct of the Commingled Lending Funds' participation in the securities lending program. Settlement Class Released Claims do not include, release, bar, waive, impair, prejudice, enjoin, or otherwise impact claims relating to the enforcement of the Settlement, any Non-Settled Claim, or any claims against Defendants' Releasees that do not fall within the definition of Settlement Class Released Claims, nor is the right (if any) of any Settling Plaintiffs, Settlement Class Members and all other persons and entities who or which are releasing the Settlement Class Released Claims to participate in the distribution of any funds recovered from any Defendant or any other Defendants' Releasee by any federal governmental or federal regulatory agency, including as a result of any judgment obtained in litigation brought by any federal governmental or federal regulatory agency, in any way compromised, limited or impaired by the release of the Settlement Class Released Claims.

(aaa) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(bbb) "Settlement Hearing Scheduling Order" means the order to be entered by the Court after the Preliminary Approval Orders in this Action and the Firefighters Action have been entered setting the date and time for the Settlement Hearing.

(ccc) "Settlement Notice" means the Notice of (i) Preliminary Certification of Settlement Class, and Proposed Settlement of Class Action; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and

2

Incentive Awards, substantially in the form attached hereto as Exhibit 3 to Exhibit A, which is to be mailed by the Settlement Administrator to Identified Settlement Class Members.

(ddd) "Settling Parties" means (i) Defendants and (ii) the Settling Plaintiffs on behalf of themselves and the Settlement Class.

(eee) "Settling Plaintiffs" means Joseph L. Diebold, Jr. and Paul J. Hundt, and each of their respective plans, respectively, the Exxon Plan and the TI Plan.

(fff) "Settling Plaintiffs' Counsel" means Co-Lead Counsel and the law firms of Keller Rohrback L.L.P., Schneider Wallace Cottrell Konecky LLP, Cooper & Scully, P.C., and Susman Godfrey.

(ggg) "Settling Plaintiffs' Releasees" means (i) the Settling Plaintiffs, and any and all other members of the Settlement Class, and each of their respective present, former, and future affiliates, subsidiaries, and parents, (ii) for each of the foregoing persons and entities, any entities in which each or they have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i) and (ii), their respective predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, family members, agents, representatives arid assigns, in their capacities as such.

(hhh) "Status Challenge" means a challenge brought by an entity which is not an Identified Settlement Class Member asserting that it is a Settlement Class Member, or by an entity challenging its identification as a Settlement Class Member in this Action as opposed to a member of the settlement class in the Firefighters Action.

(iii) "STEP" means the NTGI Collective Short Term Extendable Portfolio.

2

Gjj) "Summary Notice" means the Summary Notice of (i) Preliminary Certification of Settlement Class, and Proposed Settlement of Class Action, (ii) Settlement Hearing, and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Incentive Awards, substantially in the form attached hereto as Exhibit 4 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(k:kk)"Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund or that are otherwise applicable to the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Settling Plaintiffs' Counsel in determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(Ill) "Unknown Claims" means any Settlement Class Released Claims or Defendants' Released Claims which any releasing party, person, or entity does not know or suspect to exist in his, her, or its favor at the time this Stipulation is executed, approved, or becomes effective, *even if,* had any such claims been known by any of the foregoing, it might have affected his, her, or its decision(s) with respect to the Settlement and releases of such herein, or might have affected his, her, or its decision to enter into or not to object to this Settlement or not to file a Request for Exclusion. The Settling Parties acknowledge that they may hereafter discover facts or legal theories or authorities in addition to or different from those that they now know or believe to be true. Notwithstanding the foregoing, with respect to any and all Settlement Class Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date of the Settlement, the Settling

2

Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and all of the other releasing parties, persons, or entities shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any federal law; law of any locality, state, or territory of the United States; or principle of common law or foreign law; or any other law, which is similar, comparable, or equivalent to California Civil Code §1542 which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver and release of Unknown Claims was separately bargained for and is a material element of the Settlement.

## COURT APPROVAL OF SETTLEMENT

2.      Within seven (7) business days of execution of this Stipulation or execution of the stipulation of settlement in the Firefighters Action, whichever is later, the Settling Plaintiffs will move for entry of a Preliminary Approval Order, substantially in the form attached hereto as Exhibit A, preliminarily approving the Settlement; certifying only for settlement purposes the Settlement Class set forth in the Preliminary Approval Order, to which Defendants do not object; directing that the Banking Notice, Settlement Notice, and Cover Letter be provided to Identified Settlement Class Members and that the Summary Notice be published as set forth therein; and providing for a Final Approval Hearing.

3. The Settling Parties shall cooperate and take reasonable steps necessary to obtain preliminary and final approval of the Settlement and entry of the Preliminary Approval Order and the Judgment; *provided, however,* that nothing in this paragraph shall (a) obligate Defendants to incur any expenses or make any payments in excess of the Settlement Amount (except as provided in ¶¶ 25-26 and 41-42); or (b) waive or abridge any party's right to terminate the Stipulation pursuant to the terms hereof.

## RELEASE OF CLAIMS

4. Upon the Effective Date, and pursuant to the Judgment, Settling Plaintiffs and the Settlement Class Members, on their own behalf; and on behalf of all persons or entities (including pension, retirement, savings, and 401(k) plans, systems, and funds) on whose behalf each of the foregoing has standing to assert, individually or collectively, in full or in part, any Settlement Class Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries, and members; and on behalf of each of all of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf of any Settling Plaintiff or Settlement Class Member, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Settlement Class Released Claims as against each and all of the Defendants' Releasees; and (b) to be forever enjoined from asserting or prosecuting

any Settlement Class Released Claims as against each and all of the Defendants' Releasees. This Release shall not apply to any Non-Settled Claim. For clarification, upon the Effective Date, the releases of plaintiffs Diebold and Hundt herein, both individually and in any representative capacity, are final and conclusive regardless of the identity of entities (including their respective plans) requesting exclusion (if any) from the Settlement.

5. Upon the Effective Date, and pursuant to the Judgment, Defendants, on their own behalf; and on behalf of all persons or entities on whose behalf any of the Defendants has standing to assert, individually or collectively, in full or in part, any Defendants' Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future fiduciaries, beneficiaries, members, participants, affiliates, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Defendants' Released Claim on behalf of any Defendant, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Defendants' Released Claims as against each and all of the Settling Plaintiffs and the other Settling Plaintiffs' Releasees; and (b) to be forever enjoined from asserting or prosecuting any Defendants' Released Claims as against each and all of the Settling Plaintiffs and the other Settling Plaintiffs' Releasees. This Release shall not apply to any entity that submits a Request for Exclusion that is accepted by the Court or to such entity's releasees (as defined in if 1(ggg) above), or to any Defendants' Reserved Claim.

2

6.     Settling Plaintiffs covenant not to sue any of Defendants' Releasees on the basis of any Settlement Class Released Claims, and agree that they shall not assist or cooperate in any manner with the initiation or prosecution of any other action asserting any Settlement Class Released Claim; provided however, that nothing in this paragraph shall prevent any Settling Plaintiff from responding to any valid subpoena, governmental inquiry, or any other legal process.

7.     Defendants covenant not to sue any of Settling Plaintiffs' Releasees on the basis of any Defendants' Released Claims, and agree that they shall not assist or cooperate in any manner with the initiation or prosecution of any other action asserting any Defendants' Released Claim; provided however, that nothing in this paragraph shall prevent any Defendant from responding to any valid subpoena, governmental inquiry, or any other legal process.

8.     The Releases were separately bargained for and are essential elements of the Settlement embodied in this Stipulation.  Notwithstanding iii! 4-7 above,. nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

9.     In consideration of the settlement of the Settlement Class Released Claims against Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account on or before ten (10) business days after the later of: (i) the Court's entry of the Preliminary Approval Order; and (ii) the provision by the Settling Plaintiffs to Northern Trust through its counsel Winston & Strawn LLP of the information necessary to effectuate a transfer of funds, including wiring instructions to include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid

2

taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.

10.     The Settlement Amount is an all-in settlement number, meaning that it includes all attorneys' fees, Litigation Expenses, Incentive Awards, Notice and Administration Costs, Taxes, and fees and costs of any kind incurred by Settling Plaintiffs and the Settlement Administrator in connection with the resolution of this matter, if any.  For the sake of clarity, (a) all costs associated with the sending of the Banking Notice; (b) any costs incurred in connection with assembling and providing the information set forth in ¶25 below; (c) any costs incurred by Defendants in connection with Challenges, as discussed in ¶¶41-42 below; and (d) any costs incurred by the Independent Fiduciary in connection with its work as described in ¶¶12-13 below,  shall be borne by Defendants.

11.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

## ACTIONS  OF INDEPENDENT  FIDUCIARY

12.     The Settlement shall be approved by an Independent Fiduciary issuing a written report (which may include a supplemental report as described in ¶15 herein) on behalf of Settlement Class Members approving the Settlement and specifically finding (as described in ¶ 13 herein) that the Settlement (including the reasonableness of the Settlement Amount, the releases set forth in ¶¶4-5, and the amounts of fees and costs to be charged to or paid by the Settlement Fund) complies with all of the requirements of Department of Labor Prohibited Transaction Exemption 2003-39, as amended ("PTE 2003-39").  This requirement is material to

Defendants' agreement to this Stipulation and Settlement. The Settlement provides for the release by an entity or the entity's fiduciary of a legal or equitable claim against a party in interest in exchange for consideration given by, or on behalf of, a party in interest to the entity in complete settlement of the entity's or the fiduciary's claim and may give rise to a prohibited transaction unless the requirements of PTE 2003-39 are satisfied. Defendants are parties in interest to the entities that comprise the Class. Settlement Class Members that participate in the Settlement may be required to meet the conditions set forth in PTE 2003-39, including the condition that the authorizing fiduciary find that the settlement be reasonable in light of the entity's likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone. *See* Dept. of Labor, Prohibited Transaction Exemption No. 2003-39, 68 Fed. Reg. 75,632-75,640 (Dec. 31. 2003).

13.    The Independent Fiduciary shall provide to Co-Lead Counsel and Defendants' Counsel its written determination as to the extent to which the Settlement complies with the requirements of PTE 2003-39 with respect to Settlement Class Members. If the Independent Fiduciary approves the Settlement on behalf of the Settlement Class Members, and the releasing persons and entities under if 4 herein, and Settling Plaintiffs' Releasees and concludes that the Settlement meets the conditions of PTE 2003-39, the Independent Fiduciary shall provide its written report of approval of the Settlement per the requirements of if 12 no later than fifteen (15) calendar days before the deadline for filing of written objections by Settlement Class Members and Co-Lead Counsel shall make the report available on a website established to provide information about this Settlement to Settlement Class Members. In such report, the Independent Fiduciary will make written determinations as to the conditions of PTE 2003-39, including, without limitation, determinations as to the reasonableness of the Settlement Amount,

2

the reasonableness of the releases set forth in iii! 4-5, and the reasonableness of the amounts of fees and costs to be charged to or paid by the Settlement Fund. If the Independent Fiduciary does not approve the Settlement and the Defendants waive termination of the Settlement under if 15, the Independent Fiduciary shall provide a written report setting out its findings no later than fifteen (15) calendar days before the deadline for filing of written objections by Settlement Class Members and Co-Lead Counsel shall make the report available on a website established to provide information about this Settlement to Settlement Class Members. The authorizing fiduciary for each plan may utilize the report in determining whether to accept the Settlement as written, opt out of the Settlement or file an objection.

14.    In addition to issuing a report with respect to the Settlement on behalf of Settlement Class Members, the Independent Fiduciary shall prepare separate reports on behalf of the Exxon Plan and the TI Plan. With respect to the Exxon and TI Plans, the Independent Fiduciary shall also serve as the authorizing fiduciary with respect to the Settlement and shall have the discretion to object to the Settlement on behalf of the Exxon and TI Plans or exclude the Exxon and TI Plans from the Settlement. With respect to the Exxon and TI Plans, the Independent Fiduciary shall determine whether the Settlement satisfies the conditions of PTE 2003-39, described above, and shall approve and authorize, as appropriate, the Settlement of the Exxon and TI Plans' claims against Defendants under the terms herein.

15.    The Independent Fiduciary's report described in if 13 with respect to Settlement Class Members will not preclude any Settlement Class Member from requesting exclusion from or objecting to the Settlement. The Independent Fiduciary may prepare a supplemental report in response to any objections to the Settlement filed by Settlement Class Members. Any

such supplemental report will be submitted no later than the deadline for Co-Lead Counsel to file responses to objections by Settlement Class Members.

16.    If the Independent Fiduciary does not approve the Settlement as described in iii! 12-13 and 15 herein and approve and authorize the Settlement as described in if 14 herein, by the dates set forth in the preceding paragraphs, then the Defendants may terminate the Settlement in accordance with if 44, provided, however, that Defendants may waive this requirement.

17.    Co-Lead Counsel, Defendants' Counsel, and the Settling Parties will comply with reasonable requests for information made by the Independent Fiduciary for the purpose of reviewing this Stipulation and the Settlement.

18.    Neither the Settling Parties, Settling Plaintiffs' Counsel, nor Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to the selection, work, or determinations of the Independent Fiduciary.

### USE  OF SETTLEMENT FUND

19.    The Settlement Fund shall be used to pay: (a) any and all Taxes; (b) any and all Notice and Administration Costs; (c) any and all Litigation Expenses awarded by the Court; (d) any and all attorneys' fees awarded by the Court; and (e) any  and  all  Incentive  Awards awarded by the Court, and Defendants' Releasees shall not be liable, under any circumstances, for any of the foregoing.   The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Payees as provided in if 34 below.

20.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the

jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. Prior to the Effective Date, unless otherwise agreed to in writing between Northern Trust and Settling Plaintiffs, the Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills having maturities of ninety (90) days or less (or a registered mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. After the Effective Date, Northern Trust shall have no involvement with the investment of any funds in the Escrow Account and Co-Lead Counsel may direct the investment of all or part of such funds in United States Treasury Bills having maturities of more than ninety (90) days. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund. Under no circumstances shall Defendants' Releasees be responsible for any losses or liability in connection with such Escrow Account, nor shall any such losses affect, impair, or invalidate this Settlement or its implementation.

21.    The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the

returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided below. Co-Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. The Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1G), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

22.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Defendants' Releasees shall have no responsibility or liability with respect to the payment of Taxes, as described herein. Northern Trust shall notify Co-Lead Counsel if it receives notice of any claim for Taxes relating to the Settlement Fund. The Settlement Fund shall indemnify and hold Defendants'

Releasees harmless for any Taxes and related expenses of any kind whatsoever (including, without limitation, taxes payable by reason of any such notification).

23. Following entry of the Preliminary Approval Order, and prior to the Effective Date, without further approval from the Defendants or further order of the Court, all Notice and Administration Costs actually and reasonably incurred may be paid from the Settlement Fund, provided that the amount that may be paid for Notice and Administration Costs prior to the Effective Date without further approval from Northern Trust or further order of the Court pursuant to this paragraph may not exceed $100,000. In the event that the Settlement is terminated pursuant to the terms of this Stipulation (including the Supplemental Agreement as described in ¶¶48 below), all Notice and Administration Costs reasonably and actually paid or incurred, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

24. Except as expressly provided herein, Defendants' Releasees shall have no responsibility for, interest or involvement in, or liability whatsoever for the selection, actions, and supervision of the Escrow Agent and Settlement Administrator; the maintenance, investment, distribution, or disbursement of the Settlement Fund; the establishment, maintenance, or activities of the Escrow Account; the terms or application of the Plan of Allocation or of any other plan of allocation; the preparation and content of the Class Distribution Order; the calculation, payment, or withholding of Taxes; or the administration of the Settlement. Without limiting the foregoing, the Settlement Fund shall be the sole source of Taxes, Notice and Administration Costs, attorneys' fees, Litigation Expenses, Incentive Awards, and the costs of any kind incurred by Settling Plaintiffs and the Settlement Administrator in connection with the resolution of this matter, and there shall be no recourse

against Defendants' Releasees for any such expenses; provided that Defendants shall be required to participate in the resolution of Challenges as discussed in 'iïil 41-42 below.

### IDENTIFICATION OF SETTLEMENT CLASS MEMBERS AND THEIR INVESTMENT INFORMATION AND <u>NOTICE TO SETTLEMENT CLASS MEMBERS</u>

25.   Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel, or the Settlement Administrator, and with no obligation to seek information beyond that which is in their client records or of which they have then-current knowledge, develop (a) the list of Identified Settlement Class Members, which shall, to the extent possible, include the most current mailing address and contact person(s) for each class member as well as the e-mail address for each contact person; and (b) a list setting forth each of the Commingled Lending Funds in which each such Identified Settlement Class Member was invested on each of the Relevant Dates, the number of units held in each of the funds on each of the Relevant Dates, and the dollar value of each such unit on each of the Relevant Dates. In compiling the lists referenced in the preceding sentence, Defendants agree to take all reasonable steps necessary to provide complete and accurate information. In accordance with the provisions of the Preliminary Approval Order to be entered by the Court, the Settlement Administrator and Settling Plaintiffs' Counsel may review the lists developed by Defendants for this Action as well as the analogous lists developed by Defendants for the Firefighters Action, which shall also be provided to Settling Plaintiffs' Counsel herein, solely for the purposes set forth in Paragraph 8(c) of the Preliminary Approval Order to be entered by the Court (including to confirm, to the extent possible, that the entities identified by Defendants as members of the respective classes are, in fact, members of those classes).

26.   In accordance with the provisions of the Preliminary Approval Order to be entered by the Court, Defendants shall at Defendants' expense provide the Banking Notice to

each Identified Settlement Clas Member via either U.S. mail or ·e-mail using the contact information described herein. The Banking Notice shall enclose a copy of the Preliminary Approval Order and state, among other things, that: (a) the investor has been identified by Northern Trust as being a member of the Settlement Class in a proposed settlement for $36,000,000 in cash of all claims alleged in the Action and may be eligible to participate in the distribution of the Net Settlement Fund without further action on the investor's part if the Settlement is approved by the Court; (b) in order for the investor to be eligible to receive a distribution from the Net Settlement Fund, the Settlement Administrator must be provided with the investor's name, address, and telephone number, identity as a Northern Trust client, and its Investment Data; (c) the information will be provided to the Settlement Administrator (and may be provided to Settling Plaintiffs' Counsel in this Action and to Settling Plaintiffs' Counsel in the Firefighters Action) pursuant to the Preliminary Approval Order solely for the purpose of providing notice of the Settlement to each Identified Settlement Class Member, calculating each Identified Settlement Class Member's *pro rata* share of the Net Settlement Fund, responding to Settlement Class Members' inquiries, dealing with Challenges (including submission of disputed Challenges to the Court), and as otherwise deemed necessary for the purpose of the administration of the Settlement, and such information shall otherwise remain confidential unless further disclosure consistent with applicable law is allowed; and (d) the information will be provided to the Settlement Administrator by Defendants fifteen (15) business days after the Banking Notice Date. The Banking Notice shall also inform the Identified Settlement Class Members that a full notice describing the Action, the proposed Settlement, Plan of Allocation for the proceeds of the Net Settlement Fund, and their rights with respect thereto will be mailed to them by the Settlement Administrator on or about fifteen

(15) business days after the Settlement Administrator receives the information identifying them as Identified Settlement Class Members and including the information set forth in ¶ 25 above. The Settlement Notice will then also become available for review on the website maintained by the Settlement Administrator.

27.     Co-Lead Counsel shall cause the Settlement Administrator to transmit the Settlement Notice and Cover Letter to all Identified Settlement Class Members at the locations set forth in the lists referred to in ¶ 25 above in the manner and within the time set forth in the Preliminary Approval Order.  In the event any Identified Settlement Class Member's mailing is returned, the Settlement Administrator shall use reasonable secondary efforts to obtain an updated address for such Identified Settlement Class Members.

28.     Co-Lead Counsel will cause to be published the Summary Notice pursuant to the terms of  the Preliminary Approval Order or in whatever other form or manner  might  be ordered by the Court.

### ATTORNEYS'  FEES AND LITIGATION  EXPENSES AND INCENTIVE AWARDS

29.     After the entry of the Preliminary Approval Order but prior to the date of the Final Approval Hearing, Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Settling Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund. Co-Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses and for payment of Incentive Awards to plaintiff Diebold and plaintiff Hundt. Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses and/or Incentive Awards or any award of same is not the subject of any agreement between Defendants and Settling Plaintiffs other than what is expressly set forth in this Stipulation.

30. Any attorneys' fees and Litigation Expenses and Incentive Awards that are awarded by the Court shall be paid from the Escrow Account to Co-Lead Counsel immediately upon award (but in no event before the entry of Judgment by the Court), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to repay such awards into the Escrow Account in whole if the Effective Date does not occur or the Settlement is terminated for any reason, or in part to the extent such awards are reduced, plus accrued interest at the same net rate as is earned by the Settlement Fund. Co-Lead Counsel shall make the required refund or repayment in full no later than fourteen (14) days after receiving from Defendants' Counsel or from a court notice of the termination of the Settlement or the failure of the Effective Date to occur or notice of any reduction of the award of attorneys' fees and/or Litigation Expenses and/or Incentive Awards.

31. An award of attorneys' fees and/or Litigation Expenses and/or Incentive Awards is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. No decision by the Court or any court on any application for an award of attorneys' fees or Litigation Expenses or Incentive Awards shall affect the validity or finality of the Settlement. Neither Settling Plaintiffs nor Settling Plaintiffs' Counsel may cancel or terminate the Stipulation or the Settlement based on this Court's or any court's ruling with respect to attorneys' fees and/or Litigation Expenses and/or Incentive Awards.

32. Co-Lead Counsel shall allocate any attorneys' fees awarded amongst Settling Plaintiffs' Counsel. Should any dispute arise as to the allocation of attorneys' fees, such dispute shall not affect the validity or finality of the Settlement. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to any allocation or award of

attorneys' fees or Litigation Expenses to or among counsel for the Settlement Class. Any attorneys' fees and Litigation Expenses and Incentive Awards that are awarded to Settling Plaintiffs' Counsel or Settling Plaintiffs shall be payable solely from the Escrow Account and in no event shall Defendants' Releasees have any liability for any award of attorneys' fees or Litigation Expenses or Incentive Awards.

## SETTLEMENT ADMINISTRATOR

33.     As part of the Preliminary Approval Order, the Settling Plaintiffs shall seek appointment of a Settlement Administrator. The Settlement Administrator shall discharge its duties subject to the jurisdiction of the Court and under the supervision of Co-Lead Counsel and shall be responsible for implementing the Settlement according to the terms of the Plan of Allocation or such other plan of allocation as may be approved by the Court. Defendants' Releasees shall have no liability whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, provided that Defendants' Releasees and Defendants' Counsel shall have no obligation to incur any expenses or make any payments other than those that may be incurred in connection with the assembly and provision of information as set forth in ,25 above; the provision of the Banking Notice as set forth in ,26; and the resolution of Challenges as set forth in,41-42 below.

34.     Th Net Settlement Fund shall be distributed to Authorized Payees according to the Plan of Allocation appended to the Settlement Notice attached hereto as Exhibit 3 to Exhibit A, or such other plan of allocation as the Court approves. Each Authorized Payee shall receive its *pro rata* share of the Net Settlement Fund based upon such payee's Fund

Distribution Amount for each Commingled Lending Fund in which it was invested on each Relevant Date as compared to the total Fund Distribution Amounts of all other Authorized Payees invested in the respective funds on the respective dates. Defendants' Releasees shall have no responsibility or liability whatsoever for calculations performed by the Settlement Administrator under the Plan of Allocation (or such other plan of allocation as may be approved by the Court) or the calculation of the *pro rata* share of the Net Settlement Fund to be sent to Authorized Payees, and Defendants shall take no position with respect to the Plan of Allocation.

35. The allocation of the Net Settlement Fund among Authorized Payees is a matter separate and apart from, and is not a necessary term of, the Settlement or of this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. There will be no distribution to Settlement Class Members until the Court has approved a plan of allocation and such approval is no longer subject to appeal or review. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the Settlement. Settling Plaintiffs and Settling Plaintiffs' Counsel may not cancel or terminate the Settlement (or the Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.

36. Other than Northern Trust's obligation to provide the information specified in 25 herein, no Defendant, or any other of Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the preparation, substance, or content of or for the application an.cl implementation of the Court-approved plan of allocation.

37. Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement, including but not limited to the submission of Challenges and the releases· and injunction provided for herein and in the Judgment.

38. Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) ruling on the Settlement Administrator's administrative determinations concerning the acceptance and rejection of any Investment Challenges that may be made; (b) approving payment of Notice and Administration Costs associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Payees from the Escrow Account. No payments shall be made to Authorized Payees from the Escrow Account before the Class Distribution Order is entered. In no event shall Defendants be liable for any sums in excess of the Settlement Amount, including any sums payable to any Settlement Class Member as a result of any Challenge or successful appeal after the entry of the Class Distribution Order. The Class Distribution Order shall not authorize any payments to Authorized Payees prior to the Effective Date.

39. Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.

40. No person or entity shall have any claim against Settling Plaintiffs' Releasees, Settling Plaintiffs' Counsel, Defendants' Releasees, or Defendants' Counsel, based on the administration of the Settlement, nor shall any person or entity have any claim against any of the foregoing or the Settlement· Administrator or any other agent designated by Co-Lead Counsel based on distributions made in accordance with this Stipulation, the Settlement, the

40

Plan of Allocation (or such other plan of allocation as may be approved by the Court), the Class Distribution Order, the resolution of any Challenges, the actions of the Independent Fiduciary, or any other order of the Court.

## CHALLENGES

### A. Investment Challenge

41.    Any Identified Settlement Class Member shall have the right to dispute the amount(s) set forth in the Cover Letter as that investor's Investment Amount(s) and/or the identification of the Commingled Lending Fund(s) in which that investor invested. An Investment Challenge shall be made and processed as follows:

(a)    The class member shall notify the Settlement Administrator in writing postmarked no later than thirty (30) calendar days after the date of the Settlement Notice that it challenges the Investment Data. The notification shall set forth the specific items that are being challenged and shall include a detailed statement of the basis for the challenge as well as documentation in support of the challenge.

(b)    The Settlement Administrator shall forward the challenge and any supporting documentation to Co-Lead Counsel.

(c)    Within five (5) business days of receipt of a request (if any) from the Settlement Administrator or Co-Lead Counsel for additional information and/or documentation supporting the Investment Arnount(s) and/or the fund(s) subject to an Investment Challenge, Defendants shall provide such information and/or documents from their own client records (with no obligation to seek information additional to same) supporting such Investment Arnount(s) and/or fund(s), if any, to the Settlement Administrator and Co-Lead Counsel. The

41

Settlement Administrator and/or Co-Lead Counsel will attempt to resolve Investment Challenges and Defendants shall cooperate with them in this effort.

(d)     The Settlement Administrator shall notify the challenging class member, in a timely fashion and in writing, whether (or to what extent) that class member's Investment Challenge has been accepted. The notice to be provided to a challenging class member whose challenge is rejected in whole or in part shall state that the class member has the right to a review of any such determination by the Court if the class member so desires and complies with the requirements of subparagraph (e) herein.

(e)     If an Identified Settlement Class Member whose Investment Challenge has been rejected in whole or in part desires to contest that determination, that class member must, within twenty (20) calendar days after the date of the notice informing it of the determination, serve upon the Settlement Administrator a notice and statement of reasons indicating the grounds for contesting the determination along with any supporting documentation, and requesting a review thereof by the Court. The Settlement Administrator  shall  promptly forward any such requests for Court review and all supporting documentation to Co-Lead Counsel and Defendants' Counsel. If a dispute concerning an Investment Challenge cannot otherwise be resolved by the Identified Settlement Class Member, the  Settlement Administrator and Co-Lead Counsel, then Co-Lead Counsel shall submit such dispute to the Court for resolution. Defendants shall, if requested, provide Co-Lead Counsel with a written statement corroborating and supporting the Investment Data provided by Northern Trust relating to the entity making the Investment Challenge, to the extent contained in Defendants' client records, for potential submission to the Court by Co-Lead Counsel in support of the complete or partial rejection of the disputed Investment Amount(s) and/or fund(s).  Any costs

or fees incurred by Defendants in connection with their work relating to responding to or resolving Investment Challenges shall be borne exclusively by Defendants. Defendants' Releasees shall not be permitted to contest or object to any determination made as to any Challenge.

(f)     If an Investment Challenge results in  a  change to the  Investment Amount( s) or funds, the Fund Distribution Amount( s) will be calculated or recalculated using the revised Investment Data.

(g)     The resolution of any and all Investment Challenges shall not affect the total Settlement Amount.

**B.     <u>Status Challenge</u>**

42.     Any entity shall have  the  right to attempt  to establish its membership in the Settlement Class or to challenge its identification as a Settlement Class Member in this Action as opposed to a member of the Settlement Class in the Firefighters Action. Such Status Challenge shall be made and processed as follows:

(a)     The entity shall notify the Settlement Administrator in writing postmarked no later than thirty (30) calendar days after the date of publication of the. Summary Notice that it believes that it is, or is not, a member of the Settlement Class.  The notification shall set forth a detailed statement of the basis for the challenge and shall include documentation in support of the challenge.

(b)     The  Settlement  Administrator  shall  forward  the  challenge  and  any supporting documentation to Co-Lead Counsel.

(c)     Within five (5) business days of receipt of a request (if any) from the Settlement Administrator or Co-Lead Counsel for information and/or documentation reflecting

whether the challenging entity may or may not be a member of the Settlement Class, Defendants shall provide information and/or documents from their own client records (with no obligation to seek information additional to same) relevant to that issue, if any, to the Settlement Administrator and Co-Lead Counsel. The Settlement Administrator and/or Co-Lead Counsel will attempt to resolve Status Challenges and Defendants shall cooperate with them in this effort.

(d)    The Settlement Administrator shall notify the challenging entity, m a timely fashion and in writing, whether the entity's Status Challenge has been accepted.

(e)    The notice to be provided to a challenging entity whose challenge is rejected shall state that the entity has the right to a review of the determination by the Court if it so desires and complies with the requirements of subparagraph (f) below.

(f)    If an entity whose Status Challenge has been rejected desires to contest that determination, it must, within twenty (20) calendar days after the date of the notice informing it of the determination, serve upon the Settlement Administrator a notice and statement of reasons indicating the grounds for contesting the determination along with any supporting documentation, and requesting a review thereof by the Court. The Settlement Administrator shall promptly forward any such requests for Court review and all supporting documentation to Co-Lead Counsel and Defendants' Counsel. If a dispute concerning a Status Challenge cannot otherwise be resolved by the entity, the Settlement Administrator, and Co-Lead Counsel, Co-Lead Counsel shall submit such dispute to the Court for resolution. Defendants shall, if requested, provide Co-Lead Counsel with a written statement corroborating and supporting the Investment Data or other relevant information, if any, provided by Northem Trust relating to the entity making the Status Challenge, to the extent

contained in Defendants' client records for potential submission to the Court by Co-Lead Counsel in support of the rejection of the Status Challenge. Any costs or fees incurred by Defendants in connection with their work relating to responding to or resolving Status Challenges shall be borne exclusively by Defendants. Defendants' Releasees shall not be permitted to contest or object to any determination made as to any Status Challenge.

(g) If a Status Challenge results in a finding that the challenger is a Settlement Class Member or is a member of the Settlement Class in the Firefighters Action, Defendants shall, within ten (10) business days of receipt of notice of that determination, provide the Settlement Administrator with the Investment Data (if any) for that entity. The Settlement Administrator will send a Cover Letter to that entity, and that entity will have the right to make an Investment Challenge in accordance with the terms and provisions applicable to the Identified Settlement Class Members in the relevant class.

(h) The resolution of any and all Status Challenges shall not affect the total Settlement Amount.

43. All proceedings with respect to the Settlement administration, processing of Challenges, and determinations made with respect thereto, including any challenges or controversies relating thereto, as well as any disputed questions of law and fact with respect thereto, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Settling Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## WAIVER, TERMINATION AND EFFECTIVE DATE

44. Settling Plaintiffs (provided they unanimously agree) or Defendants (provided they unanimously agree) shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to the other Settling Parties to

4

this Stipulation within ten (10) business days of any one of the following events: (a) the Court's entry of an order expressly declining to enter the proposed preliminary approval order in this Action or in the Firefighters Action in any material respect; (b) the Court's refusal to approve the proposed settlement in this Action or in the Firefighters Action or any material part of the respective settlements; (c) the Court's entry of an order expressly declining to enter the proposed judgment in this Action or in the Firefighters Action in any material respect as to either settlement; (d) the date upon which the judgment in this Action or in the Firefighters Action is modified or reversed in any material respect and such modification or reversal becomes Final (as that term is defined in the respective stipulations of settlement); or (e) the date on which the Independent Fiduciary does not approve the Settlement and issue report(s) as described in and required by iii! 12-13 or if 14 herein; at which point the provisions of if 47 shall apply. However, any decision, ruling or order, whether in this Court or any other court, with respect to an application for attorneys' fees or Litigation Expenses or Incentive Awards or with respect to any particular plan of allocation shall not be considered material to either of the settlements, shall not affect the finality of any judgment, and shall not be grounds for termination of either settlement.

45.     The Effective Date of the Settlement shall be the first business day on which all of the following events shall have occurred or been waived in writing:

(a)     the Court has entered the Preliminary Approval Order, substantially and in all material respects in the form set forth in Exhibit A attached hereto;

(b)     the Settlement Amount has been deposited in the Escrow Account in accordance with the provisions of if 9 above;

4

(c)     Defendants have not exercised their right to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

(d)     Settling Plaintiffs have not exercised their right to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement);

(e)     the Independent Fiduciary has approved the Settlement on behalf of the Settlement Class Members, and the releasing persons and entities under ¶4 herein, and Settling Plaintiffs' Releasees and issued a report or reports, as described in and required by ¶¶12-13 herein, and has approved and authorized the Settlement of the claims of the Exxon and TI Plans and issued a report or reports, as described in and required by ¶14 herein;

(f)     the Court has approved the Settlement as described herein,   following notice to the Settlement Class and the Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment substantially and in all material respects in the form set forth in Exhibit B attached hereto, and the Judgment has become Final; and

(g)     a final judgment has been entered in the Firefighters Action approving the Firefighters Settlement and such judgment has become Final, as that term is defined in the stipulation and agreement of settlement in that action.

46.     Upon the occurrence or waiver in writing of all of the events referenced in ¶45 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

47.     If Defendants or the Settling Plaintiffs exercise their respective right to terminate the Settlement as provided in this Stipulation, then:

(a)     The Settlement and this Stipulation shall be canceled and terminated except for the surviving provisions as provided in this Stipulation;

(b)     Settling Plaintiffs and Defendants shall be restored to their respective positions in the Action as of January 13, 2014;

(c)     The terms and provisions of this Stipulation and any exhibits attached hereto, with the exception of iii! 23, 30, 49, 70, and this if  47, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding by anyone for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tune;*

(d)     Within five (5) business days after written notification of any such termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Settling Plaintiffs' Counsel pursuant to if 30 above), less any allowable expenses and costs which have either been disbursed or incurred and chargeable as Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). At the request of Defendants' Counsel, Co-Lead Counsel or their designee shall apply  for any tax refund owed on amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to Defendants. Should there be any tax refund with respect to prior payments of taxes for the Settlement Fund, such amount will, within ten (10) business days ofreceipt, be returned to Defendants; and

(e)     Co-Lead Counsel shall return any attorneys' fees, Litigation Expenses, and Incentive Awards, as set forth in if 30 above.

4

48.    In addition to the grounds set forth in if 44 above, Defendants and Settling Plaintiffs shall each, respectively, have the option to terminate the Settlement in the event that the conditions for tennination set forth in Defendants' confidential supplemental agreement with Settling Plaintiffs (the "Supplemental Agreement") are met. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the disputing parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or under seal.

### INADMISSIBILITY OF SETTLEMENT AND SUPPORTING DOCUMENTS

49.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court); nor the Settlement (whether or not approved by the Court); nor the Supplemental Agreement; nor the selection, actions, or findings of the Independent Fiduciary; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments); nor any negotiations, discussions,

drafts, exchange of information or documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

     (a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, ERISA violation, breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

     (b)     shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, ERISA violation, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of

damages that would have been recoverable in this Action or any litigation; or m any way referred to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to·effectuate the provisions of this Stipulation; or

(c)         shall be construed against any of the Releasees as an  admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered by the Settlement Class after trial;

provided, however, that if this Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS  PROVISIONS

50.    All of the exhibits and the Appendix attached hereto are hereby incorporated into this Stipulation by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

51.    Notwithstanding any other provision of this Stipulation, it is Defendants' intention either to fully and finally settle both this Action and the Indirect Lending claims in the Firefighters Action, or not to settle at all. Accordingly, the terms of this Stipulation and the settlement terms of the Firefighters Action shall be construed to accomplish this purpose and hall not be construed to subvert this purpose. In no event, however, shall Defendants be held to settle only this Action alone or the Indirect Lending claims in the Firefighters Action alone, and, notwithstanding any other provision of this Stipulation, Defendants always retain

the right to terminate this Settlement in this Action and/or the settlement in the Firefighters Action to prevent any such occurrence.

52.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of the Settling Plaintiffs, the Settling Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered pursuant to this Stipulation, which Releases and Judgment shall be null and void, and the Settling Parties shall be restored to their respective positions in the litigation as provided in ¶¶ 47(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶¶ 47(d) above.

53.     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of the Action and of the Settlement Class Released Claims and the Defendants' Released Claims. Accordingly, Settling Plaintiffs and their  counsel  and Defendants and their counsel agree not to assert in any forum (i) that the claims asserted on behalf of the Settlement Class in the Action were brought by Settling Plaintiffs or their counsel or defended by the Defendants or their counsel in bad faith or without a reasonable basis, or that the claims asserted in the Action by Defendants were brought by Defendants or their counsel or defended by the Settling Plaintiffs or their counsel in bad faith or without a reasonable basis; or (ii) that there was any violation of Rule 11 of the Federal Rules of Civil

Procedure (or any like rule or statute) relating to the institution, prosecution, defense, or settlement of the claims, allegations, and arguments brought and made in this Action. The Settling Plaintiffs and Defendants agree that they negotiated the amount paid and the other terms of the Settlement at arm's-length and in good faith, and that they reached the Settlement voluntarily after extensive negotiations and consultation with experienced legal counsel fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

54. While the Settling Parties retain their right to deny that the claims or defenses asserted in the Action were or were not meritorious, Settling Plaintiffs and their counsel and Defendants and their counsel shall not make (whether or not for attribution) any accusations of wrongful or actionable conduct by either side concerning the manner of the prosecution, defense, and resolution of the claims brought on behalf of the Settlement Class in the Action; nor will they deny that the claims were commenced, prosecuted and defended in good faith, nor otherwise suggest that the Settlement constitutes an admission concerning the merits of any such claim or defense.

55. The terms of the Settlement, as reflected in this Stipulation, including the exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both the Settling Plaintiffs and Defendants (or their successors-in-interest) or, in the case of waiver, by the person or entity making the waiver. Any condition in this Stipulation may be waived by the party entitled to enforce the condition, but only in a writing signed by that party or its counsel. Without further order of the Court, the parties may agree, and will cooperate in agreeing, to reasonable extensions of time to carry out any of the provisions of this Stipulation.

56.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect or to change the meaning of the provisions herein.

57.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and Incentive Awards and for enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

58.     The waiver by any one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of the breach by any other Settling Party, or a waiver of any other prior or subsequent breach of this Stipulation by that Party or any other Settling Party.

59.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties concerning the Settlement and all Settling Parties acknowledge that no other agreements, representations, warranties, or inducements have been made or have been relied upon by any Settling Party hereto concerning the Settlement other than those contained and memorialized in such documents.

60.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the signatories of this Stipulation shall exchange among themselves original signed counterparts.

61.  This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Settling Parties and the Immediate Families of plaintiffs Diebold and Hundt, including any and all Releasees and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate, or reorganize.

62.  The construction, interpretation, operation, effect, and validity of this Stipulation and its exhibits, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

63.  Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

64.  This Stipulation or any part of this Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that the Stipulation or any part of it may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation was the result of arm's-length negotiations between the Settling Parties, all of whom were advised by counsel in connection with the execution of the Stipulation, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

65.  The Settling Plaintiffs and Defendants each represent and warrant that they hold the claims being released in the Settlement and that they have full authority to release such claims.

66.  All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the

full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.    Settling Plaintiffs' Counsel and Defendants' Counsel agree to  cooperate  fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. Nothing in this paragraph shall (a) obligate Defendants to make any payments to Settlement Class Members or the Settlement Fund in excess of the Settlement Amount; or (b) waive or abridge any party's right to terminate the Settlement pursuant to the terms hereof.

68.    If any Settling Party is required to give notice to another Settling Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or e-mail transmission. Notice shall be provided  as follows:

| | |
|---|---|
| If to Settling Plaintiffs or Co-Lead Counsel: | Bailey & Glasser LLP<br>Attn:  Gregory Y. Porter, Esq.<br>910 17th Street, NW<br>Suite 800<br>Washington, DC  20006<br>Telephone:   (202) 463-2101<br>Facsimile:   (203) 463-2103<br>Email :gporter@baileyglasser.com |

Berger & Montague, P.C.
Attn: Todd S. Collins, Esq.
    Ellen T. Noteware
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3040
Facsimile:  (215) 875-4604
Email: tcollins@bm.net
enoteware@bm.net

Pfeiffer Rosca Wolf Abdullah & Carr, APLC
Attn:  Joseph C. Peiffer, Esq.
    Dan Carr, Esq.
20I St. Charles Avenue
Suite 4610
New Orleans, Louisiana 70170
Telephone: (504) 523-2434
Facsimile:  (504) 523-2464
Email:  jpeiffer@praclawfirm.com
dcarr@praclawfirm.com

If to Defendants:

Winston & Strawn LLP
Attn:  Caryn L. Jacobs, Esq.
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email:  CJacobs@winston.com

69.    Except as otherwise provided herein, each Settling Party shall bear its own attorneys' fees and costs.

70.    Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all non-public negotiations, discussions, acts performed, agreements, drafts, documents signed, communications and documents exchanged, and proceedings in connection with the Stipulation confidential (except that they may discuss the negotiations as necessary with the Independent Fiduciary), and all of the foregoing is and shall continue to be protected under Fed. R. Evidence 408; shall be deemed subject to the

5

protections set forth in 71 herein; and shall not be deemed to constitute a waiver of any privilege or immunity, including, without limitation, attorney-client privilege or work product protection.

71.     The settlement of this Action in no way limits or impairs the agreements made and orders entered during the course of this Action relating to the confidentiality of information and all such agreements and orders shall continue in effect after the Effective Date pursuant to their terms, including, without limitation, the Protective Order signed by the Court on May 18, 2011, docket number 99, in the Action.

72.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and    the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Settling Parties have caused this Stipulation to be executed, by their duly authorized representatives and/or attorneys, as of February 17, 2015.

**KELLER ROHRBACK L.L.P.**

By:_____ __

    Lynn L. Sarko
    Derek W. Loeser
    Raymond **J.** Farrow
    Laura R. Gerber
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900


**COOPER & SCULLY, P.C.**

By:_____ _

    Micah Dortch
900 Jackson St., #100
Dallas, TX 75202
Tel: (214)712-9500
Fax: (214) 712-9540


**SUSMAN GODFREY**

By:   ——————————

    Mr. Harry Susman
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Tel: (713) 653-7875
Fax: (713) 654-6686


**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

By:   ——————————

    Mark T. Johnson
    Todd M. Schneider
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105


**BERGER & MONTAGUE, P.C.**

BY:_____

    Todd S. Collins
    Ellen Noteware
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604


**BAILEY & GLASSER LLP**

By:_____ _

    Gregory Y. Porter
910 1ih Street, NW
Suite 800
Washington, DC 20016
Tel: (202) 463-2101
Fax: (202) 463-2103


**PEIFFER ROSCA WOLF ABDULLAH CARR & KANE, APLC**

By:   ——————————

    Joseph C. Peiffer
201 St. Charles Ave. Suite 4610
New Orleans, LA 70170
Tel: (504) 523-2434
Fax: (504) 388-3912


*Counsel for Plaintiffs Joseph L. Diebold, Jr. and Paul J Hundt*

**THE NORTHERN TRUST COMPANY**

Title: President, Corporate & Institutional Services

**NORTHERN TRUST INVESTMENTS, INC.**

By:-""--

Name:    phen N. Potter

Title: President & Chief Executive Officer

60



Caryl JaCO Todd
J. Ehlman Robert
L. Michels Brook
R. Long
35 W. Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
CJacobs@winston.com
TEhlman@winston.com
RMichels@winston.com
BLong@winston.com

*Counsel for Defendants The Northern Trust
Company and Northern Trust Investments,
Inc.*

APPENDIX

Commingled Lending Funds

| Fund Acct No. | Commingled Lending Fund Name |
|---|---|
| 17-13070 | NTGI-QM Collective Weekly Quant Enhanced EAFE Fund |
| 17-13071 | NTGI-QM Collective Weekly Quant Enhanced EASEA Fund (a/k/a NTGl-QM Collective Weekly Enhanced EAFE ex-Japan Fund) |
| 17-13073 | NTGI-QM Collective Daily EAFE Index Fund |
| 17-13074 | NTGI-QM Collective Daily United Kingdom Index Fund |
| 17-13075 | NTGI-QM Collective Daily Continental Europe Index Fund |
| 17-13076 | NTGI-QM Collective Daily Japan Index Fund |
| 17-13077 | NTGI-QM Collective Daily Southwest Pacific Index Fund |
| 17-22519 | NTGl-QM Collective Daily World Government Bond Index Fund (a/k/a NTGI-QM Collective World Government Bond Index ("WGBI") Fund) |
| 17-23220 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund |
| 17-23221 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund |
| 17-39168 | NTGI-QM Collective Daily Developed International Small Cap (DISC) Equity Index Fund |
| 17-61364 | NTGI-QM Collective Daily Global Real Estate Index Fund |
| 17-83694 | NTGI-QM Collective Daily EAFE Index Fund – TD |
| 17-83720 | NTGI-QM Collective Daily Global Real Estate Index Fund - TD |
| 17-95334 | NTGI-QM Collective Daily All Country World ex-US Equity1 Index Fund - Lending - DC - Tier J |
| 17-95336 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund - Lending - DC - Tier J |
| 20-00000 | NTGI Collective Weekly SmallCap Growth Equity Fund |

| 20-00564 | NTGI-QM Collective Daily S&P 500 Equity Index Fund |
|----------|----------------------------------------------------|
| 20-00568 | NTGI-QM Collective Daily Russell 3000 Equity Index Fund |
| 20-00569 | NTGI-QM Collective Daily Russell 1000 Equity Index Fund |
| 20-00570 | NTGI-QM Collective Daily Russell 1000 Growth Equity Index Fund |
| 20-00571 | NTGI-QM Collective Daily Russell 1000 Value Equity Index Fund |
| 20-00572 | NTGI-QM Collective Daily Russell 2000 Equity Index Fund (including NTGI-QM Collective Daily Russell 2000 Equity Index Fund - Class C Lending) |
| 20-00573 | NTGI-QM Collective Daily Russell 2000 Growth Equity Index Fund |
| 20-00574 | NTGI-QM Collective Daily Russell 2000 Value Equity Index Fund |
| 20-00575 | NTGI-QM Collective Daily Russell SmallCap Completeness Fund |
| 20-00576 | NTGI-QM Collective Daily Quant Index Plus S&P 500 Equity Fund |
| 20-00591 | NTGI-QM Collective Daily Aggregate Bond Index Fund (including NTGI-QM Collective Daily Aggregate Bond Index Fund - Lending - DC - Tiers K, M, N, Q) |
| 20-00593 | NTGI-QM Collective Daily Government / Credit Bond Index Fund |
| 20-00595 | NTGI-QM Collective Daily Treasury Inflation-Protected Securities ("TIPS") Fund |
| 20-00596 | NTGI-QM Collective Daily Short Term Government Index Fund |
| 20-01003 | NTGI-QM Collective Daily Russell 2000 Index Fund - Lending - DC - Tier J |
| 20-01012 | NTGI-QM Collective Daily Aggregate Bond Special Purpose Index Fund |
| 20-01013 | NTGI-QM Collective Daily S&P 500 Special Purpose Equity Index Fund |
| 20-01014 | NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Special Purpose Index Fund (a/k/a NTGI- QM Collective Daily S&P 500 BARRA Growth Special Purpose) |
| 20-01016 | NTGI-QM Collective Daily S&P MidCap 400 Equity Special Purpose Index Fund |

63

| | |
|---|---|
| 20-01027 | NTGI-QM Collective Daily Quant Enhanced Russell 1000 Fund |
| 20-01036 | NTGI-QM Collective Daily TIPS Fund – TD |
| 20-01037 | NTGI-QM Collective Daily Short Term Government Fund - TD |
| 20-01038 | NTGI-QM Collective Daily S&P500 Equity Index Fund - TD |
| 20-01040 | NTGI-QM Collective Daily Russell SmallCap Completeness Fund - TD |
| 20-01041 | NTGI-QM Collective Daily Aggregate Bond Index Fund - TD |
| 20-01062 | NTGI-QM Collective Daily S&P500 Equity Index Fund - Lending - DC - Tier K |
| 20-04635 | NTGI Collective Stable Asset Fund |
| 20-42580 | NTGI-QM Collective Daily Quant Active SmallCap Value Equity Fund (a/k/a NTGI Collective Weekly Quant Active SmallCap Value Equity Fund) |
| 20-42582 | NTGI Collective Weekly MidCap Growth Equity Fund |
| 20-42631 | NT Collective S&P 500 Growth Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Index Fund) |
| 20-45176 | NT Collective S&P 400 Index Fund (a/k/a NTGI-QM Collective Daily S&P MidCap 400 Equity Index Fund) |
| 20-73536 | NT Collective S&P 500 Value Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Value Equity Index Fund) |
| 26-10823 | NTGI-QM Labor Select Collective Daily Russell 3000 Equity Index Fund |
| 26-18663 | NTGI-QM Collective Daily U.S. MarketCap Equity Special Purpose Index Fund |
| 26-46508 | NTGI-QM Collective Daily Structured SmallCap Equity Fund |
| 26-46509 | NTGI-QM Collective Daily Extended Equity Market Index Fund (a/k/a NTGI-QM Collective Daily SmallCap Equity Index Fund) |
| 26-46516 | NTGI-QM Collective Daily Enhanced Fixed Income Fund |
| 26-46519 | NTGI-QM Collective Daily Mortgage Backed Securities Index Fund (a/k/a NTGI-QM Collective Mortgage-Backed Securities Fund) |
| 26-46529 | NTGI Collective Monthly LargeCap Growth Equity Fund (a/k/a NTGI-QM Collective Monthly Large Cap Growth Equity Fund) |

| | |
|---|---|
| 26-46533 | NTGI-QM Collective Daily 1-10 Year Intermediate Credit Bond Index Fund |
| 26-46535 | NTGI-QM Collective Daily Long Term Credit Bond Index Fund (a/k/a NTGI-QM Collective Daily Long-Term Credit Bond Index Fund) |
| 26-46540 | NTGI-QM Collective Daily 1-10 Year Intermediate Government Bond Index Fund |
| 26-46541 | NTGI-QM Collective Daily Long-Term Government Bond Index Fund |
| 26-46543 | NTGI-QM Collective Daily Intermediate Government *I* Credit Bond Index Fund |
| 26-46549 | NTGI-QM Collective Daily U.S. MarketCap Equity Index Fund |
| 26-69573 | NTGI-QM Collective Daily Long Term Government *I* Credit Bond Index Fund |
| 26-70251 | NTGI-QM Collective Daily Quant Enhanced S&P 400 Equity Fund |
| 26-80724 | NTGI-QM Collective Weekly Quant Index Plus Russell 1000 Labor Select Fund |

# STIPULATION

# EXHIBIT A

EXIDBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the | ) | CIVIL ACTION NO. 09-CV-1934 |
| EXXONMOBIL SAVINGS PLAN, and | ) | |
| PAUL J. HUNDT, on behalf of the TEXAS | ) | Hon. Charles Norgle |
| INSTRUMENTS 40l (K) SAVINGS PLAN, | ) | Hon. Susan E. Cox |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN TRUST INVESTMENTS, | ) | |
| N.A. and THE NORTHERN TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

[PROPOSED] ORDER: (1) PRELIMINARILY CERTIFYING SETTLEMENT CLASS; (2) PRELIMINARILY APPROVING PROPOSED SETTLEMENT OF CLASS ACTION; (3) ESTABLISHING A PLAN FOR NOTICE OF THE SETTLEMENT AND PROVIDING CLASS MEMBERS WITH AN OPPORTUNITY TO EXCLUDE THEMSELVES FROM OR OBJECT TO THE SETTLEMENT; (4) APPOINTING A SETTLEMENT ADMINISTRATOR; AND (5) PROVIDING FOR THE SCHEDULING OF A SETTLEMENT HEARING AND HEARING ON CO-LEAD COUNSEL'S MOTION FOR FEES AND LITIGATION EXPENSES AND INCENTIVE AWARDS

WHEREAS, a consolidated class action is pending in this Court entitled *Joseph L. Diebold, et al. v. Northern Trust Investments, N A. et al.,* Civil Action No. 09-1934 (the "Action"); and

WHEREAS, (a) plaintiffs Joseph L. Diebold, Jr. ("Diebold"), on behalf of the ExxonMobil Savings Plan, and Paul J. Hundt ("Hundt"), on behalf of the Texas Instruments 40l(k) Savings Plan (collectively, the "Settling Plaintiffs"), each on behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A. (currently, Northern

Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or "Defendants") have determined to settle with prejudice all claims asserted in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation") subject to approval of this Cami (the "Settlement"); and

WHEREAS, Settling Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, preliminarily certifying the Settlement Class for purposes of the Settlement only, and providing for notice to Settlement Class Members as more fully described herein; and

WHEREAS, the Court has read and considered, among other things, (a) the Second Amended Class Action Complaint, filed in this Action on October 1, 2012 (the "Second Amended Complaint") and Defendants' answer and affirmative defenses thereto; (b) Settling Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the proposed Settlement, a Settlement Class consisting of all entities that are governed by ERISA and that participated in Indirect Lending during the Settlement Class Period *(i.e.,* the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been

2

damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in this Action and from fees charged to the Commingled Lending Funds at issue in this Action. Excluded from the Settlement Class are (i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person; and (iii) entities that exclude themselves by submitting a Request for Exclusion that is accepted by the Court. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund.

2.	Class **Findings** – Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members of the Settlement Class; (c) the claims of Settling Plaintiffs are typical of the claims of the Settlement Class; (d) Settling Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in the Action.

3

3.    For the purposes of the Settlement only, the Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs Diebold and Hundt are adequate class representatives and certifies them as class representatives for the Settlement Class, and appoints Co-Lead Counsel as Class Counsel for the Settlement Class.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will set the date and time for a settlement hearing (the "Settlement Hearing Date") in the Settlement Hearing Scheduling Order. The Settlement Hearing will be held in Courtroom 1025 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered pursuant to the terms of the Settlement dismissing with prejudice all claims asserted in the Action against Defendants by the Settling Plaintiffs and the other Settlement Class Members; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the separate motion by Co-Lead Counsel on behalf of Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Named Plaintiffs should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice

4

of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 8 of this Order.

6.     The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Settlement Administrator** – Co-Lead Counsel are hereby authorized to retain Heffler Claims Group, 1515 Market Street, Suite 1700, Philadelphia, PA 19102 (the "Settlement Administrator") to supervise and administer the Settlement as more fully set forth below.

8.     **Manner of Giving Notice** - Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a)     Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel, or the Settlement Administrator develop two lists, as follows: (1) a list of all Identified Settlement Class Members, which shall include, to the extent possible, the most current mailing address and contact person(s) for each class member and the e-mail address for each contact person; and (2) a list setting forth each of the Commingled Lending Funds in which each such Identified Settlement Class Member was invested on each of the Relevant Dates, the number of units held in each of these funds on each of the Relevant Dates, and the dollar value of each such unit on each of the Relevant Dates. In compiling the lists referenced in the preceding sentence, Defendants shall take all reasonable steps necessary to provide complete and accurate information, but Defendants shall have no obligation to seek information beyond that which is in their client records or of which they have then-current knowledge;

(b)     not later than ten (10) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Firefighters Action, whichever is later, Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel or the Settlement Administrator, cause the Banking Notice, substantially in the form attached hereto as Exhibit 1, and a copy of this Order, to be sent via either first-class U.S. mail or e-mail to each Identified Settlement Class Member using the contact information described in subparagraph (a) above;

(c)     not later than twenty-six (26) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Firefighters Action, whichever is later, Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel, or the Settlement Administrator, provide the Settlement Administrator with the lists referenced in subparagraph (a) above, as well as the analogous lists developed by Defendants for the Firefighters Action. The information set forth in such lists shall be provided to  the Settlement Administrator (and may be provided by the Settlement Administrator to Settling Plaintiffs' Counsel) solely for the purpose of providing notice of the Settlement to each Identified Settlement Class Member, calculating each Identified Settlement Class Member's *pro rata* share of the Net Settlement Fund, responding to Settlement Class  Members' inquiries, dealing with Challenges (including submission of disputed Challenges to the Court), confirming membership in the Settlement Class, and as otherwise deemed necessary for the purpose of the administration of the Settlement, and such information shall otherwise remain confidential unless further disclosure consistent with applicable law is allowed;

(d)     not later than forty (40) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Firefighters Action, whichever is later (the

"Settlement Notice Date"), Co-Lead Counsel shall cause the Settlement Administrator to mail a copy of the Cover Letter and Settlement Notice, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (the "Settlement Notice Packet"), by first-class U.S. mail to each Identified Settlement Class Member, using the contact information described in subparagraph (a) above. In the event that any Identified Settlement Class Member's mailing is returned, the Settlement Administrator shall use reasonable secondary efforts to obtain an updated address for such Identified Settlement Class Members;

(e)     not later than ten (10) business days after the Settlement Notice Date (the "Summary Notice Date"), Co-Lead Counsel shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire;* and

(f)     not later than seven (7) calendar days prior to the Settlement Hearing, Defendants shall file with the Court, through the ECF system, proof, by affidavit or declaration, of the mailing or e-mailing of the Banking Notice in accordance with subparagraph (b) above; and Settling Plaintiffs shall file with the Court proof, by affidavit or declaration, of the mailing of the Settlement Notice Packet and publication of the Summary Notice in accordance with subparagraphs (d) and (e) above, respectively.

9.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Banking Notice, the Cover Letter, the Settlement Notice, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4 respectively, and (b) finds that the dissemination of the Banking Notice, Cover Letter and Settlement Notice and the publication of the Summary Notice in the manner and form set forth in Paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated,

7

under the circumstances, to apprise Settlement Class Members of the pendency of the Action; of the effect of the proposed Settlement (including the Releases provided for therein and the Plan of Allocation); of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards (not to exceed $15,000 apiece) to each of the two Settling Plaintiffs; of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiff ; of their right to exclude themselves from the Settlement Class; and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Notice before they are mailed and published, respectively.

10. **Participation in the Settlement** – Identified Settlement Class Members that wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund do not need  to take any action. However, if an Identified Settlement Class Member directs Defendants not to provide to the Settlement Administrator the information set forth in Paragraph 8(a) above as it relates to it, Defendants will honor such request, and such Identified Settlement Class Member  shall not be considered an Authorized Payee and shall not be entitled to receive any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement if it is approved, including the terms of the Judgment and the Releases provided for therein.  The Banking Notice shall inform Identified Settlement Class Members that they shall be

8

identified to the Settlement Administrator and their Investment Data shall be provided to the Settlement Administrator fifteen (15) business days after the Banking Notice Date. **If** Defendants have not received direction from an Identified Settlement Class Member not  to provide the Settlement Administrator with the information set forth in Paragraph 8(a) above on or before fifteen (15) business days after the Banking Notice Date, with respect to each Identified Settlement Class Member as to which such direction has not been received by Defendants on or before that date, Defendants shall provide the information set forth in Paragraph 8(a) above to the Settlement Administrator in accordance with the terms of this Order.

11.    Any Settlement Class Member shall have the right to make an Investment Challenge disputing the amount(s) set forth in the Cover Letter as that investor's Investment Amount(s) and/or the identification of the Commingled Lending Funds in which that Settlement Class Member invested. An Investment Challenge must be made in writing postmarked no later than thirty (30) calendar days after the Settlement Notice Date in accordance with the terms set forth in the Settlement Notice. Any such challenge shall be processed and resolved in accordance with the provisions of Paragraph 41 of the Stipulation.

12.    Any entity not identified by Defendants as an Identified Settlement Class Member or any entity that wishes to challenge its identification as a Settlement Class Member shall have the right to make a Status Challenge. A Status Challenge must be made in writing postmarked no later than thirty (30) calendar days after the Summary Notice Date in accordance with the terms set forth in the Summary Notice. Any such challenge shall be processed and resolved in accordance with the provisions of Paragraph 42 of the Stipulation. To the extent that a Status Challenge results in a finding that the challenging entity is a Settlement Class Member, that entity shall have the right to make an Investment Challenge in accordance with the terms and

9

provisions applicable to the Identified Settlement Class Members as set forth in Paragraph 41 of the Stipulation.

13.  <u>Exclusion From the Settlement Class</u> – Any member of the Settlement Class that wishes to exclude itself from the Settlement Class must submit a written Request for Exclusion within the time and in the manner set forth in the Settlement Notice, which shall provide that any such Request for Exclusion from the Settlement Class must: (a) be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Firefighters Action, whichever is earlier, to: *Joseph L. Diebold, et al. v. Northern Trust Investments, N A. et al.,* EXCLUSIONS, c/o the Settlement Administrator, at the address to be set forth in the Settlement Notice; (b) state the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (c) state that such entity "requests exclusion from the Settlement Class in *Joseph L. Diebold, et al. v. Northern Trust Investments, N A. et al.,* Civil Action No. 09-1934"; and (d) be signed by an authorized representative of the entity. Additionally, if the entity requesting exclusion previously directed Defendants not to provide to the Settlement Administrator the information set forth in Paragraph 8(a) above as it relates to it, the Request for Exclusion must, in addition to complying with the provisions of the preceding sentence, state that the previous direction is rescinded, in which event Defendants, upon receipt of the Request for Exclusion by Defendants' Counsel, are directed to promptly provide the information to Co-Lead Counsel.

14.  Should any entity that did not receive the Settlement Notice by direct mail or did not receive a Banking Notice, believe that it is a Settlement Class Member and wish to exclude itself from the Settlement Class, such entity, in addition to (a) stating the name, address and

10

telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) stating that such entity "requests exclusion from the Settlement Class in *Joseph L. Diebold, et al. v. Northern Trust Investments, N A. et al,* Civil Action No. 09-1934"; and (c) having the request signed by an authorized representative of the entity, must also include with its request information and documents sufficient to prove that it is a Settlement Class Member . Such request must be submitted to the Settlement Administrator so that it is received no later than twenty-one (21) calendar days before the Settlement Hearing Date in this Action or in the Firefighters Action, whichever is earlier.

15.     A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16.     Any entity that timely and validly requests exclusion in compliance with the terms stated in this Order or is otherwise excluded by the Court from the Settlement Class shall not be a Settlement Class Member; shall not be bound by the terms of the Settlement or any orders or judgments entered with respect to the claims asserted in the Action; shall not be entitled to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiffs; and shall not be eligible to receive any payment out of the Net Settlement Fund.

17.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments entered with respect to the claims asserted in the Action, including, but not limited to,

the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settlement Class Released Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice. The Court shall make its final determinations as to the acceptance and rejection of Requests for Exclusion prior to entry of the Judgment.

18. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at its own expense, individually or through counsel of its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both representative Co-Lead Counsel and Defendants' Counsel set forth in Paragraph 19 below and listed in the Settlement Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Firefighters Action, whichever is earlier, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

19. Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the .proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiffs and, at the Court's discretion, appear and show cause, if it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiffs should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement,

12

the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiffs unless that entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Settlement Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Firefighters Action, whichever is earlier, on each of the following:

| Representative Co-Lead Counsel | Defendants' Counsel |
|---|---|
| Todd S. Collins | Caryn L. Jacobs |
| Ellen T. Noteware | Winston & Strawn LLP |
| Berger & Montague, P.C. | 35 W. Wacker Drive |
| 1622 Locust Street | Chicago, Illinois 60601 |
| Philadelphia, PA 19103 | |

20.     Any objections, filings and other submissions by the objecting Settlement Class Member must (a) must state the name, address and telephone number of the entity objecting and must be signed by an authorized representative of the objector; (b) contain a statement of the Settlement Class Member's objection or objections, as well as the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) if that entity did not receive a Settlement Notice by direct mail, any objection must include documents sufficient to prove the entity's membership in the Settlement Class.

21.     Any member of the Settlement Class that does not make its objection in the manner provided herein shall be deemed to have waived its right to object to the Settlement, the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards to each of the two Settling Plaintiffs and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan

of Allocation or the requested attorneys' fees and Litigation Expenses and the requested Incentive Awards to each of the two Settling Plaintiffs, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses and the requested Incentive Awards to each of the two Settling Plaintiffs in this or any other proceeding.

22. Injunction – Pending the Settlement Hearing, and continuing through the Effective Date or the termination of the Settlement, the Court enjoins Settling Plaintiffs and all other Settlement Class Members and persons and entities - that would be providing releases pursuant to if 4 of the Stipulation from commencing or prosecuting, either directly, indirectly, derivatively, representatively or in any other capacity, any and all of the Settlement Class Released Claims against each and all of the Defendants' Releasees.

23. <u>Settlement Ad ministration Fees and Expenses</u> – All reasonable costs incurred by Co-Lead Counsel and/or the Settlement Administrator for mailing of the Settlement Notice Packet and publication of the Summary Notice as well as for administering the Settlement shall be paid subject to and as set forth in the Stipulation without further order of the Court.

24. Settlement Fund – The Court approves the selection of Branch Banking and Trust Company as the Escrow Agent. The contents of the Settlement Fund held by Branch Banking and Trust Company, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

25. Taxes – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform

14

all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is terminated or not approved, or the Effective Date of the Settlement does not occur, in accordance with the terms of the Stipulation, this Order shall become null and void and be without prejudice to the rights of Settling Plaintiffs, the Settlement Class Members and Defendants, and the Settling Parties shall be deemed to have reverted to their respective positions in this Action as of January 13, 2014, as provided in the Stipulation.

27. Use of **this Order** – Neither this Order; nor the Settlement (whether or not approved by the Court); nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court); nor the Supplemental Agreement; nor the selection, actions, or findings of the Independent Fiduciary; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments); nor any negotiations, discussions, drafts, exchange of information or documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or

admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, ERISA violation, breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, ERISA violation, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation; or in any way referred to for any other reason as against any of the Settling Plaintiffs'

16

Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered by the Settlement Class after trial;

provided, however, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **Independent Fiduciary** – An Independent Fiduciary, Fiduciary Counselors Inc., shall provide to the Settling Parties a written opinion with respect to Settlement Class Members as to the extent to which the Settlement should be approved and complies with the requirements of Department of Labor Prohibited Transaction Exemption 2003-39, as amended ("PTE 2003-39"), among other things, as described in Paragraphs 12-13 of the Stipulation, by no later than 15 calendar days before the deadline for the filing of written objections by Settlement Class Members, as set forth in Paragraph 19 of this Order. Fiduciary Counselors Inc. will also serve as Independent Fiduciary for the ExxonMobil Savings Plan and the Texas Instruments 40l(k) Savings Plan, as described in Paragraph 14 of the Stipulation, to determine whether the Settlement meets the conditions of PTE 2003-39 with respect to the ExxonMobil Savings Plan and the Texas Instruments 40l(k) Savings Plan and shall have full discretion to object, opt-out, or otherwise act on behalf of the ExxonMobil Savings Plan and the Texas Instruments 40l(k) Savings Plan with respect to the Settlement.

29. **Supporting Papers** – Co-Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation and their motion

for an award of attorneys' fees and reimbursement of Litigation Expenses, and for payment of Incentive Awards to each of the two Settling Plaintiffs no later than forty-five (45) calendar days prior to the Settlement Hearing in this Action or the Settlement Hearing in the Firefighters Action, whichever is earlier; reply papers by Co-Lead Counsel, if any, including any responses to written objections to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to each of the two Settling Plaintiffs, will be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this            day of                         , 2015.

_____
The Honorable Susan E. Cox
United States Magistrate Judge

STIPULATION

EXHIBIT A-1

Banking Notice

**Exhibit A-1**

[Northern Trust Letterhead]

Dear [Insert Name of Authorized Representative of **CLIENT A**]

We are writing to advise you that Northern Trust has, based on its records, identified **CLIENT** A as an entity that may be eligible to receive, without further action on its part, a share of the proceeds of a proposed cash Settlement of $36 million in a pending class action, *Diebold, et al. v. Northern Trust Investments, N A., et al.,* Civil Action No. 09-1934 ("Diebold Action"), pending in the United States District Court for the Northern District of Illinois (the "Court"), if the Settlement is approved by the Court.[1]

**CLIENT** A has been identified by Northern Trust as having bought or held units in certain Commingled Lending Funds during the period beginning on January 1, 2007 through and including October 31, 2010 (the "Settlement Class Period"), and as a member of the Settlement Class in the Diebold Action.[2] However, in order for **CLIENT** A (i) to be sent notice and information about the Settlement, which includes information about its legal rights and how it will be affected by the Settlement; and (ii) to be eligible to receive a monetary distribution from the Settlement proceeds if the Settlement is approved by the Court, the Settlement Administrator (and, as appropriate, Settling Plaintiffs' Counsel) must be provided with certain limited information about **CLIENT** A. Specifically, they need to know: (i) the identity of **CLIENT A** as a Northern Trust client that bought or held units in certain Commingled Lending Funds during the Settlement Class Period; (ii) **CLIENT** A's address, telephone number, and email address; (iii) the identity of the Commingled Lending Fund(s) in which **CLIENT** A invested during the Settlement Class Period and the amounts of such investments on certain dates during that period; and (iv) such additional information that may be relevant to resolving questions, if any, as to the proper monetary distribution to which **CLIENT** A may be entitled pursuant to the Settlement · (hereafter, "Investment Data"). The Investment Data will **not** include information concerning **CLIENT** A's other investments, or information otherwise unrelated to the Settlement.

The Court has approved Northern Trust's proposed procedures for providing the Investment Data for the purposes discussed in the preceding paragraph. *See* paragraphs 8 and 9 of the enclosed Preliminary Approval Order entered by the Court.

Northern Trust is providing this communication to you in consideration of your confidentiality interest in the Investment Data. The Illinois Banking Act (hereafter, the "Banking Act"), 205 ILCS 5/48.1, protects the confidentiality of "financial records" (as defined in the Banking Act) and allows certain disclosure of such financial records when the bank's customer has been provided with notice of such disclosure. To the extent the Investment Data may contain

---

[1] The definitions of capitalized terms used in this letter that are not defined herein, are set forth in the Stipulation and Agreement of Partial Settlement of Class Action, dated February 17, 2015 ("Stipulation") that has been presented to the Court and which can be viewed or downloaded from the website maintained by the Settlement Administrator, www._____.com. The Stipulation provides the controlling terms of the Settlement.

[2] The list of all relevant Commingled Lending Funds is attached to this letter.

confidential "financial records" under the Banking Act, this communication provides **you** with notice, pursuant to Section 48.l(c) of the Banking Act, that, on [insert date that is 15 business days after the Banking Notice Date], Northern Trust will disclose **CLIENT** A's Investment Data as described above and as required by paragraph 8 of the enclosed Preliminary Approval Order.

As noted above, disclosure of **CLIENT** A's Investment Data will be made to the Settlement Administrator and, potentially, to Settling Plaintiffs' Counsel, solely for purposes of enabling them to provide **CLIENT** A with information about its rights and, if the Settlement is approved by the Court, to afford **CLIENT** A the opportunity to be eligible to receive a distribution from the Settlement proceeds and, if eligible, to calculate **Client** A's *pro rata* share of the Settlement proceeds. Once that disclosure is made, the Settlement Administrator and/or Settling Plaintiffs' Counsel will communicate directly with you. A full notice describing the Action, the proposed Settlement, Plan of Allocation for the proceeds of the Net Settlement Fund, and Settlement Class Members' rights with respect thereto (the "Settlement Notice") will be mailed to **CLIENT** A by the Settlement Administrator on or about [insert date that is forty (40) business days after the entry of the Settlement Hearing Scheduling Order] and will then also become available for review on the website referred to in footnote 1 above.[3]

Please be assured that the Settlement Administrator and Settling Plaintiffs' Counsel are required to use the Investment Data solely for the purpose of providing notice of the Settlement to each Identified Settlement Class Member, calculating each Identified Settlement Class Member's *pro rata* share of the Net Settlement Fund, responding to Settlement Class Members' inquiries, dealing with Investment Challenges (including submission of disputed challenges to the Court), confirming membership in the Settlement Class,[4] and as otherwise deemed necessary for the purpose of the administration of the Settlement, and such information shall otherwise remain confidential unless further disclosure consistent with applicable law is allowed.

If you have any questions about how the Investment Data will be used, please do not hesitate to call [plaintiff representative], counsel for the Settling Plaintiffs and the Settlement Class.

---

[3] If you are not the individual to whom these communications should be addressed, please provide us with the correct contact information as soon as possible at the address noted above.

[4] fuformation concerning Identified Settlement Class Members may also be confidentially shared with plaintiffs' counsel in a related action, *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N.A., et al.,* Civil Action No. 09-7203, solely for the purpose of implementing the settlements in the two actions.

**Commingled Lending Funds**

| Fund Acct No. | Commingled Lending Fund Name |
|---|---|
| 17-13070 | NTGI-QM Collective Weekly Quant Enhanced EAFE Fund |
| 17-13071 | NTGI-QM Collective Weekly Quant Enhanced EASEA Fund (a/k/a NTGI-QM Collective Weekly Enhanced EAFE ex-Japan Fund) |
| 17-13073 | NTGI-QM Collective Daily EAFE Index Fund |
| 17-13074 | NTGI-QM Collective Daily United Kingdom Index Fund |
| 17-13075 | NTGI-QM Collective Daily Continental Europe Index Fund |
| 17-13076 | NTGI-QM Collective Daily Japan Index Fund |
| 17-13077 | NTGI-QM Collective Daily Southwest Pacific Index Fund |
| 17-22519 | NTGI-QM Collective Daily World Government Bond Index Fund (a/k/a NTGI-QM Collective World Government Bond Index ("WGBI") Fund) , |
| 17-23220 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund |
| 17-23221 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund |
| 17-39168 | NTGI-QM Collective Daily Developed International Small Cap (DISC) Equity Index Fund |
| 17-61364 | NTGI-QM Collective Daily Global Real Estate Index Fund |
| 17-83694 | NTGI-QM Collective Daily EAFE Index Fund – TD |
| 17-83720 | NTGI-QM Collective Daily Global Real Estate Index Fund - TD |
| 17-95334 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund - Lending - DC - Tier J |
| 17-95336 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund - Lending - DC - Tier J |
| 20-00000 | NTGI Collective Weekly SmallCap Growth Equity Fund |
| 20-00564 | NTGI-QM Collective Daily S&P 500 Equity Index Fund |
| 20-00568 | NTGI-QM Collective Daily Russell 3000 Equity Index Fund |

| | |
|---|---|
| 20-00569 | NTGI-QM Collective Daily Russell 1000 Equity Index Fund |
| 20-00570 | NTGI-QM Collective Daily Russell 1000 Growth Equity Index Fund |
| 20-00571 | NTGI-QM Collective Daily Russell 1000 Value Equity Index Fund |
| 20-00572 | NTGI-QM Collective Daily Russell 2000 Equity Index Fund (including NTGI-QM Collective Daily Russell 2000 Equity Index Fund - Class C Lending) |
| 20-00573 | NTGI-QM Collective Daily Russell 2000 Growth Equity Index Fund |
| 20-00574 | NTGI-QM Collective Daily Russell 2000 Value Equity Index Fund |
| 20-00575 | NTGI-QM Collective Daily Russell SmallCap Completeness Fund |
| 20-00576 | NTGI-QM Collective Daily Quant Index Plus S&P 500 Equity Fund |
| 20-00591 | NTGI-QM Collective Daily Aggregate Bond Index Fund (including NTGI-QM Collective Daily Aggregate Bond Index Fund - Lending - DC - Tiers K, M, N, Q) |
| 20-00593 | NTGI-QM Collective Daily Government / Credit Bond Index Fund |
| 20-00595 | NTGI-QM Collective Daily Treasury Inflation-Protected Securities ("TIPS") Fund |
| 20-00596 | NTGI-QM Collective Daily Short Term Government Index Fund |
| 20-01003 | NTGI-QM Collective Daily Russell 2000 Index Fund - Lending - DC - Tier J |
| 20-01012 | NTGI-QM Collective Daily Aggregate Bond Special Purpose Index Fund |
| 20-01013 | NTGI-QM Collective Daily S&P 500 Special Purpose Equity Index Fund |
| 20-01014 | NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Special Purpose Index Fund (a/k/a NTGI- QM Collective Daily S&P 500 BARRA Growth Special Purpose) |
| 20-01016 | NTGI-QM Collective Daily S&P MidCap 400 Equity Special Purpose Index Fund |
| 20-01027 | NTGI-QM Collective Daily Quant Enhanced Russell 1000 Fund |
| 20-01036 | NTGI-QM Collective Daily TIPS Fund - TD |
| 20-01037 | NTGI-QM Collective Daily Short Term Government Fund - TD |
| 20-01038 | NTGI-QM Collective Daily S&P 500 Equity Index Fund - TD |

| 20-01040 | NTGI-QM Collective Daily Russell SrnallCap Completeness Fund -TD |
| 20-01041 | NTGI-QM Collective Daily Aggregate Bond Index Fund -TD |
| 20-01062 | NTGI-QM Collective Daily S&P500 Equity Index Fund - Lending - DC -Tier K |
| 20-04635 | NTGI Collective Stable Asset Fund |
| 20-42580 | NTGI-QM Collective Daily Quant Active SmallCap Value Equity Fund (a/k/a NTGI Collective Weekly Quant Active SmallCap Value Equity Fund) |
| 20-42582 | NTGI Collective Weekly MidCap Growth Equity Fund |
| 20-42631 | NT Collective S&P 500 Growth Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 *I* Citigroup Growth Equity Index Fund) |
| 20-45176 | NT Collective S&P 400 Index Fund (a/k/a NTGI-QM Collective Daily S&P MidCap 400 Equity Index Fund) |
| 20-73536 | NT Collective S&P 500 Value Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 *I* Citigroup Value Equity Index Fund) |
| 26-10823 | NTGI-QM Labor Select Collective Daily Russell 3000 Equity Index Fund |
| 26-18663 | NTGI-QM Collective Daily U.S. MarketCap Equity Special Purpose Index Fund |
| 26-46508 | NTGI-QM Collective Daily Structured SrnallCap Equity Fund |
| 26-46509 | NTGI-QM Collective Daily Extended Equity Market Index Fund (a/k/a NTGI-QM Collective Daily SmallCap Equity Index Fund) |
| 26-46516 | NTGI-QM Collective Daily Enhanced Fixed Income Fund |
| 26-46519 | NTGI-QM Collective Daily Mortgage Backed Securities Index Fund (a/k/a NTGI-QM Collective Mortgage-Backed Securities Fund) |
| 26-46529 | NTGI Collective Monthly LargeCap Growth Equity Fund (a/k/a NTGI-QM Collective Monthly Large Cap Growth Equity Fund) |
| 26-46533 | NTGI-QM Collective Daily 1-10 Year Intermediate Credit Bond Index Fund |
| 26-46535 | NTGI-QM Collective Daily Long Term Credit Bond Index Fund (a/k/a NTGI-QM Collective Daily Long-Term Credit Bond Index Fund) |
| 26-46540 | NTGI-QM Collective Daily 1-10 Year Intermediate Government Bond Index Fund |

| | |
|---|---|
| 26-46541 | NTGI-QM Collective Daily Long-Term Government Bond Index Fund |
| 26-46543 | NTGI-QM Collective Daily Intermediate Government / Credit Bond Index Fund |
| 26-46549 | NTGI-QM Collective Daily U.S. MarketCap Equity Index Fund |
| 26-69573 | NTGI-QM Collective Daily Long Term Government / Credit Bond Index Fund |
| 26-70251 | NTGI-QM Collective Daily Quant Enhanced S&P 400 Equity Fund |
| 26-80724 | NTGI-QM Collective Weekly Quant Index Plus Russell 1000 Labor Select Fund |

# STIPULATION

# EXHIBIT A-2

**Exhibit** A-2

*Diebold, et al. v. Northern Trust Investments, N A., et al., ,*
Civil Action No. 09-1934
c/o Heffler Claims Group
P.O. Box 58100
Philadelphia, PA 19102-8100
(844) 271-4781

## PLEASE READ THIS LETTER AND THE ACCOMPANYING COURT-AUTHORIZED SETTLEMENT NOTICE CAREFULLY. THIS IS NOT A SOLICITATION.

**ID Number:** _

Settlement Class Member: [Insert Name and Address of Settlement Class Member]

Re: *Proposed Settlement of Above-Noted Class Action*

Dear [Insert Name of Authorized Representative of Settlement Class Member]:

You are receiving this letter and the enclosed Settlement Notice because, as Northern Trust previously advised you, Northern Trust has, based on its records, identified [Insert Name of Settlement Class Member] as a member of the Settlement Class preliminarily certified in the above-noted class action lawsuit (the "Action"). This means that [Insert Name of Settlement Class Member] may be entitled to a share of the net proceeds of the proposed Settlement of certain claims in the Action for $36 million in cash, if the Settlement is approved by the Court. PLEASE READ THE ENTIRE ENCLOSED SETTLEMENT NOTICE PROMPTLY AND CAREFULLY, AS IT AFFECTS [(insert name of Settlement Class Member)'s] RIGHTS, CONTAINS IMPORTANT DEADLINES WITH RESPECT TO THE PROPOSED SETTLEMENT, AND DEFINES CERTAIN CAPITALIZED TERMS CONTAINED HEREIN.

As an Identified Settlement Class Member, [Insert Name of Settlement Class Member] does not need to file a claim form or take any other action in order to be eligible to receive a distribution from the Settlement proceeds. Pursuant to procedures approved by the Court in this case, and as you were previously advised by Northern Trust would be done, Northern Trust has provided us with certain limited information concerning [insert name of Settlement Class Member]'s investments that will be the basis upon which the Settlement Administrator will calculate its *pro rata* share of the Settlement proceeds. This information will be used only in connection with this Settlement. The investment information provided to us is set forth in the following table:

| Commingled Lending Fund(s) in which [Insert Name of Settlement Class Member] was invested on the Relevant Dates | | Relevant Dates | No. of Units Held |
|---|---|---|---|
| Fund Acct. No. | Fund Name | | |
| | | | |
| | | | |

Ifyou believe that any of the information in the table above is incorrect or that the information is incomplete, you have the right to challenge the information by making an "Investment Challenge." The instructions and the deadline for making such a challenge are set forth in paragraph 29 of the enclosed Settlement Notice. All challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

If, after reviewing this letter and the Settlement Notice, you have any questions regarding the proposed Settlement, please contact Settling Plaintiffs' Counsel at the addresses set forth in paragraph 48 of the Settlement Notice. Do not contact Northern Trust or the Court.

**Please Note:** All communications from you must always contain the "ID Number" assigned to [Insert Name of Settlement Class Member] that appears at the top of this letter.

Very truly yours,

[insert name of Settlement Administrator]

# 793469

# STIPULATION

# EXHIBIT A-3

Exhibit A-3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DIEBOLD, JR., on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, | ) ) ) ) ) | CIVIL ACTION NO. 09-Civ-1934 |
| | ) | |
| Plaintiffs, | ) | Hon. Charles Norgle |
| | ) | Hon. Susan E. Cox |
| v. | ) | |
| | ) | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | ) ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED
SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PRELIMINARY CERTIFICATION OF A SETTLEMENT CLASS AND OF SETTLEMENT OF CLASS ACTION: This notice is to inform you that the parties to the above-captioned Class Action ("the Action") have reached a settlement of the Action, which provides for the payment by Defendants of a total of $36,000,000. This Settlement Notice is being sent to you because you have been identified by defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc.) and The Northern Trust Company ("NTC") (collectively to be referred to as "Northern Trust" or "Defendants") as a member of the Settlement Class (as defined in ¶ 11 below) that has been preliminarily certified by the Court. As such, your rights will be affected by the proposed settlement of the Action.[1]

The plaintiffs in the Action, who achieved the proposed Settlement on behalf of themselves, their respective plans, and the Settlement Class, are Joseph L. Diebold, Jr. ("Diebold") and Paul J. Hundt ("Hundt") (collectively, with their respective plans, the "Settling Plaintiffs"). In the Action, plaintiffs alleged, among other things, that Northern Trust violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") in connection with its securities lending program in which members of the Settlement Class participated indirectly by purchasing and/or holding units or interests in Northern Trust's Commingled Lending Funds (the universe of which is listed on Appendix 1 to this notice). If the Settlement becomes

---

[1] Any capitalized terms used in this notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation"), which is the controlling document with respect to the terms of the Settlement and is available at www._____.com. The Stipulation provides the controlling terms of the Settlement.

effective,[2] it will resolve all claims asserted on behalf of the Settlement Class in the Action in connection with Northern Trust's securities lending program.

The Court has preliminarily approved the Settlement and has scheduled a hearing (the "Settlement Hearing") to be held on _____, 2015 at __ .m before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1025, Chicago, IL, 60604. The purpose of the Settlement Hearing is to determine: (a) whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court; (b) whether the Action should be dismissed with prejudice and the Settlement Class Released Claims against Defendants and the other Defendants' Releasees should be settled and released as set forth in the Stipulation; (c) whether the proposed Plan of Allocation is fair and reasonable, and should be approved by the Court; (d) whether Co-Lead Counsel's motion on behalf of all Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards should be approved by the Court; and (e) any other relief the Court deems necessary to effectuate the terms of the Settlement. The Settlement and Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and Incentive Awards are discussed below at ¶¶ 13-23 and 31, respectively.[3] The proposed Plan of Allocation is set forth in Appendix 2 to this notice.

The following table provides a brief summary of the rights you have as a Settlement Class Member and the relevant deadlines, which are described in more detail later in this notice. This notice also explains how you will be affected by the Settlement, whether or not you act. PLEASE READ THE NOTICE CAREFULLY AND IN ITS ENTIRETY.



YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:

SINCE YOU HAVE RECEIVED THIS NOTICE YDIIU:CT MAIL, NO . . .:....·• ACTIONIS NECESARY IN ORDER FOR YOU TO BE ELIGIBLETO :RECEIVE A PAYMENT.

Since you have been identified as a member of the Settlement Class, under the terms of the proposed Settlement, you do not need to submit a claim form or take any other action in order to be eligible to receive a payment from the proceeds of the Settlement, if it is approved by the Court. As set forth in ¶¶ 27-30 below, Defendants have provided the Settlement Administrator with the investment information that is needed to calculate your *pro rata* share of the Net Settlement Fund.

---

[2] Among others, one condition of the Settlement's becoming effective is that the proposed settlement of a related action must also be approved and that approval becomes Final. That related action is styled *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N A.,* et al., Civil Action No. 09-7203, pending in the Court (the "Firefighters Action"), which asserts claims based on many of the same facts and circumstances underlying the claims in this Action, but on behalf of entities that are not subject to ERISA.

[3] Co-Lead Counsel, who have also been appointed by the Court to represent the Settlement Class, are: Bailey & Glasser LLP, c/o Gregory Y. Porter, 910 17th Street, NW, Suite 800, Washington, DC 20016, (202) 463-2101, gporter@baileyglasser.com; Berger & Montague, P.C., c/o Todd S. Collins, Ellen Noteware, 1622 Locust Street, Philadelphia, PA 19103, (215) 875-3000, tcollins@bm.net, enoteware@bm.net; and Peiffer Rosca Wolf Abdullah Carr & Kane, LLC, c/o Joseph C. Peiffer, 201 St. Charles Ave., Suite 4610, New Orleans, LA 70170, (504) 586-5270, jpeiffer@prwlegal.com.

| | |
|---|---|
| YOIJ'. 1VIAY EXCLUDE YOIJ'.RSJi:LF . FROM THE SETTLEMENT CLASS BY SUBMITTING A WruTTEN REQUES]J . FOREXCLUSION SO THAT IT IS *RECEivpD* NO LATER THAN , 2015. | You have the right to exclude yourself from the Settlement Class. If you do so, you will not be eligible to receive any payment from the Settlement Fund and you will not be bound by the tenns of the Settlerp.ent. This is the only option that allows you to file or participate in any other lawsuit against Defendants or - the other Defendants' Releasees (defined in note 7 below) concerning the Settlement Class Released Claims (defined in note 6 below). |
| YOU MAY .OBJECT TO THE SET'fLElVfENT BY SUBMITTING A wRITTEN OBJECTION SO THAT IiIS *RECEIVED NO* LATER THAN ------'---"--'io1s | You have the right, if you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, to write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense and Incentive Award request if you exclude yourself from the Settlement Class. |
| YQU MAY GO TO A HEARING ON : , 2015 AT . . - - HAT IT IS NO LATER . NOTICE OF INTENTION TO APPEAR | Filing a written objection and notice of intention to appear that is received by , 2015 allows you to speak in Court, at the discretion of the Court, about your objection . You may, but you do not have to, attend the hearing. The Court will consider the objection whether or not you attend. |

## QUESTIONS ANSWERED BY THIS NOTICE

Why Did I Get This Notice? — Page __

What Is This Case About? — Page __

Who Is Included In The Settlement Class? — Page __

What Are Settling Plaintiffs' Reasons For The Settlement? — Page __

How Are Settlement Class Members Affected By The Action And The Settlement? — Page __

How Much Will My Payment Be? — Page __

How Will I Receive Payment from the Settlement? — Page __

What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? — Page __

What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? — Page __

When And Where Will the Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? — Page __

Can I See The Court File? Whom Should I Contact If I Have Questions? — Page __

3

## WHY DID I GET THIS NOTICE?

1.   The Court has directed that this notice be mailed to you because Defendants have, based on their records, identified you as a member of the Settlement Class.  As a member of the Settlement Class, you have a right to know how the proposed Settlement will affect your legal rights and what your options are before the Court rules on it.  If the Court approves the Settlement, as well as the settlement in the Firefighters Action (see footnote 2 above), and any objections and appeals are favorably resolved, the Net Settlement Fund will be allocated among Settlement Class Members according to the Court-approved plan of allocation and the Settlement Class Members will release the Settlement Class Released Claims (defined in note 6 below) as against the Defendants' Releasees (defined in note 7 below).

2.   A class action is a type of lawsuit in which the claims of many individuals or entities are resolved together, thereby allowing for the consistent resolution of the claims of all similarly situated persons and entities, *i.e.,* the "class" or "class members," in a single proceeding.  In a class action, one or more persons or entities, called "named" and/or "lead" plaintiffs, sue on behalf of the class.  Once the class is certified by the court as appropriate for class treatment, the court must resolve all issues covered by the certification on behalf of the class members, except for any persons or entities who choose to exclude themselves from the class.  (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.)

3.   In this Action, Diebold and Hundt are the named Plaintiffs who, on behalf of themselves and the ExxonMobil Savings Plan and the Texas Instruments 401(k) Savings Plan, respectively, have sued on behalf of the Settlement Class, and they are represented in the Action by Settling Plaintiffs' Counsel which include Co-Lead Counsel.  Co-Lead Counsel have been appointed Class Counsel to represent the Settlement Class.

4.   This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available to you, and how you may get them.  The purpose of this notice is to inform you of the fact that the Court has, for purposes of the Settlement only, preliminarily certified the Settlement Class with respect to claims against Defendants by Settlement Class Members.

5.   The purpose of this notice is also to inform you of the Settlement Hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards.

6.   The issuance of this notice is not an expression of any opinion by the Court concerning the merits of the claims asserted in the Action, and the Court still has to decide whether to grant final approval of the Settlement.  If the Court approves the Settlement and a plan of allocation, as well as the settlement in the related Firefighters Action (described in footnote 2 above), and any appeals that may be taken are resolved upholding approval of the settlements, then payments to Authorized Payees will be made. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

7.   In this Action, Plaintiffs allege, among other things, that Defendants improperly invested collateral received to secure the loan of securities from the Commingled Lending Funds, and that Defendants had charged and collected impermissibly high securities lending fees from the Commingled Lending Funds.  Plaintiffs allege that Defendants' alleged conduct gave rise to claims for breaches of fiduciary duty, and violations of ERISA's prohibited transaction rules.  Defendants deny any wrongdoing; assert that at all times, they acted reasonably

4

and prudently and in good faith and in accordance with applicable law; have asserted numerous defenses and affirmative defenses to the claims; and state that they are entering into this Settlement to avoid the cost, disruption, and uncertainty of continued litigation.

8.   The initial complaint was filed on March 30, 2009 by plaintiff Diebold.  On December 3, 2009, plaintiffs Diebold and Hundt Gointly, "Plaintiffs") filed an Amended Class Action Complaint ("Amended Complaint").  Plaintiffs filed a Second Amended Class Action Complaint on October 1, 2012.

9.   The parties have been litigating these claims for five years, during which time Plaintiffs have received extensive documentation regarding the asserted claims from Defendants.   Further details explaining the history of the litigation and reasons for agreeing to the proposed Settlement will be set forth in the papers that Settling Plaintiffs will file with the Court on                        , 2015, in support of their motion for final approval of the Settlement.   Those papers will be posted on the website maintained by the Settlement Administrator, www. .com.

10.   On                        , 2015, the Court preliminarily certified the Settlement Class, preliminarily approved the Settlement, authorized this notice to be mailed to the Settlement Class Members as identified by Defendants. The Court has also scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

11.   The Settlement Class preliminarily certified by the Court consists of:

all entities that are governed by ERISA and that participated in Indirect Lending[4] during the Settlement Class Period *( i.e.,* the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in this Action and from fees charged to the Commingled Lending Funds at issue in this Action.                                                                   .

Excluded from the Settlement Class are: (i) persons or entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage,  or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former,  current  and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) above shall not receive any individual distributions from the Net Settlement Fund. Also excluded from the Settlement Class are any entities that exclude themselves   by submitting a Request for Exclusion in accordance with the requirements set forth in this notice. *See* "What if I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page LJ below.

12.   As noted above, this notice has been mailed to you because Defendants have identified you as   a Settlement Class Member, which means that, if the Settlement is approved and becomes effective, you will be eligible to receive a portion of the Settlement proceeds without any further action on your part.

---

[4] "Indirect Lending" means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds," which engaged in securities lending. The universe of Commingled Lending Funds is listed on Appendix 1 to this notice.

---

## WHAT ARE SETTLING PLAINTIFFS' REASONS FOR THE SETTLEMENT?

---

13.   Settling Plaintiffs agreed to the Settlement mainly because it provides an immediate and substantial recovery for the benefit of the Settlement Class – $36 million in cash – paid into a Settlement Fund. If the Settlement' is approved, the Settlement Fund, less certain costs, fees, expenses, and awards as set forth in if 31 below, will be allocated among Settlement Class Members in accordance with the Plan of Allocation set forth in Appendix 2 to this Notice or such other plan of allocation as may be approved by the Court. As with any litigation, absent settlement, Settling Plaintiffs would face an uncertain outcome if the claims proceeded to a litigated resolution, including the risk of not prevailing at trial or on appeal. On the one hand, pursuing these claims could result in a verdict that would provide a greater recovery than the Settlement. On the other hand, continuing to prosecute these claims against Defendants could result in a verdict for less money than Settling Plaintiffs have obtained in the Settlement – or no recovery at all.  The benefit of the Settlement must be compared to the risk that no recovery or a lesser recovery might be achieved with respect to the asserted claims after dispositive motions, a contested trial and likely appeals, possibly years into the future.

14.   Settling Plaintiffs and Settling Plaintiffs' Counsel believe that the claims asserted against Defendants in the Action have merit. They also recognize, however, that such claims and the numerous defenses Defendants have asserted in response to such claims involve complex legal and factual issues that may be difficult to prove at trial. Furthermore, even if liability is established, the parties disagree about the calculation of the damages resulting from Defendants' alleged misconduct; indeed, they disagree as to whether there were any damages at all resulting from Defendants' alleged misconduct. The parties also disagree as to whether the claims of the Settlement Class are appropriate for class certification.  If the Settling Plaintiffs were unable to win their motion to certify the class for litigation, members of the Settlement Class other than the Settling Plaintiffs would be unable to benefit  from any recovery achieved by Settling Plaintiffs. Each of these issues would have been vigorously disputed in pre-trial motions, at any trial, and through any likely post-verdict appeal. The Settlement enables the Settlement Class to recover on the claims asserted in the Action without any additional risk or costs.

15.   In light of the risks associated with a trial of the claims, the monetary amount of the Settlement, and the immediacy of this recovery to the Settlement Class, Settling Plaintiffs and Settling Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

16.   Defendants have expressly denied and continue to deny all assertions of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants also continue to believe that the claims asserted against them in the Action are without merit. Defendants have agreed to enter into the Settlement, as embodied in the Stipulation, solely to avoid the uncertainty, burden and expense of protracted litigation of the claims asserted on behalf of the Settlement Class.

---

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

---

17.   As a Settlement Class Member, you are represented by Settling Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

18. If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

19.- If you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

20. If you remain in the Settlement Class, you will be bound by any orders issued by the Court concerning the Settlement. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will provide that, upon the Effective Date of the Settlement, Settling Plaintiffs and the Settlement Class Members, on their own behalf and on behalf of various others[5], shall have fully, finally and forever settled, released, and dismissed with prejudice any and all Settlement Class Released Claims[6] as against the Defendants and the other Defendants' Releasees[7] and shall forever be enjoined from asserting or prosecuting any Settlement

---

[5] Specifically, on behalf of all persons or entities on whose behalf each of the Settling Plaintiffs and each of the other members of the Settlement Class has standing to assert, individually- and collectively, in full or in part, any Settlement Class Released Claims (as defined in footnote 6 below); and on behalf of each of the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries, and members; and on behalf of each of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf of any Settling Plaintiff or Settlement Class Member, in their capacities as such.

[6] "Settlement Class Released Claims" means, to the fullest extent allowed by law, any and all claims, damages, losses, suits, proceedings, debts, demands, duties, liabilities, rights, remedies, or causes of action of every nature and description whatsoever, whether known claims or Unknown Claims; whether based on federal, state, local, or foreign law; whether based on statutory law, common law, administrative law, rule, regulation, or other source of law; whether fixed or contingent; whether foreseen or unforeseen; whether matured or unmatured; whether accrued or unaccrued; whether liquidated or unliquidated; whether at law or in equity; whether class or individual in nature; and whether direct, indirect, or derivative in nature, against each and every Defendants' Releasee, (i) that relates to the approval by the Independent Fiduciary of the Settlement as set forth in the Stipulation; or (ii) that arise out of or are based upon Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014 that (a) have been asserted in the Action or the Initial Complaints; or (b) that could have been asserted in any forum that arise out of, relate to, or are based upon the claims and allegations in the Action from the beginning of the Settlement Class Period through and including January 13, 2014, including but not limited to the acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences alleged that relate to Settlement Class Members' Indirect Lending from the beginning of the Settlement Class Period through and including January 13, 2014, through Northern Trust's securities lending program, including the investment of securities lending collateral; the holding of such investments; principal, interest, income, and revenue losses from Indirect Lending; fees, costs, and other charges associated with Indirect Lending; any and all declarations of trust or trust instruments concerning or governing the Commingled Lending Funds; any and all agreements governing Settlement Class Members' Indirect Lending, including collective fund custody agreements, direction letters, and investment management agreements; and any and all unlawful or improper conduct of the Commingled Lending Funds' participation in the securities lending program.

[7] "Defendants' Releasees" means (i) Northern Trust Corporation, NTI, and NTC, and each of their respective present, former, and future affiliates, subsidiaries, and parents; (ii) for each of the foregoing entities, any entities in which each or they have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries, and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i)

Class Released Claims as against each and all of the Defendants' Releasees. The Settlement provides for the release by an entity or the entity's fiduciary of a legal or equitable claim against a party in interest in exchange for consideration given by, or on behalf of, a party in interest to the entity in complete settlement of the entity's or the fiduciary's claim and may give rise to a prohibited transaction unless the requirements of PTE 2003-39 are satisfied. Defendants are parties in interest to the entities that comprise the Class. Settlement Class Members that participate in the Settlement are required to meet the conditions set forth in PTE 2003-39, including the condition that the authorizing fiduciary find that the settlement be reasonable in light of the entity's likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone. *See* Dept. of Labor, Prohibited Transaction Exemption No. 2003-39, 68 Fed. Reg. 75,632-75,640 (Dec. 31. 2003). In addition, an Independent Fiduciary, who is a fiduciary with respect to the Settlement on behalf of the Settlement Class Members and has no relationship to or interest in any of the Settling Parties that might affect the exercise of its best judgment as a fiduciary to the Settlement Class Members, has been retained to provide a written opinion with respect to Settlement Class Members as to the extent to which the Settlement complies with the requirements of ERISA Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75,632,640 (Dec. 31, 2003). A copy of the Independent Fiduciary's report will be available or on or before          , 2015 at:
The authorizing fiduciary for each plan may utilize the report in determining whether to accept the Settlement as written, opt out of the Settlement or file an objection. The Independent Fiduciary shall also serve as the authorizing fiduciary on behalf of the Exxon Plan and the TI Plan.

21.  Settlement Class Released Claims do not release or otherwise impact claims relating to the enforcement of the Settlement, any Non-Settled Claim, or any claims against Defendants' Releasees that do not fall within the definition of Settlement Class Released Claims. The Release also does not impact the right (if any) of any Settlement Class Members and all other persons and entities that are releasing the Settlement Class Released Claims to participate in the distribution of any funds recovered from any Defendant or any other Defendants' Releasee by any federal governmental or federal regulatory agency.

22.  If you engaged in securities lending directly with Northern Trust, pursuant to which Northern Trust acted as your securities lending agent to lend your securities, any claims arising from such "direct" securities lending are not released by this Settlement. [8] No claims arising from Direct Lending were or have been asserted in the Action.

23.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf themselves and certain others, will release, among other things, all claims against each of the Settling Plaintiffs, the other members of the Settlement Class, and the other Settling Plaintiffs' Releasees, [9] arising out of the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.

---

and (ii), their respective predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, family members, agents, representatives, and assigns, in their capacities as such.

[8]  "Direct Lending" means any investor's participation in Northern Trust's securities lending program pursuant to an agreement to lend that investor's own securities, under which that investor's collateral from securities lending was invested in any Northern Trust collective collateral reinvestment vehicle. Investment in a Commingled Lending Fund is not and does not constitute "Direct Lending."

[9]  "Settling Plaintiffs' Releasees" means (i) the Settling Plaintiffs and any and all other members of the Settlement Class, and each of their respective present, former, and future affiliates, subsidiaries, and parents, (ii) for each of the foregoing persons and entities, any entities in which each or they have a controlling interest, their respective present, former, and future employees, officers, boards, directors, trustees, accountants, auditors, insurers, reinsurers, agents, fiduciaries and attorneys, in their capacities as such; and (iii) for each of the foregoing persons and entities in (i) and (ii), their respective predecessors, successors, estates, heirs, executors, trusts, trustees, administrators, family members, agents, representatives and assigns, in their capacities as such.

---

### HOW MUCH WILL MY PAYMENT BE?

---

24.  As of the date of this notice, it is not possible to determine how much money any individual Settlement Class Member might receive from the Settlement if approved. Payments to Settlement Class Members will be based on a plan of allocation approved by the Court. Settling Plaintiffs have proposed a plan of allocation, which is set forth in Appendix 2 to this Notice.

25.  Pursuant to the Settlement, Defendants have agreed to pay thirty-six million dollars ($36,000,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (the Settlement Fund less (a) applicable taxes and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) attorneys' fees and Litigation Expenses awarded by the Court to Settling Plaintiffs' Counsel; and (d) Incentive Awards (not to exceed $15,000 per Settling Plaintiff) awarded by the Court to each of Joseph L. Diebold, Jr. and Paul J. Hundt for their service)), will be distributed to Settlement Class Members, in accordance with the Plan of Allocation or such other plan of allocation as may be approved by the Court.

26.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the Effective Date has occurred. Settlement Class Members are not required to submit a claim form in order to receive a distribution from the Net Settlement Fund.

---

### HOW WILL I RECEIVE PAYMENT FROM THE SETTLEMENT?

---

27.  As previously noted, as a recipient of this notice by direct mail, you have been identified as a Settlement Class Member that might receive a payment from the Settlement proceeds. To be eligible for a payment from the proceeds of the Settlement, you need do nothing more. Your "Investment Amount" (the amount invested in a given Commingled Lending Fund on each of the Relevant Dates[10]) has been determined by Defendants based on their records, as set forth in the chart included in the Cover Letter accompanying this notice.

28.  Ifthe Settlement is approved and the Effective Date occurs, *pro rata* distributions of the Net Settlement Fund will be mailed to all eligible Settlement Class Members. If your address or the contact person noted on the Cover Letter changes, please be sure to send the new information in writing to the Settlement Administrator at the address noted in if 32 below.

29.  As set forth in the Cover Letter, if you believe that any of the investment information set forth in the Cover Letter is incorrect or incomplete, you have the right to challenge the information. In order for your challenge to be valid, you must notify the Settlement Administrator in writing at the address set forth in if 32 below, postmarked no later than          , 2015, that you challenge the investment information in the Cover Letter that you received. Your notification must set forth the specific items that you are challenging and must include a detailed statement of the basis for the challenge as well as documentation in support of your challenge. Your challenge will be reviewed by Co-Lead Counsel and you will be notified by the Settlement Administrator of their determination. If an Investment Challenge results in a change to any of the investment

---

[10] The Commingled Lending Funds had exposure to investments in two investment portfolios referred to as CORE USA and STEP. The Relevant Dates are, as to CORE USA, September 19, 2008 and April 19, 2010; and, as to STEP, January 5, 2007, September 19, 2008 and August 31, 2010.

information provided for you, your Distribution Amount (as defined in the Plan of Allocation) will be calculated based on the revised information. If you disagree with the determination made with respect to your challenge, you have the right to request a Court review. The specifics as to how such a request for Court review must be made will be set forth in the notification from the Settlement Administrator that contains the determination made with respect to the challenge.

30. Although Defendants have provided records representing what they believe to be the universe of Settlement Class Members, the Settling Parties recognize some entity may have been omitted or classified as a Settlement Class Member in this Action as opposed to a settlement class member in the related Firefighters Action. To address these possibilities, the Settlement provides for a Status Challenge. The requirements for making such a challenge are set forth in the Summary Notice, which is being published and which will also be posted on the website maintained by the Settlement Administrator, www.                    .com. Because you received this notice by direct mail addressed to you, you do not need to take steps to ensure you are included in the Settlement Class; you have been identified by Defendants as a Settlement Class Member. However, if you believe that you were classified as a member of the wrong class, you may make a Status Challenge. To the extent that an entity that did not receive this notice by direct mail can establish that it is a Settlement Class Member, such entity shall be eligible to receive a proportionate share of the Settlement proceeds, and such entity shall be subject to the terms of the Settlement, including the releases provided for, as set forth in if 20 above. Should an entity establish that it should have been classified as a member of the Settlement Class in the Firefighters Action, such entity will receive information as to its rights from the settlement administrator in that action.

> **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
> **HOW WILL THE LAWYERS BE PAID?**

31. Settling Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Settling Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply on behalf of all Settling Plaintiffs' Counsel to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33.3% of the Settlement Fund. At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses paid or incurred in connection with the Action in an amount not to exceed $475,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by the Settling Plaintiffs directly related to their representation of the Settlement Class. Settling Plaintiffs' Counsel further intend to apply for Incentive Awards of up to $15,000 apiece for each of the two Settling Plaintiffs, Joseph L. Diebold, Jr. and Paul J. Hundt. Co-Lead Counsel will file their application on __ and the papers will be posted on the website maintained by the Settlement Administrator, www. _____.com. The Court will decide the amount of any award of attorneys' fees or reimbursement of Litigation Expenses or Incentive Awards. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> **WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
> **HOW DO I EXCLUDE MYSELF?**

32. Each Settlement Class Member will be bound by the provisions of the Settlement and by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Diebold, et al. v. Northern Trust Investments, N A. et al., . et al.,* c/o Heffler Claims Group, P.O. Box 58100, Philadelphia, PA 19102-8199.

Please note "EXCLUSIONS" near the address. The Request for Exclusion must be *received* no later than _____, 2015. A Settlement Class Member will not be able to exclude itself from the Settlement Class after that date. Each Request for Exclusion from a Settlement Class Member that received this notice by direct mail addressed to it must (a) state the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) state that such entity "requests exclusion from the Settlement Class in *Diebold, et al. v. Northern Trust Investments, N A. et al.,* Civil Action No. 09-cv-1934"; and (c) be signed by an authorized representative of the entity. If an entity that previously directed Defendants not to provide the Settlement Administrator identifying and investment information as it relates to it, wants to request exclusion from the Settlement Class, the Request for Exclusion must, in addition to complying with the provisions of the preceding sentence, state that the previous direction is rescinded, in which event Defendants, pursuant to Court Order, will promptly provide the information to the Settlement Administrator and Co-Lead Counsel. PLEASE NOTE: It is possible that a Settlement Class Member with multiple Northern Trust accounts may receive more than one copy of this notice. However, regardless of how many copies of the notice a Settlement Class Member receives, it should only submit one Request for Exclusion. Each legal entity that falls within the definition of the Settlement Class is a Settlement Class Member and a Request for Exclusion applies to the legal entity making the request. If a Settlement Class Member has investments in Commingled Lending Funds through multiple Northern Trust accounts its Request for Exclusion will apply to all of that Settlement Class Member's Northern Trust accounts.

33.  Should any entity that did not receive this notice by direct mail or did not receive a Banking Notice, believe that it is a Settlement Class Member and wish to exclude itself from the class, such entity, in addition to (a) stating the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) stating that such entity "requests exclusion from the Settlement Class in *Diebold, et al., v. Northern Trust Investments, N A. . et al,* Civil Action No. 09-cv-1934"; and (c) having the request signed by an authorized representative of the entity, must also include with its request information and documents sufficient to prove that it is a Settlement Class Member. Such request must be submitted to the Settlement Administrator so that it is *received* no later than _____, 2015.

34.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in ifi! 32 or 33 as applicable and is received within the time stated above, or is otherwise accepted by the Court.

35.  Any entity that does not want to be part of the Settlement Class must follow these instructions for exclusion even if it has pending, or later files, another lawsuit, arbitration, or other proceeding relating to any Settlement Class Released Claim against any of the Defendants' Releasees.

36.  Any Settlement Class Member that is excluded from the Settlement Class will not be eligible to receive any payment out of the Net Settlement Fund.

37.  Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received in an amount that exceeds the amount agreed to by Settling Plaintiffs and Defendants.

> WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
> SETTLEMENT? DO I HAVE TO COME TO THE HEARING?
> MAY I SPEAK. AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

38.  **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does**

not attend the hearing. Settlement Class Members can participate in the Settlement without attending the Settlement Hearing.

39.   The Settlement Hearing will be held on _____ , 2015 at __ __ __.m. before the Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 1025, Chicago, IL 60604. The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

40.   Any Settlement Class Member that does not request . exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before _____ , 2015. You must also serve the papers on representative Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _.'2015.

| Clerk's Office | Representative Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court<br>Northern District of Illinois<br>Clerk of the Court<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | Berger & Montague, P.C.<br>Todd S. Collins<br>Ellen T. Noteware<br>1622 Locust Street<br>Philadelphia, PA 19103 | Winston & Strawn LLP<br>Caryn L. Jacobs<br>35 W. Wacker Drive<br>Chicago, Illinois 60601 |

41.   Any objection (a) must state the name, address and telephone number of the entity objecting and must be signed by an authorized representative of the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) if that entity did not receive the Settlement Notice by direct mail, the objection must include documents sufficient to prove the entity's membership in the Settlement Class. You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards if you exclude yourself from the Settlement Class.

42.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

43.   If you wish to be heard orally at the hearing and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on representative Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶40 above so that it is *received* on or before _____ , 2015. Any member of the Settlement Class that intends to object and desires to present evidence at the Settlement Hearing must include in its written objection or notice of appearance the identity of any witnesses it may call to testify and exhibits it intends to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

44.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on representative Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ,40 above so that the notice is *received* on or before _____ '2015.

45.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel or by visiting the website maintained by the Settlement Administrator at www._____.com.

46.   Unless the Court orders otherwise, any Settlement Class Member that does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

---

### CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

47.   This notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of the operative complaint in the Action, the Stipulation, Settling Plaintiffs' papers in support of final approval of the Settlement, Settling Plaintiffs' Counsel's papers in support of their application for an award of attorneys' fees and reimbursement of Litigation Expenses and Incentive Awards, and any related orders entered by the Court will be posted on the website maintained by the Settlement Administrator, www.__.com.

48.      All inquiries concerning this notice should be directed to the Settlement Administrator at the address noted in ,32 above, or to the following Co-Lead Counsel:

| | | |
|---|---|---|
| Todd Collins | Gregory Porter | Joseph C. Peiffer |
| Ellen Noteware | Bailey & Glasser, LLP | Daniel Carr |
| Berger & Montague, P.C. | 910 17th Street, NW | Peiffer Rosca Wolf Abdullah Carr |
| 1622 Locust Street | Suite 800 | & Kane |
| Philadelphia, PA 19103 | Washington, DC 20016 | 201 St. Charles Ave., Suite 4610 |
| (215) 875-3040 | (202) 463-2101 | New Orleans, LA 70170 |
| tcollins@bm.net | gporter@baileyglasser.com | Tel: (504) 586-5270 |
| enoteware@bm.net | | jpeiffer@prwlegal.com |
| | | dcarr@prwlegal.com |

DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.

Dated:_____, 2015                              By Order of the Court

United States District Court
Northern District of Illinois

**Appendix 1**

**Commingled Lending Funds**

**Commingled Lending Fund Name**

**Fund Acct No.**

| | |
|---|---|
| 17-13070 | NTGI-QM Collective Weekly Quant Enhanced EAFE Fund |
| 17-13071 | NTGI-QM Collective Weekly Quant Enhanced EASEA Fund (a/k/a NTGI-QM Collective Weekly Enhanced EAFE ex-Japan Fund) |
| 17-13073 | NTGI-QM Collective Daily EAFE Index Fund |
| 17-13074 | NTGI-QM Collective Daily United Kingdom Index Fund |
| 17-13075 | NTGI-QM Collective Daily Continental Europe Index Fund |
| 17-13076 | NTGI-QM Collective Daily Japan Index Fund |
| 17-13077 | NTGI-QM Collective Daily Southwest Pacific Index Fund |
| 17-22519 | NTGI-QM Collective Daily World Government Bond Index Fund (a/k/a NTGI-QM Collective World Government Bond Index ("WGBI") Fund) |
| 17-23220 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund |
| 17-23221 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund |
| 17-39168 | · NTGI-QM Collective Daily Developed International Small Cap (DISC) Equity Index Fund |
| 17-61364 | NTGI-QM Collective Daily Global Real Estate Index Fund |
| 17-83694 | NTGI-QM Collective Daily EAFE Index Fund – TD |
| 17-83720 | NTGI-QM Collective Daily Global Real Estate Index Fund - TD |
| 17-95334 | NTGI-QM Collective Daily All Country World ex-US Equity Index Fund - Lending - DC - Tier J |
| 17-95336 | NTGI-QM Collective Daily Emerging Markets Equity Index Fund - Lending - DC - Tier **J** |
| 20-00000 | NTGI Collective Weekly SmallCap Growth Equity Fund |

15

20-00564    NTGI-QM Collective Daily S&P 500 Equity Index Fund

20-00568    NTGI-QM Collective Daily Russell 3000 Equity Index Fund

20-00569    NTGI-QM Collective Daily Russell 1000 Equity Index Fund

20-00570    NTGI-QM Collective Daily Russell 1000 Growth Equity Index Fund

20-00571    NTGI-QM Collective Daily Russell 1000 Value Equity Index Fund

20-00572    NTGI-QM Collective Daily Russell 2000 Equity Index Fund (including NTGI-QM Collective Daily Russell 2000 Equity Index Fund - Class C Lending)

20-00573    NTGI-QM Collective Daily Russell 2000 Growth Equity Index Fund

20-00574    NTGI-QM Collective Daily Russell 2000 Value Equity Index Fund

20-00575    NTGI-QM Collective Daily Russell SmallCap Completeness Fund

20-00576    NTGI-QM Collective Daily Quant Index Plus S&P 500 Equity Fund

20-00591    NTGI-QM Collective Daily Aggregate Bond Index Fund (including NTGI-QM Collective Daily Aggregate Bond Index Fund - Lending - DC - Tiers K, M, N, Q)

20-00593    NTGI-QM Collective Daily Government / Credit Bond Index Fund

20-00595    NTGI-QM Collective Daily Treasury Inflation-Protected Securities ("TIPS") Fund

20-00596    NTGI-QM Collective Daily Short Term Government Index Fund

20-01003    NTGI-QM Collective Daily Russell 2000 Index Fund - Lending - DC - Tier J

20-01012    NTGI-QM Collective Daily Aggregate Bond Special Purpose Index Fund

20-01013    NTGI-QM Collective Daily S&P 500 Special Purpose Equity Index Fund

20-01014    NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Special Purpose Index Fund (a/k/a NTGI- QM Collective Daily S&P 500 BARRA Growth Special Purpose)

20-01016    NTGI-QM Collective Daily S&P MidCap 400 Equity Special Purpose Index Fund

20-01027    NTGI-QM Collective Daily Quant Enhanced Russell 1000 Fund

20-01036    NTGI-QM Collective Daily TIPS Fund - TD

16

| | |
|---|---|
| 20-01037 | NTGI-QM Collective Daily Short Term Government Fund -TD |
| 20-01038 | NTGI-QM Collective Daily S&P500 Equity Index Fund -TD |
| 20-01040 | NTGI-QM Collective Daily Russell SmallCap Completeness Fund -TD |
| 20-01041 | NTGI-QM Collective Daily Aggregate Bond Index Fund -TD |
| 20-01062 | NTGI-QM Collective Daily S&P500 Equity Index Fund - Lending - DC -Tier K |
| 20-04635 | NTGI Collective Stable Asset Fund |
| 20-42580 | NTGI-QM Collective Daily Quant Active SmallCap Value Equity Fund (a/k/a NTGI Collective Weekly Quant Active SmallCap Value Equity Fund) |
| 20-42582 | NTGI Collective Weekly MidCap Growth Equity Fund |
| 20-42631 | NT Collective S&P 500 Growth Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Growth Equity Index Fund) |
| 20-45176 | NT Collective S&P 400 Index Fund (a/k/a NTGI-QM Collective Daily S&P MidCap 400 Equity Index Fund) |
| 20-73536 | NT Collective S&P 500 Value Index Fund (a/k/a NTGI-QM Collective Daily S&P 500 / Citigroup Value Equity Index Fund) |
| 26-10823 | NTGI-QM Labor Select Collective Daily Russell 3000 Equity Index Fund |
| 26-18663 | NTGI-QM Collective Daily U.S. MarketCap Equity Special Purpose Index Fund |
| 26-46508 | NTGI-QM Collective Daily Structured SmallCap Equity Fund |
| 26-46509 | NTGI-QM Collective Daily Extended Equity Market Index Fund (a/k/a NTGI-QM Collective Daily SmallCap Equity Index Fund) |
| 26-46516 | NTGI-QM Collective Daily Enhanced Fixed Income Fund |
| 26-46519 | NTGI-QM Collective Daily Mortgage Backed Securities Index Fund (a/k/a NTGI-QM Collective Mortgage-Backed Securities Fund) |
| 26-46529 | NTGI Collective Monthly LargeCap Growth Equity Fund (a/k/a NTGI-QM Collective Monthly Large Cap Growth Equity Fund) |
| 26-46533 | NTGI-QM Collective Daily 1-10 Year Intermediate Credit Bond Index Fund |
| 26-46535 | NTGI-QM Collective Daily Long Term Credit Bond Index Fund (a/k/a NTGI-QM |

Collective Daily Long-Term Credit Bond Index Fund)

26-46540    NTGI-QM Collective Daily 1-10 Year Intermediate Government Bond Index Fund

26-46541    NTGI-QM Collective Daily Long-Term Government Bond Index Fund

26-46543    NTGI-QM Collective Daily Intermediate Government *I* Credit Bond Index Fund

26-46549    NTGI-QM Collective Daily U.S. MarketCap Equity Index Fund

26-69573    NTGI-QM Collective Daily Long Term Government *I* Credit Bond Index Fund

26-70251    NTGI-QM Collective Daily Quant Enhanced S&P 400 Equity Fund

26-80724    NTGI-QM Collective Weekly Quant Index Plus Russell 1000 Labor Select Fund

**Appendix 2**

**PLAN OF ALLOCATION**

**1.** The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to Settlement Class Members in proportion to relative losses. The Plan of Allocation is not intended to provide estimates of, nor be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.

2. The Plan of Allocation is based on certain estimated losses experienced by Settlement Class Members due to their investments on certain "Relevant Date(s)" in the Commingled Lending Funds that had exposure to investments in one of two investment portfolios, referred to as CORE USA and STEP. The Net Settlement Fund will be allocated based on relative estimated losses realized by CORE USA and STEP, the relative losses of the Commingled Lending Funds due to their estimated exposure to CORE USA and/or STEP on Relevant Dates, and the relative investment of each Settlement Class Member in each of the Commingled Lending Funds on the Relevant Dates as compared to the aggregate interest of all Settlement Class Members in the respective Commingled Lending Funds on the Relevant Dates.

3. Co-Lead Counsel working with Settling Plaintiffs' damages expert developed the Plan of Allocation in consideration of, among other things, the losses incurred in CORE USA and STEP, the relative risks associated with establishing damages for Commingled Lending Funds exposed to CORE USA and STEP, as well as the proportion of the Settlement Class Members invested in Commingled Lending Funds exposed to CORE USA and STEP, respectively. Based on that assessment it was determined that the Net Settlement Fund should be allocated 9% to the Commingled Lending Funds exposed to CORE USA (the "CORE USA Loss Percentage") and 91% to the Commingled Lending Funds exposed to STEP (the "STEP Loss Percentage").

4. For purposes of distributing the portion of the Settlement Fund allocated to CORE USA among the Settlement Class Members with exposure to CORE USA,. two Relevant Dates around which significant losses were incurred in CORE USA are used in the Plan of Allocation to determine relative Commingled Lending Fund losses: September 19, 2008 and April 19, 2010. Each Commingled Lending Fund's *pro rata* interest in CORE USA on those two Relevant Dates is used to determine each Commingled Lending Fund's *pro rata* share of the CORE USA Loss Percentage on each Relevant Date. Each Settlement Class Member's *pro rata* interest in each Commingled Lending Fund with an interest in CORE USA on each of those two Relevant Dates reflects that Settlement Class Member's share of the CORE USA Loss Percentage allocated to that Commingled Lending Fund for each Relevant Date.

5. For purposes of distributing the portion of the Settlement Fund allocated to STEP among the Settlement Class Members with exposure to STEP, three Relevant Dates are used in the Plan of Allocation to determine relative Commingled Lending Fund losses: January 5, 2007; September 19, 2008; and August 31, 2010. [11] Each Commingled Lending Fund's *pro rata* interest in STEP on those three Relevant Dates, is used to determine each Commingled Lending Fund's *pro rata* share of the STEP Loss Percentage on each Relevant Date. Each Settlement Class Member's *pro rata* interest in each Commingled Lending Fund with an interest in STEP on each of those three Relevant Dates reflects that Settlement Class Member's share of the STEP Loss Percentage allocated to that Commingled Lending Fund for each Relevant Date.

---

[11] Because STEP was a variable Net Asset Value ("NAV") fund, in which realized and unrealized losses were incorporated in STEP's NAV on a daily basis, these three dates are used to reflect the losses incurred during three periods during the Class Period: January 1, 2007 - August 31, 2008; September 1, 2008 – December 31, 2008; and January 1, 2009 - October 31, 2010.

6. The *pro rata* interest of a Settlement Class Member in a Commingled Lending Fund will be based on the number of units of the applicable Commingled Lending Fund held by the Settlement Class Member on the Relevant Date as set forth in the Investment Data provided to the Settlement Administrator by Defendants in comparison to the total number of Settlement Class Member units in the fund on that Relevant Date as set forth in Tables A and B that appear at the end of this Notice.

7. **CORE** USA -- Each Settlement Class Member's relative allocated share of the losses incurred in CORE USA will be determined based on the following:

(a) The CORE USA Loss Percentage will be divided between two Relevant Dates based on the relative amounts of estimated realized losses incurred in CORE USA on those two dates:

(i) September 19, 2008: 51.4% of the CORE USA Loss Percentage.

(ii) April 19, 2010: 48.6% of the CORE USA Loss Percentage.

(b) The CORE USA Loss Percentage allocated for each of the two Relevant Dates will then be divided among the Commingled Lending Funds in proportion to each Commingled Lending Fund's relative investment in CORE USA on those Relevant Dates and the Settlement Class's investment in each Commingled Lending Fund on those Relevant Dates.

(c) The CORE USA Loss Percentage allocated to each Commingled Lending Fund on each Relevant Date will then be allocated among the Settlement Class Members base.d upon each Settlement Class Member's relative holdings in the Commingled Lending Fund on each Relevant Date. A Settlement Class Member's relative holdings in a Commingled Lending Fund shall be determined by dividing the number of units held by the Settlement Class Member in the fund on each Relevant Date (as set forth in the Investment Data provided by Defendants) by the total number of units in the fund held by Settlement Class Members on each Relevant Date as set forth in Table A. This will be the Settlement Class Member's "Percentage Share" of the CORE USA Loss Percentage allocated to each Commingled Lending Fund for each Relevant Date.

8. **STEP** -- Each Settlement Class Member's relative allocated share of the losses incurred in STEP will be determined based on the following:

(a) The STEP Loss Percentage will be allocated among three Relevant Dates based on the relative amounts of estimated realized losses incurred in STEP in the corresponding loss period:

(i) January 5, 2007 (for losses incurred between January 1, 2007 and August 31, 2008): 33% of the STEP Loss Percentage.

(ii) September 19, 2008 (for losses incurred between September 1, 2008 and December 31, 2008): 43% of the STEP Loss Percentage.

(iii) August 31, 2010 (for losses incurred between January 1, 2009 and October 31, 2010): 24% of the STEP Loss Percentage.

(b) The STEP Loss Percentage allocated to each of the three Relevant Dates will then be divided among the Commingled Lending Funds in proportion to each Commingled Lending Fund's relative investment in STEP on those Relevant Dates and the Settlement Class's investment in each Commingled Lending Fund on those Relevant Dates.

(c) The STEP Loss Percentage allocated to each Commingled Lending Fund on each Relevant Date will then be allocated among the Settlement Class Members based upon each Settlement Class Member's relative holdings in the Commingled Lending Fund on each Relevant Date. A Settlement Class Member's relative holdings in a Commingled Lending Fund shall be determined by dividing the m:rmber of units held by the Settlement_Class Member in the fund on each Relevant Date (as set forth in the Investment Data provided by Defendants) by the total number of units in the fund held by Settlement Class Members on each Relevant Date as set forth in Table B. This will be the Settlement Class Member's "Percentage Share" of the STEP Loss Percentage allocated to each Commingled Lending Fund for each Relevant Date.

## CALCULATION OF DISTRIBUTIONS FROM THE NET SETTLEMENT FUND

9. The Settlement Administrator will calculate each Settlement Class Member's distribution from the Net Settlement Fund based on the calculations set forth in paragraphs 1 - 8 above.

10. Tables A and B, attached at the end of this Notice set forth (i) the CORE USA and STEP Loss Percentages, (ii) the percentage of the CORE USA Loss Percentage allocated to each of the Relevant Dates for CORE USA and the percentage of the STEP Loss Percentage allocated to each of the Relevant Dates for STEP; (iii) the percentage of the amounts referred to in (ii) allocated to each Commingled Lending Fund on each Relevant Date; and (iv) the total number of Settlement Class Member held units in each fund on each Relevant Date.

11. Based on the allocations of the CORE USA Loss Percentage and the STEP Loss Percentage set forth in paragraphs 7 and 8 above, respectively (which are also set forth in Tables A and B), each Settlement Class Member's proportionate share of Net Settlement Fund will be calculated as follows:

(a) For each Commingled Lending Fund on each Relevant Date, the Settlement Administrator will multiply the percentage allocated to the Commingled Lending Fund by the amount in the Net Settlement Fund to determine the portion of the Net Settlement Fund available for distribution to Settlement Class Members who held units in each Commingled Lending Fund on each Relevant Date.

(b) With respect to each Commingled Lending Fund on each Relevant Date, the Settlement Administrator will multiply the amount determined pursuant to subparagraph ll(a) by the Settlement Class Member's Percentage Share (calculated as described in paragraphs 7(c) and 8(c) above) to determine the amount allocable to the Settlement Class Member ("Fund Distribution Amount").

(c) The total of a Settlement Class Member's Fund Distribution Amounts shall be the Settlement Class Member's "Distribution Amount".

12. In the event that any Settlement Class Members do not participate in the Settlement, the funds that would otherwise be allocated to such non-participating Settlement Class Members will be re-allocated among the participating Settlement Class Members by applying each of the levels of allocation discussed in paragraphs 3, 7 and 8 above to such funds.

## ADDITIONAL PROVISIONS

13. After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Settlement Class Members cash their distribution checks. If six (6) months after the initial distribution, the amount remaining in the Net Settlement Fund after paying any unpaid fees and expenses incurred in administering the Settlement, including the costs associated with a re-distribution,

equals or exceed $25,000, the Settlement Administrator shall conduct a re-distribution of the funds remaining to Settlement Class Members who have cashed their initial distributions and who would receive at least $20 in such re-distribution. Additional re-distributions to Settlement Class Members who have cashed their prior checks and who would receive at least $20 in such re-distribution may occur thereafter until the balance remaining in the Net Settlement Fund is under $25,000. At such time as the amount remaining in the Net Settlement Funds is under $25,000, after paying any unpaid fees and expenses incurred in administering the Settlement (including the costs of re-distributions), the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

14. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Settlement Class Members. No person or entity shall have any claim against Settling Plaintiffs, Settling Plaintiffs' Counsel, Settling Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Settlement Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Settling Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation or such other plan of allocation as may be approved by the Court; the determination, administration, calculation, or payment of any distributions from the Settlement Fund or the Net Settlement Fund; the performance or nonperformance of the Settlement Administrator; the payment or withholding of taxes owed by the Settlement Fund; or any losses incurred in connection with any of the foregoing.

15. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Settling Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding the Plan of Allocation, including any order that modifies the Plan of Allocation should the Court enter such an order, will be posted on the Settlement website, www.____.com.

# TABLE A

## CORE USA

| Commingled Lending Fund Account No. | CORE USA LOSS PERCENTAGE - 9 % | | | |
|---|---|---|---|---|
| | 9-19-08 51.4% of CORE USA Loss Percentage | | 4-19-10 48.6% of CORE USA Loss Percentage | |
| | % of 9119l08 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9119l08 | % of 4-19-10 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 4119l10 |
| 17-13070 | 0.57442% | 1,235,365.08 | 0.46623% | 1,570,138.20 |
| 17-13071 | 0.00890% | 20,489.80 | 0.00956% | 22,328.32 |
| 17-13073 | 3.30745% | 9,115,828.60 | 4.33917% | 7,257,247.87 |
| 17-13074 | 0.00335% | 78,318.85 | *NIA* | *NIA* |
| 17-13075 | 0.12328% | 126,204.45 | *NIA* | *NIA* |
| 17-13076 | 0.19674% | 1,670,746.27 | *NIA* | *NIA* |
| 17-13077 | 0.11792% | 107,078.82 | *NIA* | *NIA* |
| 17-22519 | 0.00002% | 148,041.18 | *NIA* | *NIA* |
| 17-23220 | 1.75462% | 111,531,777.10 | 2.15385% | 108,914,517.75 |
| 17-23221 | 0.04451% | 4,178,599.23 | 0.19476% | 6,113,701.42 |
| 17-39168 | 0.04373% | 2,283,320.24 | 0.09714% | 3,344,362.05 |
| 17-61364 | 0:34531% | 13,451,740.25 | 0.38042% | 19,826,618.14 |
| 17-83694 | 0.00527% | 14,718.22 | *NIA* | *NIA* |
| 17-83720 | 0.00633% | 246,907.66 | 0.11125% | 5,776,860.59 |
| 17-95334 | 0.00598% | 471,295.68 | 0.01110% | 696,087.30 |
| 17-95336 | 0.00035% | 47,220.10 | *NIA* | *NIA* |
| 20-00000 | 0.11220% | 1,060,301.62 | *NIA* | *NIA* |
| 20-00568 | 3.10551% | 2,117,700.44 | 2.02907% | 1,717,929.07 |
| . 20-00569 | 3.78669% | 12,537,215.91 | 1.06060% | 4,999,715.94 |
| 20-00570 | 3.30802% | 7,040,603.16 | 1.12885% | 3,737,485.58 |
| 20-00571 | 2.49202% | 2,056,382.89 | 1.54580% | 1,654,717.27 |
| 20-00572 | 9.65747% | 2,217,250.79 | 10.73712% | 2,012,216.08 |

23

| Commingled Lending **Fund** Account No. | CORE USA LOSS PERCENTAGE – 9% | | | |
|---|---|---|---|---|
| | 9-19-08 51.4% of CORE USA Loss Percentage | | 4-19-10 48.6% of CORE USA Loss Percentage | |
| | % of 9/19/08 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on *9/19/08* | % of 4-19-10 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 4/19/10 |
| 20-00573 | 2.98544% | 3,098,532.60 | 3.14913% | 2,377,305.64 |
| 20-00574 | 1.50341% | 680,231.62 | 2.21461% | 882,473.45 |
| 20-00575 | 0.16524% | 65,896.55 | 0.28234% | 65,106.79 |
| 20-00576 | 0.02144% | 1,273,882.62 | 0.01069% | 849,485.33 |
| 20-00591 | 22.57544% | 19,568,544.49 | 23.23586% | 12,584,471.62 |
| 20-00593 | 2.49390% | 1,119,087.08 | 0.74930% | 202,571.60 |
| 20-00595 | 5.42303% | 3,570,304.20 | 0.84254% | 313,068.72 |
| 20-00596 | 0.66286% | 371,117.92 | 1.52811% | 560,912.54 |
| 20-01003 | 5.38897% | 1,266,206.99 | 7.36075% | 1,440,279.21 |
| 20-01027 | 0.03372% | 2,554,844.52 | 0.05319% | 2,524,616.59 |
| 20-01036 | 0.01458% | 9,433.88 | 0.98248% | 365,070.96 |
| 20-01037 | 0.00046% | 254.92 | 0.06513% | 23,905.14 |
| 20-01040 | 0.02459% | 9,809.18 | *N/A* | *N/A* |
| 20-01041 | 0.01948% | 16,590.78 | *N/A* | *N/A* |
| 20-04635 | 1.69327% | 16,925,934.66 | 0.65356% | 16,565,134.70 |
| 20-42580 | 0.11645% | 671,450.86 | 0.17401% | 710,844.71 |
| 20-42582 | 0.00327% | 14,540.00 | *N/A* | *N/A* |
| 20-42631 | 0.23867% | 46,095,437.90 | 0.37076% | 40,766,325.15 |
| 20-45176 | 2.89534% | 64,827,083.05 | 4.78598% | 45,130,984.88 |
| 20-73536 | 0.40882% | 16,835,608.09 | 0.36437% | 11,882,326.31 |
| 26-10823 | 0.88253% | 26,705,346.43 | 0.75727% | 26,309,539.07 |
| 26-46508 | 2.69901% | 4,629,628.95 | 0.61923% | 1,579,489.12 |
| 26-46509 | 10.80468% | 7,857,707.53 | 9.90885% | 7,923,756.27 |
| 26-46519 | 0.16503% | 3,582,533.40 | *N/A* | *N/A* |
| 26-46529 | 0.05981% | 2,038,235.00 | 0.08650% | 2,370,744.15 |

24

| Commingled Lending Fund Account No. | CORE USA LOSS PERCENTAGE - 9 % | | | |
|---|---|---|---|---|
| | 9-19-08 51.4% of CORE USA Loss Percentage | | 4-19-10 48.6% of CORE USA Loss Percentage | |
| | % of 9|19|08 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9/19|08 | % of 4-19-10 CORE USA Loss Percentage Allocated to Fund | Total Units Held by Class Members on 4/19|10 |
| 26-46533 | 0.26651% | 8,392,046.11 | 0.18176% | 3,596,951.56 |
| 26-46535 | 0.46226% | 18,121,260.16 | 0.97722% | 19,239,356.96 |
| 26-46540 | 0.35229% | 1,911,090.61 | NIA | NIA |
| 26-46541 | 1.19294% | 5,104,553.43 | 2.06905% | 5,115,243.40 |
| 26-46543 | . 3.30235% | 27,978,442.42 | 8.47075% | 43,914,594.34 |
| 26-69573 | 3.90958% | 85,219, 137.41 | 5.59788% | 70,632,435.19 |
| 26-70251 | 0.00140% | 41,215.10 | NIA | NIA |
| 26-80724 | 0.23317% | 22,189,838.77 | 0.24376% | 20,587,803.29 |

# TABLE B

## STEP

| Commingled Lending Fund Account No. | STEP LOSS PERCENTAGE 91% | | | | | |
|---|---|---|---|---|---|---|
| | 1-5-07 33% of STEP Loss Percentage | | 9-19-08 43% of STEP Loss Percentage | | 8-31-10 24% of STEP Loss Percentage | |
| | % of 1-5-07 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 1-5-07 | % of 9-19-08 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 9-19-08 | % of 8-31-10 STEP Loss Percentage Allocated to Fund | Total Units Held by Class Members on 8-31-10 |
| 20-00564 | 72.03570% | 6,612,319.8 | 51.89388% | 5,633,307.8 | 53.04230% | 3,660,266.8 |
| 20-00576 | 0.33446% | 1,470,265.8 | 1.29134% | 1,273,882.6 | 0.53640% | 574,378.1 |
| 20-00591 | 21.00952% | 18,619,321.0 | 32.50232% | 19,568,544.5 | 33.35988% | 11,782,914.6 |
| 20-01038 | *NIA* | *NIA* | 0.05265% | 5,716.3 | 0.88192% | 61,192.6 |
| 20-01041 | *NIA* | *NIA* | 0.02804% | 16,590.8 | 0.35659% | 125,807.7 |
| 20-01062 | *NIA* | *NIA* | 0.03206% | 1,353,884.7 | 0.05503% | 1,478,735.1 |
| 20-04635 | *NIA* | *NIA* | 0.96545% | 16,925,934.7 | 0.36751% | 16,680,618.1 |
| 26-46516 | 0.04857% | 453,149.2 | *NIA* | *NIA* | *NIA* | *NIA* |
| 26-46519 | 1.80520% | 4,545,228.2 | 1.88465% | 3,582,533.4 | 1.26027% | 1,216,197.9 |
| 26-46549 | 4.76654% | 43,497,736.4 | 11.34960% | 95,085,691.6 | 10.14009% | 89,647,412.3 |

# STIPULATION

# EXHIBIT A-4

Exhibit A-4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the | ) | CIVIL ACTION NO. 09-CV-1934 |
| EXXONMOBIL SAVINGS PLAN, and | ) | |
| PAUL J. HUNDT, on behalf of the TEXAS | ) | Hon. Charles Norgle |
| INSTRUMENTS 401(K) SAVINGS PLAN, | ) | Hon. Susan E. Cox |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN TRUST INVESTMENTS, | ) | |
| N.A. and THE NORTHERN TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SUMMARY NOTICE OF (I) PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS,
AND PROPOSED SETTLEMENT OF CLASS ACTION,
(II) SETTLEMENT HEARING, AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND
INCENTIVE AWARDS TO SETTLING PLAINTIFFS

TO: All entities that are governed by ERISA and that participated in Northern Trust's securities lending program through Indirect Lending (as defined below) during the period beginning January 1, 2007 through and including October 31, 2010 (the "Settlement Class Period") and who were alleged to have been damaged thereby.

PLEASE READ TIDS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

This is to notify you that the above-captioned class action lawsuit (the "Action") is pending in the United States District Court for the Northern District of Illinois (the "Court"). The Court has preliminarily approved a settlement of the Action and has preliminarily certified a Settlement Class with respect to the claims against the Defendants. The proposed settlement is for $36 million in cash, plus interest thereon, which, after payment of administrative fees, costs, attorneys' fees, and Incentive Awards to Settling Plaintiffs, as approved by the Court, will be distributed to Settlement Class Members according to a Plan of Allocation proposed by Co-Lead Counsel or such other plan of allocation as may be approved by the Court.

"Indirect Lending" as used herein and for purposes of the proposed Settlement means participation in or exposure to Northern Trust's securities lending program through the purchase and/or holding of units or interests in Northern Trust's "Commingled Lending Funds". The

universe of Commingled Lending Funds is listed on Appendix 1 to the full printed Settlement Notice described below and on the Appendix to the Stipulation and Agreement of Settlement of Class Action dated February 17, 2015 (the "Stipulation"). [1]

A hearing will be held on _____ , 2015 at __ _.m before The Honorable Susan E. Cox, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, Courtroom 1025, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and Incentive Awards, which will be filed with the Court on or before , 2015 and available for review by Settlement Class Members, should be approved.

If you are a member of the Settlement Class, you r rights will be affected by the certification of the Settlement Class and the proposed Settlement. Defendants have identified from their records the entities they believe to be members of the Settlement Class and a more detailed notice of the pendency of the class action and proposed settlement (the "Settlement Notice") was mailed directly to each such entity on _____ , 2015. The Settlement Notice sets forth the rights of Settlement Class Members and important deadlines and is available on the website maintained by the Settlement Administrator, www._____.com, and on the websites of plaintiffs' counsel, www.bergermontague.com, www.baileyglasser.com, www.prwlegal.com. PLEASE READ IT CAREFULLY AND IN ITS ENTIRETY.

Entities which received the Settlement Notice by direct mail do not need to do anything to be eligible to receive a distribution from the Settlement proceeds if the Settlement is approved by the Court. Defendants have provided the Settlement Administrator with each Identified Settlement Class Member's relevant investment information for the purpose of calculating their *pro rata* share of the Net Settlement Fund under the plan of allocation that is approved by the Court. If an Identified Settlement Class Member directed Defendants not to provide this information to the Settlement Administrator and Settling Plaintiffs' Counsel, such entity has forfeited all right to any distribution from the Settlement proceeds.

If you did not receive a copy of the Settlement Notice by direct mail and you believe that you are a member of the Settlement Class, you have the right to challenge your omission from the class ("Status Challenge"). You are referred to the list of Commingled Lending Funds that appears on Appendix 1 to the Settlement Notice. To be a Settlement Class Member, you must have held units or interests in one or more of those funds during the Settlement Class Period. In order to be eligible to establish your status as a Settlement Class Member, you must submit your challenge to the Settlement Administrator in writing postmarked no later than _____ , 2015 at the following address: [INSERT NAME AND ADDRESS OF SETTLEMENT ADMINISTRATOR]. The challenge must set forth a detailed statement of the basis for your belief that you are a Settlement Class Member and must include documentation in support of your position. Status Challenges will be reviewed and the challenger will be advised of the conclusion reached. If the conclusion is disputed, the challenger will have the right to request a Court review of the determination.

---

[1] This notice is only a summary; the Stipulation controls the terms of the Settlement.

As described more fully in the Settlement Notice, Settlement Class Members have the right to request exclusion from the class, but any such request must comply with the instructions set forth in the Settlement Notice and must be *received* no later than              , 2015. Any Settlement Class Member properly requesting to be excluded from the class will not be bound by any judgment or orders entered by the Court and will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses and Incentive Awards, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are *received* no later than              , 2015, in accordance with the instructions set forth in the Settlement Notice which has been posted on the website noted above.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries may be made to Co-Lead Counsel:

| | |
|---|---|
| Todd S. Collins<br>Ellen T. Noteware<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>(215) 875-3000<br>tcollins@bm.net<br>enoteware@bm.net | Gregory Porter<br>Bailey & Glasser, LLP<br>910 17th Street, NW<br>Suite 800<br>Washington, DC 20006<br>Tel: (202) 463-2101<br>gporter@baileyglasser.com<br><br>Joseph C. Peiffer<br>Daniel Carr<br>Peiffer Rosca Wolf Abdullah Carr & Kane<br>201 St. Charles Ave., Suite 4610<br>New Orleans, LA 70170<br>Tel: (504) 586-5270<br>jpeiffer@prwlegal.com<br>dcarr(a}prwlegal.com |

By Order of the Court

STIPULATION

EXHIBIT B

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR. on behalf of the ) <br> EXXONMOBIL SAVINGS PLAN, and ) <br> PAUL **J.** HUNDT, on behalf of the TEXAS ) <br> INSTRUMENTS 401(K) SAVINGS PLAN, ) <br> and all others similarly situated, ) <br> ) <br>                     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NORTHERN TRUST INVESTMENTS, ) <br> N.A. and THE NORTHERN TRUST ) <br> COMPANY, ) <br> ) <br>                 Defendants. ) <br> ) | CIVIL ACTION NO. 09-CV-1934 <br><br> Hon. Charles Norgle <br> Hon. Susan E. Cox |

## JUDGMENT ON STIPULATION AND AGREEMENT OF SETTLEMENT OF CLASS ACTION

WHEREAS, (a) plaintiffs Joseph L. Diebold, Jr. ("Diebold"), on behalf of himself and the

ExxonMobil Savings Plan, and Paul **J.** Hundt ("Hundt"), on behalf of himself and the Texas

Instruments 401(k) Savings Plan (collectively, the "Settling Plaintiffs"), each of the foregoing on

behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A.

(currently, Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust

Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or

"Defendants") have entered into a Stipulation and Agreement of Settlement of Class Action dated

February 17, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of all

claims asserted in the above-referenced litigation (the "Action") against Defendants by Settling

Plaintiffs and the other Settlement Class Members on the terms and conditions set forth in the

Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ , 2015 (the "Preliminary Approval Order"), this Court (a) preliminarily certified the Settlement Class for settlement purposes; (b) preliminarily approved the proposed Settlement of part of this Action; (c) provided, in compliance with the Illinois Banking Act, for certain notice of disclosure of certain financial information about Settlement Class Members to be provided to such Settlement Class Members pursuant to the Illinois Banking Act, and ordered disclosure of such information to the Settlement Administrator and, as appropriate, Settling Plaintiffs' Counsel, after such notice was given; (d) established a plan for notice of the Settlement and providing Settlement Class Members with an opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) appointed a Settlement Administrator;

WHEREAS, by Order dated_____., 2015, this Court scheduled a hearing regarding final approval of the Settlement and Co-Lead Counsel's motion for fees and Litigation Expenses and Incentive Awards;

WHEREAS, due and adequate notice has been given to the Settlement Class as directed by the Preliminary Approval Order;

[WHEREAS, the Court has reviewed and considered all timely objections to the Settlement and other matters timely brought to the Court's attention by Settlement Class Members;]

WHEREAS, the Court conducted a hearing on                    ____                , 2015 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and should therefore be approved; and (ii) whether a judgment should be entered dismissing with prejudice, as described more fully herein, all claims asserted in the Action against Defendants by the Settling Plaintiffs and other Settlement Class Members; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement [including all objections thereto], the reports of the Independent Fiduciary, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents:** This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February __, 2015 and attached hereto as Exhibit A; and (b) the Banking Notice, the Cover Letter, the Settlement Notice and the Summary Notice, each of which were filed with the Court on                    ____

3.    **Class Certification for Settlement Purposes:** The Court hereby affirms and finalizes its determinations in the Preliminary Approval Order certifying, solely for purposes of the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure with respect to the Settlement Class consisting of all entities that are governed by ERISA and that participated in Indirect Lending during the Settlement Class Period *(i.e.,* the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been

3

damaged as a result of the alleged ERISA violations in this Action, including the collateral investments from their participation in Indirect Lending at issue in the Action and from fees charged to the Commingled Lending Funds at issue in this Action. Excluded from the Settlement Class are (i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; and (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person. For the sake of clarity, any Northern Trust plan that may have engaged in Indirect Lending is not excluded from the Settlement Class, but individuals and entities identified in (ii) herein shall not receive any individual distributions from the Net Settlement Fund. [Also excluded from the Settlement Class are the entities listed on Exhibit B hereto that are excluded from the Settlement Class pursuant to request.]

4. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Named Plaintiffs as class representatives for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class. Named Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice:** The Court finds that the dissemination of the Banking Notice, Cover Letter and Settlement Notice, the publication of the Summary Notice, and the disclosure of information pursuant to the Banking Notice: (i) were implemented in accordance with the Preliminary Approval

4

Order (and, as to the Banking Notice, in accordance with the Illinois Banking Act); (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases provided for therein), of the proposed Plan of Allocation, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses and for payment of Incentive Awards to the Settling Plaintiffs, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

6. *[In the event any objections are filed.]* **[Objections:** The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Settlement Class Released Claims as against the Defendants' Releasees and the Defendants' Released Claims as against the Settling Plaintiffs' Releasees; and the dismissal with prejudice of the claims asserted in

5

the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Settling Plaintiffs and the Settlement Class. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      Subject to paragraph 17 herein, as of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), any and all of the claims asserted in the Action against Defendants by Settling Plaintiffs and Settlement Class Members are hereby dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect:** Subject to paragraph 17 herein, the terms of the Stipulation and of this Judgment (including the releases set forth in paragraph 10 herein) shall be forever binding on Defendants, Settling Plaintiffs and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member seeks or obtains a distribution from the Net Settlement Fund, exercises its right to Challenges, or objects to disclosure of its Investment Data to the Settlement Administrator and Settlement Class Counsel), as well as their respective heirs, executors, administrators, predecessors, successors, assigns, and members of their Immediate Families.

10.      **Releases:** The releases set forth in Paragraphs 4 and 5 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph **1** of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)      Settling Plaintiffs and the Settlement Class Members, on their own behalf; and on behalf of all persons or entities (including pension, retirement, savings, and 401(k) plans, systems, and funds) on whose behalf each of the foregoing has standing to assert, individually or collectively, in full or in part, any Settlement Class Released Claims; and on behalf of each of all of

6

the foregoing's respective past, present, or future settlors, sponsors, parents, subsidiaries, affiliates, divisions, partners, shareholders, fiduciaries, beneficiaries and members; and on behalf of each of all of the foregoing's past, present, or future participants, employees, principals, managers, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Settlement Class Released Claim on behalf any Settling Plaintiff or Settlement Class Member, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Settlement Class Released Claims as against each and all of the Defendants' Releasees; and (b) to be forever enjoined from asserting or prosecuting any Settlement Class Released Claims as against each and all of the Defendants' Releasees. This Release shall not apply to any Non-Settled Claim; and

(b)     Defendants, on their own behalf; and on behalf of all persons or entities on whose behalf any of the Defendants has standing to assert, individually or collectively, in full or in part, any Defendants' Released Claims; and on behalf of each of all of the foregoing's respective past, present, or future fiduciaries, beneficiaries, members, participants, affiliates, officers, directors, boards of trustees and trustees, boards and board members, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, agents, and assigns, in their capacities as such; and on behalf of any other person or entity with standing to assert, in full or in part, any Defendants' Released Claim on behalf of any Defendant, in their capacities as such, shall be deemed by operation of law (a) to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice any and all Defendants' Released Claims as against each and all of the Settling Plaintiffs and the Settling Plaintiffs' Releasees; and (b) to be forever

7

enjoined from asserting or prosecuting any Defendants' Released Claims as against each and all of the Settling Plaintiffs and the other Settling Plaintiffs' Releasees. This Release shall not apply to Defendants' Reserved Claims [or to any entities listed on Exhibit B hereto that are excluded from the Settlement Class pursuant to request].

11.     No person or entity shall have any claim or cause of action, however denominated, whatsoever against the Defendants' Releasees, or their counsel,  arising from or related to any distributions made, or not made, from the Settlement Fund, and any such claims or causes of action, however denominated, are fully and finally released and discharged.

12.     **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action.

13.     No **Admissions:** Neither this Judgment; nor the Preliminary Approval Order; nor the Settlement; nor the Stipulation including the exhibits thereto and the Plan of Allocation appended to the Settlement Notice (or any other plan of allocation that may be approved by the Court); nor the Supplemental Agreement; nor the selection, actions, or findings of the Independent Fiduciary; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments);  nor any negotiations, discussions, drafts, exchange of information or

documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, ERISA violation, breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, ERISA violation, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of

9

damages that would have been recoverable in this Action or any litigation; or in any way referred to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered by the Settlement Class after trial with respect to their claims;

provided, however, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14.    **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses and/or for Incentive Awards to the Settling Plaintiffs by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; (f) the Settlement Class Members for all matters relating to the Settlement, including resolution of Challenges; and (g) the Settlement for all other purposes.

15.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

10

Expenses and for Incentive Awards to the Settling Plaintiffs. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of Settlement Agreement:** Without further approval from the Court, Settling Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Settling Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

18. **Entry of Final Judgment:** There is no just reason to delay entry of this Judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed. R. Civ. P. 54(b) as against Defendants.

        SO ORDERED this       day of            , 2015.

                         _____
                         The Honorable Susan E. Cox
                         United States Magistrate Judge

Exhibit A

[Stipulation]

Exhibit B

[List of Entities Excluded Pursuant to Req uest]